**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL FLOOD, JR. and ALECIA     :    Civil Action No.:  2:18-cv-1310
FLOOD, individually and as Parents and    :
Natural Guardians of T.F., a minor,       :    JURY TRIAL DEMANDED
                                    :
      Plaintiffs,                 :
                                    :
      vs.                     :
                                    :
GEORGE VILLEGAS, JR. and  PAM       :
VILLEGAS, individually and as Parents    :
and Natural Guardians of MEGAN       :
VILLEGAS; DAVID and CHRISTY       :
SHERK, individually and as Parents and   :
Natural Guardians of K.S., a minor; DAVID   :
and CHRISTINE SEAMAN, individually    :
and as Parents and Natural Guardians of   :
C.S., a minor; CRIS and KIMBERLY      :
SALANCY, individually and as Parents    :
and Natural Guardians of E.S., a minor;   :
DAVID and LYNN REINA, individually and   :
as Parents and Natural Guardians of H.R.,   :
a minor; SENECA VALLEY SCHOOL     :
DISTRICT; BUTLER COUNTY DISTRICT    :
ATTORNEY'S OFFICE; and BUTLER      :
COUNTY, PENNSYLVANIA,         :
                                    :
      Defendants.              :
                                    :
                                    :
                                    :

## COMPLAINT

AND NOW, come the Plaintiffs, Michael Flood, Jr. and Alecia Flood, individually and as Parents and Natural Guardians of T.F., a minor, by and through their attorneys, Craig L. Fishman, Esquire and Shenderovich, Shenderovich & Fishman, P.C. and file the following Complaint:

## I.   INTRODUCTION

1.      "Mean girls" Megan Villegas, K.S., C.S., E.S., and H.R. conspired in person and via electronic communication devices to falsely accuse T.F. of sexual assault on two occasions.  T.F. was forced to endure multiple court appearances, detention in a juvenile facility, detention at home, loss of his liberty, and other damages until several of the girls reluctantly admitted that their accusations were false.  Even though the girls admitted their misconduct, T.F. was further harmed by the Seneca Valley School District and the Butler County District Attorney's Office which are biased in favor of females who accuse males of sexual assault, and biased against males falsely accused of sexual assault, and who are the subject of harassment and bullying at school.  Although T.F. lost his liberty and his civil rights were infringed upon, his tormentors suffered no repercussions as a result of the lies they told.

## II.   PARTIES

2.      The Plaintiffs, Michael Flood, Jr. and Alecia Flood, are adult individuals, who are the parents and natural guardians of their son, T.F., who currently is a minor. They reside at 437 East Beaver Street, Zelienople, Butler County, Pennsylvania 16063.

3.      The Defendants, George Villegas, Jr. and Pam Villegas, are adult individuals, who are the parents and natural guardians of their daughter, Megan Villegas, who upon information and belief is an adult.  They reside at 220 S. Jefferson Street, Zelienople, Butler County, Pennsylvania 16063.

4.      The Defendants, David Sherk and Christy Sherk, are adult individuals, who are the parents and natural guardians of their daughter, K.S., who currently is a minor.  They reside at 419 Isabella Court, Zelienople, Butler County, Pennsylvania 16063.

5.      The Defendants, David Seaman and Christine Seaman, are adult individuals, who are the parents and natural guardians of their daughter, C.S., who currently is a minor.  They reside at 231 Bluff Street, Zelienople, Butler County, Pennsylvania 16063.

6.      The Defendants, Cris Salancy and Kimberly Salancy, are adult individuals, who are the parents and natural guardians of their daughter, E.S., who currently is a minor.  They reside at 205 Old Hickory Road, Zelienople, Butler County, Pennsylvania 16063.

7.      The Defendants, Lynn Reina and David Reina, are adult individuals, who are the parents and natural guardians of their daughter, H.R., who currently is a minor. Lynn Reina resides with her daughter, H.R. at 103 Green Gable Manor, Zelienople,

Butler County, Pennsylvania 16063.  David Reina resides at 5A River Road, Pittsburgh, Allegheny County, Pennsylvania 15238.

