IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor | CIVIL ACTION NO. 2:18-cv-1310 |
| Plaintiffs, | Honorable Mark R. Hornak, J. |
| v. | |
| GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS, DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA | |
| Defendants | |

**BRIEF IN SUPPORT OF DEFENDANT, SENECA VALLEY SCHOOL DISTRICT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**

Defendant, Seneca Valley School District ("Seneca Valley"), submits this Brief in Support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted.

I.      **Preliminary Statement**

This lawsuit involves accusations made by several adolescent girls that a male peer, T.F., committed sexual assault on two separate occasions, first at a municipal pool in July 2017 and subsequently at a private residence in March 2018. On both occasions, the allegations were communicated to Seneca Valley school personnel who immediately reported them via Childline for investigation by appropriate authorities.[1] The girls' accusations were investigated by local law enforcement authorities and the Butler County Alliance for Children and resulted in juvenile proceedings initiated by the District Attorney for Butler County. Seneca Valley did not participate in the investigations or the decisions to file charges. According to Plaintiffs' Complaint, the female accusers eventually recanted their accusations resulting in the termination of the juvenile proceedings.

Plaintiffs' Complaint purports to present claims against Seneca Valley for denial of equal protection of the law as provided by the 14th Amendment to the United States Constitution and gender discrimination in violation of Title IX, 20 U.S.C. § 1681. These claims are premised upon the argument that T.F.'s constitutional and statutory rights were violated by the inaction of Seneca Valley to discipline the female accusers or to otherwise "mark" their academic records. As discussed herein, the Complaint fails to contain facts that, if accepted as true, are sufficient to state plausible claims against Seneca Valley.

---

[1]     Childline is part of a mandated statewide child protective services program designed to accept reports concerning child abuse and general child well-being concerns for referrals to appropriate investigating authorities. Pursuant to Pennsylvania's Child Protective Services Law, school employees are mandated reporters of alleged child-on-child sexual assault. See 23 Pa.C.S.A. § 6304(f)(1)(C) and §6311(a)(4). Mandated reporters who fail to make reports required by the statute are subject to criminal charges. Further, the statute provides immunity from civil and criminal liability for reports made in good faith. 23 Pa.C.S.A. § 6318.

## II. **Factual Summary**

According to the Complaint, T.F. was employed as a lifeguard at the Zelienople Community Pool in Butler County, Pennsylvania. Plaintiffs allege that in July 2017, Defendants, Megan Villegas and a female minor, K.S. conspired to falsely accuse T.F. of sexually assaulting K.S., resulting in T.F. being fired as a lifeguard at the pool. In October 2017, the accusation of sexual assault was reported to Seneca Valley personnel, who, as required by Pennsylvania law, reported the accusation via Childline for investigation by other, appropriate authorities. In November 2018, juvenile delinquency proceedings were initiated by the Butler County District Attorney's Office. In January 2018, Plaintiffs agreed to a Consent Decree by which T.F. was assigned to probation for a period of six months.

The Complaint avers that, in March 2018, T.F. entered the residence of C.S., at which C.S., E.S. and H.R., all female minors, were present. Plaintiffs allege that C.S., E.S. and H.R. then conspired to falsely accuse T.F. as having committed sexual assault while at the home. Subsequently, C.S. informed Seneca Valley personnel of the allegation, again resulting in a report being made to Childline and an investigation undertaken by the Butler County Alliance for Children and law enforcement. The allegation resulted in the initiation of further juvenile delinquency proceedings. T.F. was arrested, briefly placed in shelter care at Keystone Education Center and then released and confined to house arrest. According to the Complaint, in May 2018, C.S., E.S. and H.R recanted their statements, resulting in the withdrawal by the Butler County District Attorney's Office of the second charge of juvenile delinquency in August 2018. Due to the expiration of the probationary period established by the

consent decree, in September 2018, the first juvenile delinquency proceeding was closed.

The Complaint contends that Seneca Valley refused to mark the academic records of K.S., C.S., E.S. and H.R. "to reflect that they lied to support unwarranted criminal charges against T.F."[2] (Complaint ¶ 34). On this premise, Plaintiffs assert claims for denial of equal protection of the law as provided by the 14th Amendment to the United States Constitution and gender discrimination in violation of Title IX.

