s:  sms/salancy/motion to dismiss/11-19-18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor, | : Civil Action No.:  2:18-cv-1310 |
| Plaintiffs | : |
| vs. | : |
| GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R.,  a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT   ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA, | : |
| Defendants. | : |

## DEFENDANTS CRIS AND KIMBERLY SALANCYS' MOTION TO DISMISS PURSUANT TO FED.RCP 12(b)(6)

Defendants Cris and Kimberly Salancy ("Moving Defendants"), through their undersigned counsel, respectfully submit the following Motion to Dismiss the claim set forth against them in Count II of Plaintiffs' Complaint in the above-captioned matter, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating the following:

1

s:  sms/salancy/motion to dismiss/11-19-18

     1.     Plaintiffs commenced this civil action on October 1, 2018, asserting ten Counts against five teenage girls or their ten parents and two Counts against the Seneca Valley School District, the Butler County District Attorney office, and/or Butler County.

     2.     The sole claim against the Moving Defendants and the other eight defendant parents that is set forth in the Complaint is contained in "Count II – Negligence", which contains four paragraphs, two of which simply incorporate prior averments.

### Factual Averments

     3.     The Complaint describes two instances in which plaintiff T.F. was accused of committing a sexual assault.

     4.     The first incident occurred at the Zelienople Community Pool in July of 2017 and resulted in T.F. being fired from his job at the Pool and defendant K.S. reporting the alleged sexual assault to a Seneca Valley School District Guidance Counselor in October of 2017.  (Complaint ¶¶ 17-19)

     5.     The second incident occurred at the home of defendants David and Christine Seaman and their daughter, C.S., on March 23, 2018 and resulted in the alleged offense being reported to a Seneca Valley School District Guidance Counselor on March 26, 2018.  (Complaint, ¶¶ 22 and 23)

     6.     As a consequence of each of these reports, charges were brought against T.F. by the Butler County District Attorney's Office.  (¶¶ 20-21 and 24)

s: sms/salancy/motion to dismiss/11-19-18

7. Plaintiff T.F. and his parents Michael and Alecia Flood claim that these reports of T.F. committing sexual assaults were false and that the alleged victims, K.S. and C.S. (who are not related and simply have last names beginning with the same letter), lied about T.F.'s conduct, as did also witnesses E.S. (also unrelated) and H.R. who were present at the Seaman residence on March 23, 2018. (Complaint, ¶¶ 17-19, 23, and 27-30)

8. Finally, significant damages are claimed to have occurred as a result of these allegedly false accusations. (¶¶ 25 and 36-42)

### Plaintiffs' Claim of Parental Negligence

9. After this recitation of facts, the plaintiffs set forth their sole claim against Moving Defendants and the other eight parents in "Count II – Negligence."

10. Aside from Paragraph 6 of the Complaint, a paragraph that simply identifies the Moving Defendants as defendants and the parents of E.S., the only other mention of them in the entire Complaint is Paragraph 48 of Count II which simply states:

> 48. **The Defendant parents negligently failed to supervise their children; negligently failed to teach them to refrain from falsely accusing another person of sexual assault; negligently failed to teach them the difference between right and wrong; negligently failed to teach them the "Golden Rule"**; and David and Christine Seaman negligently failed to supervise the minors at their residence who consumed alcohol, became drunk, and then lied about the conduct of T.F. **The parents also are vicariously liable for the negligence of their children.** (Emphasis Supplied)

**Standard of Review**

11.     As set forth in the Brief accompanying this Motion to Dismiss, to survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the instant Complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face", and the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)

**Applicable Law**

12.     The negligence claim against the Moving Defendants is governed by Pennsylvania law and is before this Court pursuant to its supplemental jurisdiction as set forth in 28 U.S.C. §1367.

13.     Under well-settled Pennsylvania law, the relation of parent and child imposes no liability upon the parent for the torts of the child; parents are not vicariously liable for the torts of their children; and a parent only has a duty to exercise reasonable care to supervise a minor child when:  a) the parent knows or should know of the necessity to exercise that control, and b) has the ability and opportunity to exercise control at the relevant time. *Hoffman v. Pellak*, 764 A.2d 64, 66 (Pa.Super. 2000) (and the various cases cited therein); *K.H. v. J.R.*, 826 A.2d 863, 873-74 (Pa. 2003); and *Dorley v. South Fayette Township School District, et al.*, 129 F.Supp. 3d 220, 247-48 (W.D. Pa. 2015)

s:  sms/salancy/motion to dismiss/11-19-18

## Application of the Law and the
## Standard of Review to the Averments in the Complaint

14. In the instant case, plaintiffs have made no factual averments from which it can be inferred that Moving Defendants had any notice or knowledge of their daughter ever engaging in any misconduct that involved false reports or allegations of any kind to authorities; that Moving Defendants ever received any notice that their daughter intended to engage such alleged misconduct or was about to engage in any such misconduct; or that Moving Defendants were present or otherwise had the ability to exercise parental control at the time the alleged misconduct was occurring.

15. In fact, as noted above, the only mention of Moving Defendants that was made by plaintiffs in forty-six paragraphs that proceeded their claim of negligence was to identify Moving Defendants as defendants and the parents of E.S.

16. Plaintiffs have failed to plead sufficient factual matter to give rise to a duty on behalf of Moving Defendants to supervise or otherwise control their child and, thus, have failed to state a claim to which a relief can be granted. Moreover, given the conclusory nature of plaintiffs' claim against the Moving Defendants and the complete lack of any alleged connection between Moving Defendants and the events described in the Complaint, leave to amend should be denied.

WHEREFORE, Moving Defendants Kimberly and Cris Salancy respectfully request that this Honorable Court enter the attached Order dismissing with prejudice Count II – Negligence of plaintiffs' Complaint as to Moving Defendants Cris and Kimberly Salancy.

s:  sms/salancy/motion to dismiss/11-19-18

                                        Respectfully Submitted,

CIPRIANI & WERNER, P.C.

| *s/Jennifer M. Swistak* | *s/S. Michael Streib* |
|---|---|
| Jennifer M. Swistak, Esquire | S. Michael Streib, Esquire |
| Pa. I.D. No. 75959 | Pa. I.D. No. 30376 |
| 650 Washington Road, Suite 700 | 300 Oxford Drive, Suite 75 |
| Pittsburgh, PA  15228 | Monroeville, PA  15146 |
| (412) 563-2500 | (412) 566-1090 |
| jswistak@c-wlaw.com | smstreiblawfirm@hmbn.com |

                              Counsel for Defendants
                                 Cris Salancy and
                                 Kimberly Salancy