8.      At all times pertinent to this matter, Erin Mazer was employed by the Seneca Valley School District as an Assistant Principal.

9.      At all times pertinent to this matter, Guidance Counselors were employed by the Seneca Valley School District.

10.      The Defendant, Seneca Valley School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania located at 124 Seneca School Road, Harmony, Butler County, Pennsylvania 16037.  Seneca Valley School District provides public education to students that reside within the school district.

11.      The Defendant, Butler County District Attorney's Office is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania located at 124 West Diamond Street, Butler, Butler County, Pennsylvania 16001. The Butler County District Attorney's Office is a department of Butler County, Pennsylvania.

12.      Butler County, Pennsylvania, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania located at 124 West Diamond Street, Butler, Butler County, Pennsylvania 16001.

### III.   JURISDICTION AND VENUE

13.     Plaintiffs bring these claims under 42 U.S.C. §1983, Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.* and state law.

14.     The Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 and §1343. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

15.     Venue is appropriate in this Court under 28 U.S.C. §1391 because a substantial part of the events giving rise to this Complaint occurred in Butler County, Pennsylvania**.**

### IV.   FACTUAL ALLEGATIONS

16.     At all times pertinent to this matter, Michael Flood, Jr. was employed as a teacher with the Seneca Valley School District, and T.F., K.S., C.S., E.S. and H.R. were students at Seneca Valley Intermediate High School.

17.     During the summer of 2017, T.F. was employed as a lifeguard at the Zelienople Community Pool in Butler County, Pennsylvania.  Megan Villegas and K.S. also worked at the pool.  In June 2017, Megan Villegas, a supervisor, advised others that she was going to get T.F. fired from his job at the pool.  After conspiring with Megan Villegas, K.S. falsely accused T.F. of committing a sexual assault at the pool on or about July 19, 2017.  Megan Villegas was not at the pool at the time of the alleged assault, having departed the premises to run a personal errand without clocking out. Nevertheless, Megan Villegas advised Brandon Coneby, President of Aquatic Watch, Inc., which supplied lifeguards for the pool, that she had been present at the time of the assault, and that K.S. told her about the assault the next day after it had occurred.

Upon information and belief, Megan Villegas conspired with K.S., and assisted K.S. in preparing her statement, in an effort to cause T.F. to be terminated from his job at the pool.  T.F. was fired from his job at the pool on or about July 26, 2017.  K.S. advised Megan Villegas and other pool employees of her (false) allegations regarding T.F., but she did not inform her parents.

18.     On or about October 2, 2017, students at Seneca Valley Intermediate High School advised T.F. that K.S. informed others that she would do anything to get T.F. expelled from school.  On that date, Alecia Flood spoke with Erin Mazer, Assistant Principal at Seneca Valley Intermediate High School, where T.F. and K.S. were enrolled, and advised her of K.S.'s threat that she would do anything to get T.F. expelled.

19.     On or about October 3, 2017, after she was overheard by a teacher telling other students that she had been sexually assaulted (she still had not related her false accusations to her parents), K.S. was called to the office of a Seneca Valley Intermediate High School Guidance Counselor, where K.S. falsely accused T.F. of sexual assault.  The Guidance Counselor reported T.F. to Childline, a program operated by the Commonwealth of Pennsylvania for reporting of child abuse and neglect.  Sue Counts, a Forensic Interviewer employed by the Butler County Alliance for Children conducted an interview of K.S. on October 4, 2017, and K.S. continued to falsely accuse T.F. of sexual assault. Her version of events changed just prior to the end of the interview. At 20:57 of the interview, she proclaimed: "I just don't like to hear him [T.F.] talk. I don't like to look at him. I just don't like him." Due to gender-based discrimination against males falsely accused of sexual assault, Ms. Counts did not ask K.S. whether

this animosity predated the alleged sexual assault, and Ms. Counts did not follow-up on inconsist statements in K.S.'s recorded interview. Villegas and K.S. repeated their lies about T.F. to other students and anyone else who would listen to them.