## III. Argument

### A. Plaintiffs Fail to State Equal Protection Claims

Count XI of the Complaint attempts to state a claim pursuant to 42 U.S.C. § 1983 that Seneca Valley violated T.F.'s right to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution, which provides that "[no] state shall . . . deny to any person within its jurisdiction the equal protection of the laws." In a drifting search for a viable theory, the Complaint contains a variety of thread-bare recitals that: (1) T.F. was deprived of equal protection of the laws prohibiting gender discrimination by the inaction of Seneca Valley to discipline his accusers for allegedly false accusation of sexual assault, (2) alternatively, T.F. suffered a "class of one" equal protection violation as a result of his female accusers not being disciplined by Seneca Valley, (3) alternatively, T.F. was deprived of equal protection by a policy or custom of Seneca Valley of reverse gender discrimination, and (4) alternatively, Seneca Valley was deliberately indifferent to false accusations

---

[2] While the Complaint characterizes the allegations made by K.S. concerning the alleged sexual assault at the municipal pool in July 2017 as false, the Complaint does not aver that K.S. disavowed that allegation. At present, it is unknown to Seneca Valley whether K.S. ever retracted the accusation that resulted in the January 2018 consent decree.

by females of sexual assault against T.F., a male. However, Plaintiffs fail to allege facts sufficient to support any of these alternating theories of liability.

"To state a claim under the Equal Protection Clause, a Section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Shoemaker v. City of Lock Haven, 906 F.Supp. 230, 238 (M.D. Pa. 1995). In other words, a plaintiff must demonstrate that he or she received different treatment from that received by other individuals similarly situated. Keenan v. City of Philadelphia, 983 F.3d 459, 465 (3d Cir. 1992); D'Altilio v. Dover Twp., 2007 WL 2845073, at 8* (M.D. Pa. Sept. 26, 2007 ("To avoid dismissal, a plaintiff must allege both protected-class status and differential treatment of similarly situated non-class members"). When alleging the existence of individuals outside the protected class, a plaintiff ""cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and "bald assertion[s] that other[s] . . . were treated in a dissimilar manner" will not survive dismissal. Young v. New Sewickley Twp., 160 F. App'x 263, 266 (3d Cir. 2005).

An Equal Protection claim can in some circumstances be sustained if plaintiff "claims that [he] has been irrationally singled out as a so-called 'class of one.'" Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591, 601, 128 S.Ct. 2146 (2008). To state a "class of one" equal protection claim, a plaintiff needs to "allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000). As to the "class-of-one" claim, Paragraph

98 of the Complaint states only that T.F. "was arrested, detained and prosecuted, and his academic record was tarnished, but his tormentors suffered no repercussions whatsoever . . . ." (Plaintiffs' assertion that T.F.'s "academic record was tarnished" is explained in Paragraph 36 of the Complaint as follows: "when applying for colleges, he must explain his absence from Seneca Valley Intermediate High School, his incarceration at a juvenile detention facility and that he opted to be schooled at home to avoid harassment and bullying at school.").

Plaintiffs' Complaint contains no allegations that other similarly situated students were treated differently by Seneca Valley than T.F. Instead, the Complaint attempts to compare the consequences experienced by T.F. due to the juvenile proceedings - in which Seneca Valley had no role - to the circumstance that Seneca Valley did not discipline the female accusers for the allegedly false allegations of out-of-school misconduct that led to those juvenile proceedings. T.F. and the female accusers are not similarly situated and the Complaint contains no factual allegation of the existence of any other student similarly situated to T.F. Consequently, Plaintiffs have not alleged facts essential to an equal protection claim. The lack of allegations of other similarly situated persons likewise is fatal to Plaintiffs' "class-of-one" equal protection claim. See Mann v. Brenner, 375 F.App'x 232, 238-39 (3d Cir. 2010) (noting that although plaintiffs are not required to identify in the complaint specific instances where others have been treated differently, without any factual allegation regarding other persons similarly situated to plaintiff, the complaint failed to state a "class-of-one" equal protection claim); Colombo v. Board of Education, 2017 WL

4882485 (D. N.J. October 29, 2017) (complaint failed to state equal protection class of one claim because there was no allegation of any similarly situated students).