20.     On October 8, 2017, T.F. was charged with the offenses of indecent assault and two (2) counts of harassment **(Exhibit 1)**.  A Petition Alleging Delinquency was filed on November 1, 2018 **(Exhibit 2)**.  Michael and Alecia Flood retained and paid for legal counsel on behalf of T.F. to defend against the false allegations of K.S.  The Butler County District Attorney's Office offered a plea deal of a consent decree in which T.F. did not admit the (false) sexual assault allegations of K.S. but would be under the jurisdiction of the Butler County Juvenile Probation Department for 6 months and would be required to stay out of trouble for 6 months, failing which the consent decree would be withdrawn and the underlying criminal charges reinstated.  The Floods accepted the consent decree **(Exhibit 3)**.

21.     T.F.'s activities were severely curtailed during the six-month period following entry of the consent decree.  He was harassed at school by other students, including male student M.B., who put a piece of masking tape proclaiming "PREDATOR" on the back of T.F.'s shirt during chorus class, a large gathering of people, for all to see.  T.F. continues to be harassed by other students, even though he did nothing wrong.

22.     On March 23, 2018, T.F. received a Snapchat message sent from C.S.'s mobile telephone inviting T.F. to "hang out" with her and her friends.  T.F. was advised that C.S.'s parents, David and Christine Seaman, were at home.  T.F. arrived at the Seaman residence, knocked and was let by in by H.R. through the front door, removed

his shoes at the door, and entered the home where C.S., E.S. and H.R. were consuming alcoholic beverages.  C.S. was drunk; her parents were not present.  The female students discussed purchasing marijuana. T.F. did not partake of any alcohol that was offered, visited briefly and departed the residence.  Eggs were thrown at the Flood house on March 23, 2018 by individuals later determined to be C.S., E.S. and H.R., and the school environment for T.F. became unbearable.

23.     K.S. and C.S. attended class together at Seneca Valley Intermediate High School.  On March 26, 2018, other students overheard K.S. preparing C.S. for a false statement C.S. would be providing to a Guidance Counselor regarding T.F.  K.S. walked C.S. to the office of the Guidance Counselor.  C.S. (falsely) reported to a Guidance Counselor that T.F. had entered her home uninvited and that he had sexually assaulted her. Childline was contacted.  C.S., E.S. and H.R. were interviewed by the Butler County Alliance for Children.  H.R. provided conflicting accounts of the events of the evening. The Zelienople police conducted absolutely no investigation into the allegations of C.S., E.S. and H.R., and neither the police nor the District Attorney's Office seized the mobile phones of C.S., E.S. or H.R. to determine if they contained any information pertinent to their allegations.  C.S., E.S., and H.R. repeated their lies about T.F. to other students and anyone else who would listen to them. T.F. was harassed in the days following March 23, 2018 by students asking if he and C.S. had "done something."

24.     On April 9, 2018 T.F. was charged with the offenses of indecent assault forcible compulsion; criminal trespass; and simple assault **(Exhibit 4)**. On April 10,

2018, a Petition Alleging Delinquency was filed against T.F. alleging indecent assault forcible compulsion; felony criminal trespass; and simple assault **(Exhibit 5)**.