Moreover, there is no allegation of differing treatment of these adolescents by Seneca Valley. Plaintiffs have not alleged that Seneca Valley disciplined T.F. Instead, the essence of their complaint is that Seneca Valley did not discipline T.F.'s female accusers. In this regard, Plaintiffs' Complaint is analogous to the equal protection claim dismissed by the Court in S.K. v. North Allegheny School District, 168 F.Supp.3d 786 (W.D. Pa. 2016). In S.K., the plaintiff alleged that she was subjected to persistent hazing and harassment by other students throughout the school year, that the harassment and bullying were reported to various school officials and that no significant or substantive punishment was imposed upon the perpetrators. In rejecting the plaintiff's equal protection claim, the Court observed:

> Here, plaintiff has failed to identify any disparate application of a statute, ordinance or rule to her and another individual. Plaintiff herself was not subject to discipline or punishment pursuant to the school's anti-discrimination/bullying policies for engaging in sexual harassment or bullying. The gravamen of her complaint is that the policies assertedly [sic] designed to protect her (as well as every other student) were not enforced against others, resulting in her being subjected to ongoing harassment and bullying. Such a comparison fails to satisfy the basic requirement that the disparate enforcement involve an application of a common rule, ordinance or policy to similarly situated individuals.

Id., 168 F.Supp.3d at 810. Likewise, here, the gravamen of Plaintiff's equal protection claim is that Seneca Valley did not discipline T.F.'s female accusers for allegedly false accusations of sexual assault. That allegation simply does not establish the elements of an equal protection claim. See also Colombo v. Board of Education, supra. (complaint failed to state a viable equal protection claim because it did not

identify how female and disabled students were treated differently from similarly situated male and non-disabled students based on being members of those classes).

Plaintiffs' contentions that Seneca Valley established a policy or custom of reverse gender discrimination also is unavailing. While the Equal Protection Clause extends to the right to be free from gender discrimination, to proceed with such a claim via Section 1983, Plaintiffs must meet the requirements for municipal liability under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978). In Monell, the Supreme Court held that "[a] municipality or other local government may be liable under § 1983 if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 563 U.S. 51, 60, 131 S.Ct. 1350 (2011) (quoting Monell, 436 U.S. at 692). In order to establish such liability, a plaintiff must prove that "action pursuant to official municipal policy caused the deprivation" of a federal right. Connick, 563 U.S. at 60 (quoting Monell, 436 U.S. at 691). Official municipal policy may consist either of formally adopted policy or practices so persistent and widespread as to have the force of law. Id. "Policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292 (1986)). Custom can be proven by demonstrating that a given course of conduct, although no specifically endorsed or authorized by the local government is so well-settled and permanent as virtually to constitute law. Id.

Plaintiffs' Complaint does not state any facts to support any of these essential elements. Plaintiffs have alleged that female peers made false accusations of out-of-school sexual assault that led to juvenile proceedings and incarceration. Plaintiffs contend that Seneca Valley's failure to impose school discipline upon T.F.'s female accusers resulted in a deprivation of equal protection and/or reverse gender discrimination. However, the Complaint does not establish how the lack of discipline of the female accusers resulted in any deprivation of T.F.'s rights. The Complaint does not allege any injury suffered by T.F. resulting from the absence of discipline by the school of the female accusers after those individuals allegedly withdrew their allegations in May 2018. Similarly, Plaintiffs have not identified either an express policy of reverse gender discrimination affirmatively enacted by Seneca Valley or any facts that would support a finding of the existence of a custom having the permanency, uniformity and broadness of application as to constitute a custom.