25.     On April 10, 2018, T.F. was removed from class at Seneca Valley High School and placed in leg and wrist shackles by the Jackson Township Police with the assistance of Juvenile Probation Officer Michael Trego.  He was transported to Keystone Education Center (a juvenile detention facility).  A hearing was held on April 11, 2018 **(Exhibit 6)** at which time Juvenile Probation Officer Michael Trego argued that T.F. was a threat to the community in an attempt to prolong T.F.'s deprivation of liberty due to gender-based discrimination. T.F. denied the allegations of the Petition and was incarcerated at Keystone Education Center for 9 days and 8 nights.  He had minimal contact with his parents, who retained and paid for legal counsel on behalf of T.F. to defend against the false allegations.  He was released on house arrest on April 18, 2018, with an ankle monitor **(Exhibit 7)**, and specific instructions from Michael Trego that he could not tell people about the ankle device, and he could not wear shorts or other clothing that revealed the ankle device, even though it was during some of the hottest days of summer.  He was not permitted to have any visitors, phone, or internet access, and could not leave the house except for therapy, which he requires to deal with the psychological trauma he suffered, and to attend church.  After 28 days, he was allowed outside the house only to mow his lawn, which he had to do in long pants regardless of the temperature.  He was unable to play during most of the high school baseball season and was told by the Athletic Director that she was not sure he could play baseball because every time he was wearing a Seneca Valley jersey, he was representing the school.  T.F. was unable to play baseball or work at his summer jobs

for part of the summer.  Because of the lies of C.S., E.S. and H.R., and due to bias against males accused of sexual assault, Michael Trego treated T.F. more harshly than the situation warranted, denying him liberties to which other juveniles in a similar situation would be entitled. T.F. received homebound instruction through the end of the school year and was deprived of his liberty for a total of 50 days. Trego gossiped about T.F. to teachers at the school where Michael Flood, Jr. worked, who had no valid interest in the information provided, in violation of the Family Educational Rights and Privacy Act of 1974, demonstrating gender-based discrimination T.F. and individuals in his position.

26.     Within 24 hours after T.F. had been arrested, his parents started digging into the facts.  They found a male student who had also been invited to the Seaman residence on the evening of March 23, and uncovered Snapchat messages from H.R. and E.S. indicating that they and C.S. had lied.  Within a week, Mr. and Mrs. Flood had obtained several written statements to support the fact that the girls lured T.F. to the Seaman residence and fabricated lies about him.  The Zelienople Police incompetently failed to obtain the aforedescribed exculpatory evidence, which the Floods easily obtained.

27.     Seneca Valley Intermediate High School female student A.K. visited E.S.'s house on May 30, 2018.  During that visit, C.S., E.S. and H.R. conspired about the (false) order of events that would be presented to investigating authorities, and they agreed to exclude the fact that they had consumed alcohol.  The "mean girls" disclosed that H.R. used C.S.'s phone to invite T.F. to the Seaman residence; he did not enter the residence uninvited **(Exhibit 8)**.

28.     On April 15, 2018, Seneca Valley Intermediate High School female student M.M. provided a statement that C.S. lied to authorities about T.F.'s conduct and was passed out drunk on March 23, 2018 **(Exhibit 9)**.

29.     Seneca Valley Intermediate High School male student C.H. spoke with E.S. on April 21, 2018.  E.S. advised him that C.S. lied about "everything" regarding T.F. A video recording of the conversation was preserved, with the permission of E.S.  The statement of C.H. is attached as **Exhibit 10**.

30.     H.R. provided a 4-page statement **(Exhibit 11)** that T.F. was invited to the Seaman residence, did not consume alcohol, C.S. was intoxicated, and T.F. did not sexually assault anyone.

31.     On or about May 21, 2018, Butler County Assistant District Attorney Russ Karl was provided some of the information gathered by Mr. and Mrs. Flood.  On May 25, he interviewed E.S. and H.R. who admitted to lying, and they stated that T.F. never committed a sexual assault.  T.F.'s ankle monitor was removed on or about May 29, 2018.  On May 31, 2018, Assistant District Attorney Carl interviewed C.S. who admitted that she also lied, and that she does not remember what happened at her house, because she was drunk.