Furthermore, Plaintiffs' argument that Seneca Valley established a policy or custom of reverse gender discrimination by deliberate indifference toward the supposedly false accusations of sexual assault is meritless. To establish a viable Section 1983 claim, it must be shown that, through its deliberate conduct, the local government entity was the "moving force" behind the injury alleged and that action of the governmental entity was taken with the requisite degree of culpability and demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Hill v. Cundiff, 797 F.3d 948, 977 (11th Cir. 2015); Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382 (1997). The Third Circuit Court of Appeals repeatedly has declined to permit Section 1983 claims to proceed

where they are founded upon a failure to act. Young v. Pleasant Valley School District, 2012 WL 1827194, *6 (M.D. Pa. May 18, 2012); D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376 (3d Cir. 1992) (affirming dismissal of municipal liability claim predicated on failure to take action to curb student-on-student harassment - "§ 1983 liability may not be predicated upon a [Stoneking v. Bradford Area School District, 882 F.2d 720, 725 (3d Cir. 1989)] type theory because private actors committed the underlying violative acts."); see also Logan v. Board of Education of School District of Pittsburgh, 2015 WL 5971198 (W.D. Pa. October 14, 2015) (dismissing Section 1983 claim against school district for indifferent acquiescence to a sexual assault of a student by an employee).

Here, Plaintiffs have not alleged any causal link between the lack of discipline of the female student accusers of T.F. and any deprivation of rights of T.F. The Complaint alleges that Seneca Valley did not discipline students who made false accusations against T.F. of sexual assault purportedly occurring outside of school. The only affirmative action of Seneca Valley alleged by the Complaint was to report those accusations to Childline pursuant to the Pennsylvania Child Protective Services Law, a mandated act for which Seneca Valley is immune from civil and criminal liability under 23 Pa.C.S.A. § 6318. There is no factual allegation to establish that any inaction of Seneca Valley was the "moving force" behind any injury alleged to have been incurred by T.F. Consequently, the Complaint does not aver sufficient factual allegations as would support the elements of deliberate indifference and causation of injury to T.F. by Seneca Valley.

For these reasons, Plaintiffs' Complaint fails to state facts predicate to a Section 1983 claim against Seneca Valley. Accordingly, Count XI of the Complaint should be dismissed as to Seneca Valley.

### B.     Plaintiffs Fail to State a Title IX Claim

Count XII of Plaintiffs' Complaint purports to state a claim against Seneca Valley for a Title IX violation, contending that, by failing to discipline T.F.'s female accusers for allegedly false accusations, Seneca Valley was deliberately indifferent to harassment based on T.F.'s gender. Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Although Title IX is enforceable through an implied private right of action, the United States Supreme Court has stated that "a recipient of federal funds may be liable in damages under Title IX only for its own misconduct." Davis v. Monroe County Board of Education, 526 U.S. 629, 640, 119 S.Ct. 1661 (1999). Thus, a plaintiff must show that (1) the plaintiff was discriminated against by the defendant; (2) the discrimination was intentional; and (3) gender was a motivating factor in the defendant's action. See Yusuf v. Vassar College, 35 F.3d 709, 715 (2d Cir. 1994).

Here, the Complaint is completely devoid of any factual allegation that T.F. suffered any deprivation of access to Seneca Valley's educational programs on account of his gender.[3] Plaintiffs' Complaint asserts only that T.F.'s female accusers

---

[3]     Moreover, Plaintiffs do not even allege that the female accusers' accusations were motivated by gender bias. Paragraph 19 of the Complaint avers that T.F.'s initial accuser, K.S., stated "I just don't like to hear [T.F.] talk. I don't like to look at him. I just don't like him." The Complaint does not ascribe any motivation to the subsequent accusation made by C.S. against T.F.

received preferential treatment by Seneca Valley on account of their gender in comparison to T.F. As with Plaintiffs' equal protection claim, however, their Title IX claim fails to allege that any male students similarly situated to T.F.'s female accusers received differing treatment as would reflect gender discrimination. Specifically, the Complaint does not allege that male students making false allegations of sexual assault have been disciplined by the school in contrast to T.F.'s female accusers. See Doe v. Columbia University, 101 F.Supp.3d 356, 374 (S.D.N.Y. 2015) (describing similarly situated persons in Title IX case as "members of the opposite sex facing comparable disciplinary charges"). Instead, Plaintiffs attempt to compare the female accusers to T.F., yet the misconduct ascribed to T.F. (sexual assault) was completely different than the misconduct the Complaint ascribes to the female accusers (making false statements) and none of those students were disciplined by the school. Thus, there is no factual allegation that T.F. suffered gender discrimination. See Curto v. Smith, 248 F.Supp.2d 132, 147 (N.D.N.Y. 2003) ("Plaintiff's allegations compare apples and oranges - the fact that a male student charged with misconduct was treated differently from a female student expelled for deficient academic performance is not probative of discriminatory animus."). Because denial of benefits "on the basis of sex" is the sine qua non of a Title IX claim, Plaintiffs' failure to plead facts that would establish that element is fatal to their claim. Frazier v. Fairhaven School Committee, 276 F.3d 52, 66 (1st Cir. 2002).