32.     On August 30, 2018, **3 months after exculpatory evidence conclusively proving T.F.'s innocence was provided to the Butler County District Attorney's Office**, an Order of Court was entered dismissing all charges against T.F. arising from the false allegations related to his visit at the Seaman residence **(Exhibit 12)**. The case arising from the false allegations of K.S. was also closed by Order of Court on August 30, 2018 **(Exhibit 13)**. T.F. was not released from Court supervision

due to the false K.S. allegations until an Order of Court was entered on September 10, 2018 **(Exhibit 14)**.  The Butler County District Attorney's Office promised to file a Petition to Expunge the record of T.F. in September 2018, but has not yet done so, providing further evidence of gender-based discrimination.

33.     The Butler County District Attorney's Office has refused to file criminal charges against K.S., Megan Villegas, C.S., E.S. and H.R. due to gender-based discrimination against males falsely accused of sexual assault.

34.     Seneca Valley School District and Assistant Principal, Erin Mazer have refused to mark the academic records of K.S., C.S., E.S. and H.R. to reflect that they lied to support unwarranted criminal charges against T.F., claiming that their misconduct did not occur at school, even though the girls lied to a Guidance Counselor at school, triggering two separate cases charging T.F. with sexual assault, and even though the "mean girls'" lies to date have resulted in harassment and bullying of T.F. at school and at school sponsored  events, and even though the school district permitted, supported and aided the Jackson Township police in handcuffing and shackling T.F. during the school day and parading him out of the school into a police car. Seneca Valley School District failed to discipline the girls or mark their academic records due to gender-based discrimination against males falsely accused of sexual assault.

35.     The "mean girls" will suffer no academic or personal consequences for their misconduct which critically damaged T.F. physically and psychologically and will impact his young life indefinitely.

36.     As a direct and proximate result of the conduct of the Defendants as described in this Complaint, T.F. suffered the loss of his liberty; harassment in and out

of school; when applying for colleges, he must explain his absence from Seneca Valley Intermediate High School, his incarceration at a juvenile detention facility, and that he opted to be schooled at home to avoid harassment and bullying at school, and to mitigate the impending anxiety of being taken from the school again simply based upon a false accusation; psychological harm requiring medical treatment; harm to his reputation; and other damages and injuries which may become apparent during the pendency of this matter.

37.    As a further direct and proximate result of the conduct of the Defendants as described in this Complaint, Michael and Alecia Flood were forced to endure observing the psychological harm and damages inflicted upon their son; they incurred attorney fees and investigation fees associated with the defense of the false allegations against T.F.; and they endured the embarrassment and humiliation caused by gossip about their son, premised upon the aforedescribed false allegations.

38.    As a further proximate result of the conduct of the Defendants as described in this Complaint, T.F. has been forced to undergo medical and psychological treatment with the pain and suffering attendant to such treatment and may require further treatment in the future.

39.    As a further proximate result of the conduct of the Defendants as described in this Complaint, Michael and Alecia Flood have been forced to spend considerable sums of money for medical treatment for T.F., and they or T.F. may be required to expend considerable sums in the future.

40.    As a further direct and proximate result of the conduct of the Defendants as described in this Complaint, Michael, Alecia and T.F. have endured and will in the

future experience great pain, suffering, humiliation, embarrassment, inconvenience and mental anguish.

41.     As a further proximate result of the conduct of the Defendants as described in this Complaint, T.F. was unable to enjoy the ordinary pleasures of life.

42.     As a further direct and proximate result of the conduct of the Defendants as described in this Complaint, T.F. was unable to attend to his usual daily duties during the period of his incarceration and confinement.

43.     The conduct of the Defendants was willful and wanton, in reckless disregard to the rights of the Plaintiffs, such that an award of punitive damages is warranted.


## COUNT I – NEGLIGENCE
## PLAINTIFFS V. MEGAN VILLEGAS, K.S., C.S., E.S. AND H.R.

44.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

45.     The damages and injuries suffered by the Plaintiffs which have been incorporated by reference were directly and proximately caused by the negligence of the Defendants in negligently failing to tell the truth, that T.F. never sexually assaulted anyone.