Alternatively, Plaintiffs allege that Seneca Valley's lack of discipline of T.F.'s female accusers for their alleged harassment of T.F. amounted to deliberate indifference based solely upon T.F.'s gender. For a school district to be held liable for

a claim of student-on-student gender-based harassment under Title IX, a plaintiff must establish: (1) the defendant receives federal funds; (2) gender-based harassment occurred; (3) the harassment occurred under "circumstances wherein the recipient exercise[d] substantial control over both the harasser and the context in which the known harassment occur[red]; (4) the funding recipient had "actual knowledge" of the harassment; (5) the funding recipient was "deliberately indifferent" to the harassment; and (6) the harassment was "so severe, pervasive and objectively offensive that it [could] be said to [have] deprive[d] the victims of access to educational opportunities or benefits provide by the school." Davis, 526 U.S. at 645, 650. Plaintiffs' Complaint lacks several of these essential elements of a Title IX claim.

First, there is no allegation that T.F.'s female accusers were motivated by T.F.'s gender. Paragraph 19 of the Complaint avers that T.F.'s initial accuser, K.S., stated "I just don't like to hear [T.F.] talk. I don't like to look at him. I just don't like him." The Complaint does not ascribe any motivation to the subsequent accusation made by C.S. against T.F. The mere fact that T.F. and his accusers are of the opposite sex does not establish gender as the motivating animus. Harassment based on personal dislike, rather than gender, does not support a Title IX claim. See Wolfe v. Fayetteville, Ark. School District, 648 F.3d 860, 865 (8th Cir. 2011) (plaintiff must demonstrate more than name-calling and spreading rumors; he has to show that the harassment was undertaken "on the basis of sex"); Sanches v. Carrollton-Farmers Branch Independent School District, 647 F3d 156, 165 (5th Cir. 2011) (personal animus, rather than gender, does not support a Title IX claim); Patterson v. Hudson

Area Schools, 724 F.Supp.2d 682, 692-693 (E.D. Mich. 2010) (harassment must be based on gender to be actionable under Title IX).

Second, the allegations of the Complaint, if proven, would not establish that Seneca Valley had substantial control over the alleged harassers and the context in which the alleged harassment occurred. As stated in the Complaint, when apprised in October 2017 by K.S. that T.F. had sexually assaulted her at the Zelienople pool during the summer recess, Seneca Valley reported the accusation via Childline as it was required to do by the Pennsylvania Child Protective Services Law. Similarly, when informed in March 2017 by C.S. that T.F. had sexually assaulted her at her home, Seneca Valley again reported the accusation via Childline as required by Pennsylvania law. The investigation of those allegations and the resultant initiation of juvenile proceedings were done by other entities, not Seneca Valley. These circumstances significantly contrast with acts of sexual or gender-based harassment by students occurring in school where school officials have supervisory authority. The narrow circumstances of Seneca Valley's involvement here do not support a deliberate indifference claim under Title IX.

Third, the Complaint does not allege that Seneca Valley had actual knowledge of gender-based harassment. No facts are alleged that Seneca Valley knew that the sexual assault accusations against T.F. were false (if, in actuality, those allegations were false). While the Complaint alleges that C.S. (the second accuser) acknowledged that her accusation of sexual assault was false, the Complaint does not allege that K.S. (the first accuser) ever retracted her accusation as false. Due to the consent decree, the juvenile proceeding involving that charge never was

adjudicated. Consequently, Plaintiffs cannot and have not alleged that Seneca Valley had actual knowledge that such accusation was falsely made due to T.F.'s gender. The Complaint describes that the second accusation of sexual assault was determined by law enforcement authorities to be false in May 2018 and that the charges resulting from that allegation were withdrawn in August 2018. There is no allegation that Seneca Valley had knowledge that the accusation, when made, was false or even that Seneca Valley was informed after August 2018 that such accusation was false. (Indeed, the filing of Plaintiffs' Complaint in October 2018 is the first instance in which any such information was presented to Seneca Valley). Without factual allegations that Seneca Valley had actual knowledge that T.F. suffered harassment in the manner of false accusations based upon T.F.'s gender, the Complaint fails to state a Title IX claim.