46.     The Defendants owed Plaintiffs a duty to tell the truth and not lie about the conduct of T.F.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT II – NEGLIGENCE
### PLAINTIFFS V. GEORGE VILLEGAS, JR. AND PAM VILLEGAS,
### DAVID AND CHRISTY SHERK,
### DAVID AND CHRISTINE SEAMAN,
### CRIS AND KIMBERLY SALANCY,
### AND DAVID AND LYNN REINA

47.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

48.     The Defendant parents negligently failed to supervise their children; negligently failed to teach them to refrain from falsely accusing another person of sexual assault; negligently failed to teach them the difference between right and wrong; negligently failed to teach them the "Golden Rule"; and David and Christine Seaman negligently failed to supervise the minors at their residence who consumed alcohol, became drunk, and then lied about the conduct of T.F.  The parents also are vicariously liable for the negligence of their children.

49.     Furthermore, the Defendants Mr. and Mrs. Seaman negligently failed to store and secure the alcohol located inside their house, permitting the minors to gain access to the alcohol, and subsequently lie about T.F.'s behavior to cover up their misconduct.

50.     As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

### COUNT III – CIVIL CONSPIRACY
### PLAINTIFFS V. MEGAN VILLEGAS, K.S., C.S., E.S. AND H.R.

51.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

52.     Megan Villegas and K.S. conspired to falsely accuse T.F. of sexual assault, for the purpose of getting him fired, and their conduct ultimately resulted in charges being filed against him.  Their conduct was motivated by malice directed toward T.F.

53.     K.S. conspired with C.S., E.S. and H.R. to accuse T.F. of sexual assault, for the purpose of bullying and harassing him, and causing him to be expelled from school, as well as endure legal proceedings.  Their conduct was motivated by malice toward T.F.

54.     As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT IV – DEFAMATION
## PLAINTIFFS V. MEGAN VILLEGAS, K.S.,
## C.S., E.S. AND H.R.

55.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

56.     K.S., C.S., E.S. and H.R. falsely accused T.F. of sexual assault to school and court personnel, as well as prosecutors and other individuals.  The statements harmed the reputation of T.F. and were made negligently or with actual malice.  The statements were published without any privilege whatsoever.

57.     Plaintiffs are entitled to recover damages pursuant to 42 Pa. C.S. §8343.

58.     Plaintiffs are private figures under Pennsylvania law.

59.     T.F. suffered actual damage to his reputation and loss of liberty due to Defendants' false, defamatory communications.

60.     In addition to the aforedescribed statutory remedy, Plaintiffs are entitled to recover for slander *per se* pursuant to Pennsylvania common law.

61.     As a direct and proximate result of the defamatory statements published by the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT V – MALICIOUS PROSECUTION
## PLAINTIFFS V. MEGAN VILLEGAS, K.S.,
## C.S., E.S. AND H.R.

62.    The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

63.    K.S., C.S., E.S. and H.R. knowingly provided false statements to school and court officials and to prosecutors to initiate criminal prosecution of T.F.  They maliciously prosecuted proceedings against T.F. when they knew that he did not commit sexual assault, or the other crimes alleged against him.  The claims were brought without any cause whatsoever, let alone probable cause, and the actions were terminated and dismissed in favor of T.F.

64.    As a direct and proximate result of the malicious prosecution initiated by the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT VI – INVASION OF PRIVACY
## PLAINTIFFS V. MEGAN VILLEGAS, K.S.,
## C.S., E.S. AND H.R.

65.    The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

66.    The conduct of the Defendants caused an intrusion upon the solitude or seclusion of T.F. and his parents, and their private affairs and concerns.  The intrusion was intentional, substantial and of a kind that would be highly offensive to the ordinary, reasonable person.  The conduct was of a sort that would tend to cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

67.    The conduct of the Defendants also placed T.F. in a false light by publishing highly offensive false statements with knowledge or reckless disregard of their falsity, to create a false and highly offensive impression of T.F.  False allegations of sexual assault are highly offensive to the ordinary, reasonable person.  The Defendants acted with knowledge that the statements were false and with reckless disregard to the falsity.