Finally, there are no allegations in the Complaint that T.F. suffered any harassment or was denied access to educational programs after the juvenile proceedings were withdrawn in September 2018. A school entity cannot be liable under Title IX unless its deliberate indifference "subjects" the student to harassment. Stated otherwise, a school district's actions or inactions must, at a minimum, "cause [a student] to undergo" harassment or "make [him] liable to or vulnerable to it." Davis, 526 U.S. at 645. The Complaint does not allege that the absence of discipline of the female accusers by Seneca Valley after their accusations allegedly were established to be false caused T.F. to be excluded from any educational program. The lack of any deprivation causally linked to Seneca Valley's action or inaction precludes a viable Title IX claim.

In sum, Plaintiffs' Complaint fails to state a cognizable Title IX claim against Seneca Valley and, therefore, Count XII of the Complaint should be dismissed.

## IV. Conclusion

The essence of Plaintiffs' Complaint is that the female defendants falsely accused T.F. of committing sexual assault at a municipal pool and a private residence. Those circumstances, if proven, may support claims against those individuals for malicious prosecution. However, those circumstances do not even remotely support Plaintiffs' ancillary claims against Seneca Valley. The Complaint is devoid of any factual allegations necessary to proceed with an equal protection or Title IX claim against Seneca Valley. Thus, the Complaint fails to state claims against Seneca Valley for which relief may be granted and, therefore, those claims should be dismissed.

Respectfully submitted,

/s/ Matthew M. Hoffman
Matthew M. Hoffman
PA. I.D. # 43949
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mhoffman@tuckerlaw.com

Dated: November 29, 2018

Attorneys for Defendant,
Seneca Valley School District

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of November 2018, I have filed electronically the foregoing Brief in Support of Defendant, Seneca Valley School District's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record as follows:

Craig L. Fishman, Esquire
Shenderovich, Shenderovich & Fishman, P.C.
429 Fourth Avenue
1100 Law & Finance Building
Pittsburgh, PA 15219
clf@ssf-lawfirm.com
*Counsel for Plaintiffs*

Marie Millie Jones, Esquire
Maria N. Pipak, Esquire
JonesPassodelis, PLLC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA 15219
mjones@jonespassodelis.com
mpipak@jonespassodelis.com
*Counsel for Butler County District Attorney's Office and Butler County, Pennsylvania*

Stephen J. Magley, Esquire
O'Malley & Magley, LLP
5280 Steubenville Pike
Pittsburgh, PA 15205
sjm@omalleyandmagley.com
*Counsel for David and Christine Seaman, individually and as Parents and Natural Guardians of C.S., a minor*

Joseph V. Charlton, Esquire
617 South Pike Road
Sarver, PA 16055
joe@charltonlawyers.com
*Counsel for George Villegas, Jr., Pam Villegas and Meghan Villegas*

Jill D. Sinatra, Esquire
Gilliand Vanasdale Sinatra Law Office, LLC
1667 Route 228, Suite 300
Cranberry Township, PA 16066
jill@gvlawoffice.com
*Counsel for David and Christy Sherk, indikvidually and as Parents and Natural Guardians of K.C., a minor*

S. Michael Streib, Esquire
300 Oxford Drive, Suite 75
Monroeville, PA 15146
smstreiblawfirm@hmbn.com
*Counsel for Cris and Kimberly Salancy and as Parents and Natural Guardians of E.S., a minor*

The following individuals have been served via first class mail, postage pre-paid, this 28th day of November, 2018.

David Reina
5A River Road
Pittsburgh, PA 15238
*Individually and as parent of H.R.*

Lynn Reina
103 Green Gables Manor
Zelienople, PA 15063
*Individually and as parent of H.R.*

/s/ Matthew M. Hoffman
Matthew M. Hoffman
PA. I.D. # 43949
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mhoffman@tuckerlaw.com

Attorneys for Defendant,
Seneca Valley School District