68.    As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFFS V. MEGAN VILLEGAS, K.S.,
## C.S., E.S. AND H.R.

69.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

70.     The conduct of Megan Villegas, K.S., C.S., E.S. and H.R., as described in this Complaint, was extreme and outrageous, intentionally or recklessly causing severe emotional distress to T.F.  The extreme and outrageous conduct of the "mean girl" Defendants went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

71.     As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.  T.F. suffered severe emotional distress, meaning that it is such that no reasonable person could be expected to endure it, and included highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, worry and all other damages and injuries pleaded in this Complaint.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT VIII – ABUSE OF PROCESS
## PLAINTIFFS V. MEGAN VILLEGAS, K.S.,
## C.S., E.S. AND H.R.

72.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

73.     The Defendants, Megan Villegas, K.S., C.S., E.S. and H.R. used a legal process resulting in the arrest, prosecution and detention of T.F. to accomplish a purpose for which it was not designed, as described in this Complaint, including bullying and harassment of T.F.

74.     As a direct and proximate result of the conduct of the Defendants, the Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.


## COUNT IX – INJURIOUS FALSEHOOD (DISPARAGEMENT)
## PLAINTIFFS V. MEGAN VILLEGAS, K.S.,
## C.S., E.S. AND H.R.

75.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

76.     Megan Villegas, K.S., C.S., E.S. and H.R. published untrue statements regarding T.F. that they knew or should have known would likely result in financial harm to T.F. caused by the actions of third persons relying on the statements, such as criminal defense fees, bills for medical treatment and the other financial harm detailed in

this Complaint.  The statements were motivated by ill will toward T.F.; the Defendants intended to interfere with T.F.'s interests in a way in which they were not privileged to do; and Defendants knew that the statements were untrue.

77.     As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

## COUNT X – FRAUDULENT MISREPRESENTATIONS
### PLAINTIFFS V. MEGAN VILLEGAS, K.S., C.S., E.S. AND H.R.

78.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

79.     The Defendants, Megan Villegas, K.S., C.S., E.S. and H.R. knowingly made the aforedescribed material misrepresentations regarding the conduct of T.F. The misrepresentations were made with the intention of inducing third parties to act in reliance upon it.

80.     T.F. was fired from his job at the Zelienople Community Pool, and was arrested, prosecuted, and detained for false allegations of sexual assault due to Defendants' fraudulent misrepresentations.

81.     As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.

### COUNT XI – VIOLATION OF THE 14TH AMENDMENT OF THE CONSTITUTION BROUGHT PURSUANT TO 42 U.S.C. §1983
### PLAINTIFFS VS. SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; AND BUTLER COUNTY, PENNSYLVANIA

82.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

83.     Liability of a municipality or other local government entity arises where a government causes an employee to violate another's constitutional right by an official custom or policy.

84.     A policy exists when a decision maker possessing final authority to establish public policy with respect to the action issues an official proclamation, policy or edict.

85.     A custom is an act that has not been formally approved by an appropriate decision maker, but that is so widespread as to have the force of law.

86.     A policy or custom may also be established when a policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious in the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have

been deliberately indifferent to the need.  The government entity exhibits deliberate indifference when it disregards a known or obvious consequence of its action.

87.     The 14th Amendment to the United States Constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the law.

88.     Defendants, Seneca Valley School District; Butler County District Attorney's Office; and Butler County, Pennsylvania denied T.F. the equal protection of the law based upon his gender.  Butler County, Pennsylvania and the Butler County District Attorney's Office failed to prosecute the females who falsely accused T.F. of sexual assault, even though they vigorously prosecuted T.F. to the fullest extent of the law for the false allegations against him.  Butler County, Pennsylvania and Butler County District Attorney's Office have a policy that results in reverse discrimination based upon gender, because men who are falsely accused of sexual assault are prosecuted to the fullest extent of the law, while women making false sexual assault allegations are not prosecuted at all.

89.     Seneca Valley School District's policy also constitutes reverse gender discrimination, because male students who harass or sexually assault women are disciplined and their academic records are marked to reflect misconduct, but female students who bully and harass male students with false sexual assault allegations suffer no discipline and no adverse effect on their academic records.

90.     A male student's right to be free from gender-based discrimination and gender-based reverse discrimination is a clearly defined constitutional right. Defendants' failure to prosecute the females who harassed T.F. and made false allegations against him and the failure to discipline them and mark their academic

records violated T.F.'s equal protection rights guaranteed by the 14th Amendment to the United States Constitution.

91.     The aforedescribed policy of Butler County, Pennsylvania, was implemented by the attorneys of the Butler County District Attorney's Office.  The aforedescribed policy of the Seneca Valley School District was implemented by its administration and by the Seneca Valley Intermediate High School's administration including, but not limited to, its Principal, Assistant Principal and Guidance Counselors.

92.     In the alternative, the aforedescribed policies or customs exist as a result of the failure of decision makers of Butler County, Pennsylvania and Seneca Valley School District to act at all.

93.     The policy or custom of the Defendants creates a risk to males like T.F. because they result in there being no deterrent against women who make false sexual assault claims against men, resulting in a deprivation of the right to equal protection guaranteed by the 14th Amendment for males such as T.F.

94.     Defendants are liable under 42 U.S.C. §1983 for deprivation of a federal right due to the aforedescribed policy or custom pursuant to **Monell v. Department of Social Services**, 436 U.S. 658 (1978).

95.     The aforedescribed custom is so widespread as to have the force of law.

96.     The Defendants have failed to act affirmatively at all, although the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need, resulting in the deprivation of T.F.'s constitutional rights.

97.     The aforedescribed custom and policy were a direct cause of harm to T.F.

98.     Furthermore, T.F. suffered irrational and wholly arbitrary treatment by the Defendants because he was arrested, detained and prosecuted, and his academic record was tarnished, but his tormentors suffered no repercussions whatsoever, resulting in a "class-of-one" equal protection violation by the Defendants.

99.     As a direct and proximate result of the conduct of the Defendants, the Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit, attorney fees and any other relief determined to be appropriate by the Court.

## COUNT XII – TITLE IX GENDER DISCRIMINATION (20 U.S.C. §1681) PLAINTIFFS VS. SENECA VALLEY SCHOOL DISTRICT

100.    The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

101.    Defendant Seneca Valley School District receives federal financial assistance.  T.F. was subjected to gender-based discrimination by the Seneca Valley School District, which reported the (false) allegations of sexual assault against T.F. to government authorities for investigation and prosecution, and placed a black mark on his academic record (including unexcused absence from school and the need to withdrawal from school due to harassment by other students), but failed to render any discipline whatsoever to the females who bullied and harassed a male student and falsely accused him of sexual assault.

102.    The conduct of Defendants creates the substantial risk that male students in the same position as T.F., who are falsely accused of sexual assault, will suffer harm because the female students tormenting them suffer no risk of any consequences whatsoever due to their misconduct.

103.    Seneca Valley School District's response to the harassment of T.F. by the female students, and to the other students who continue to harass him due to the "mean girls'" false sexual assault allegations, amounted to deliberate indifference based solely upon his gender.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit, attorney fees and any other relief determined to be appropriate by the Court.

**Plaintiffs demand a trial by jury on all counts in this Complaint.**

Respectfully submitted,

Shenderovich, Shenderovich & Fishman, P.C.

By: _/s/ Craig L. Fishman_____
        Craig L. Fishman, Esquire
        PA I.D. #58753

        429 Fourth Avenue
        1100 Law & Finance Building
        Pittsburgh, PA  15219

        (412) 391-7610 – telephone
        (412) 391-1126 – facsimile
        clf@ssf-lawfirm.com

        Attorney for Plaintiffs