s:  sms/salancy/brief in support of motion to dismiss/11-8-18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor,<br><br>　　　　　Plaintiffs<br><br>　　vs.<br><br>GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA,<br><br>　　　　　Defendants. | Civil Action No.:  2:18-cv-1310 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF
DEFENDANTS KIMBERLY AND CRIS SALANCY**

### I.  PROCEDURAL HISTORY

The Complaint in the above-captioned matter was filed on October 1, 2018 and

Waivers of the Service of Summons were mailed to the defendants on October 5, 2018.

The Complaint contains ten Counts asserted against five teenage girls or their ten parents

1

s:  sms/salancy/brief in support of motion to dismiss/11-8-18

and two Counts asserted against the Seneca Valley School District, the Butler County District Attorney's Office, and/or Butler County.

## II.     THE FACTUAL AVERMENTS

Factually, the Complaint describes two instances in which plaintiff T.F. was accused of committing a sexual assault.  The first incident occurred at the Zelienople Community Pool in July of 2017 and resulted in T.F. being fired from his job at the Pool and defendant K.S. reporting the alleged sexual assault to a Seneca Valley School District Guidance Counselor in October of 2017.  (Complaint ¶¶ 17-19)  The second incident occurred at the home of defendants David and Christine Seaman and their daughter, C.S., on March 23, 2018 and resulted in the alleged offense being reported to a Seneca Valley School District Guidance Counselor on March 26, 2018.  (Complaint, ¶¶ 22 and 23)  As a consequence of each of these reports, charges were brought against T.F. by the Butler County District Attorney's Office.  (¶¶ 20-21 and 24)

Plaintiff T.F. and his parents Michael and Alecia Flood claim that these reports of T.F. committing sexual assaults were false and that the alleged victims, K.S. and C.S. (who are not related and simply have last names beginning with the same letter), lied about T.F.'s conduct, as did also witnesses E.S. (also unrelated) and H.R. who were present at the Seaman residence on March 23, 2018.  (Complaint, ¶¶ 17-19, 23, and 27-30)  Finally, significant damages are claimed to have occurred as a result of these allegedly false accusations.  (¶¶ 25 and 36-42)

s:  sms/salancy/brief in support of motion to dismiss/11-8-18

### III. THE NEGLIGENCE CLAIM AGAINST DEFENDANTS KIMBERLY AND CRIS SALANCY

After this recitation of facts, the plaintiffs set forth their Counts, including the sole claim against defendants Kimberly and Cris Salancy, which is a 4-paragraph negligence claim against all ten parents that is set forth in Count II.  Aside from Paragraph 6 of the Complaint, a paragraph that simply identifies Kimberly and Cris Salancy as defendants and the parents of E.S., the only other mention of them in the entire Complaint is Paragraph 48 of Count II which simply states:

> 48.   **The Defendant parents negligently failed to supervise their children; negligently failed to teach them to refrain from falsely accusing another person of sexual assault; negligently failed to teach them the difference between right and wrong; negligently failed to teach them the "Golden Rule"**; and David and Christine Seaman negligently failed to supervise the minors at their residence who consumed alcohol, became drunk, and then lied about the conduct of T.F.  **The parents also are vicariously liable for the negligence of their children.**[1]

(Complaint, ¶48, emphasis supplied)

### IV.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v.*

---

[1] This clearly erroneous statement of the law is addressed *infra* in the Argument.  See *Hoffman v. Pellak*, 764 A.2d 64 (Pa.Super. 2000) and the cases cited therein and this Court's decision in *Dorley v. South Fayette Township School District*, 129 F.Supp.3d 220 (W.D. Pa. 2015)

3

*Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556). While the court must accept as true all of the factual allegations contained in the complaint, that requirement does not apply to legal conclusions.  *Iqbal*, 129 S. Ct. at 1949, 1953.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, to not suffice."  *Id.* At 1949 (citing *Twombly*, 550 U.S. at 555); *see* also, *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) and *Wilkerson v. New Media Tech. Charter Sch., Inc.,* 522 F.3d 315 (3d Cir. 2008).  The determination of whether a complaint contains a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).

  The Third Circuit has explained the three-step analysis involved in determining the sufficiency of a Complaint pursuant to the *Twombly/Iqbal* standard, as follows:  "(1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

s:  sms/salancy/brief in support of motion to dismiss/11-8-18

## V.  ARGUMENT

The law of Pennsylvania is well-settled with respect to negligence claims against parents for the torts of their child.  It was thoroughly described by the Superior Court of Pennsylvania in *Hoffman v. Pellak*, 764 A.2d 64 (Pa.Super. 2000):

> We first address what duty a parent has for the torts of a child.  **The mere relation of parent and child imposes no liability upon the parent for the torts of the child**.  *Condel v. Savo*, 350 Pa. 350, 39 A.2d 51, 52 (1944); *Maxwell v. Keas*, 433 Pa.Super. 70, 639 A.2d 1215, 1216 (1994).  Parents may be liable, however, where negligence on the part of the parents makes the injury possible.  *Frey by & Through Frey v. Smith by & Through Smith*, 685 A.2d at 174.  If the injury ought to have been foreseen by the parents, their negligence is the proximate cause of the injury.  *Maxwell*, 639 A.2d at 1215.  **Parental duty to supervise a child has been characterized as a duty to "exercise the control which they [the parents] have over their child, when they know, or in the exercise of due care should know, that injury to another is a natural and probable consequence."**  *Condel*, 39 A.2d at 53.
>
> We next address the scope of the supervising responsibilities of a parent.  This Commonwealth has adopted the Restatement of Torts (2d), Section 316.  Section 316 sets forth standards applicable to the supervisory responsibilities of a parent toward a child.  *Johnson v. Johnson*, 410 Pa.Super. 631, 600 A.2d 965, 967 (1991); *Erie Insurance Exchange v. Transamerica Insurance Company*, 352 Pa.Super. 78, 507 A.2d 389, 394-95 (1986).  Section 316 provides:
>
>> **A parent is under a duty to exercise reasonable care so to control his minor child** as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, **if the parent**
>>
>> **(a)** knows or has reason to know that he **has the ability to control his child, and**
>>
>> **(b) knows or should know of the necessity and opportunity for exercising such control.**
>
> * * *

5

s:  sms/salancy/brief in support of motion to dismiss/11-8-18

> … **Section 316 does not**, after all, **purport to make parents vicariously liable** for raising careless or delinquent children, but instead imposes a duty on parents to exercise that control which they "in fact [have] at the time." **No parental liability exists without notice of a specific type of harmful conduct and an opportunity to interfere with it.**
>
> [*Barth v. Massa*], 146 Ill. Dec. 565, 558 N.E.2d at 534-535 (citations and quotations omitted).
>
> \* \* \*
>
> In light of the above, **we hold that a parent has a duty** to exercise reasonable care to control his or her minor child under Section 316 **when the parent knows or should know of the necessity to exercise control, and has the ability and the opportunity to exercise parental control at the relevant time.**

*Id.* At 66-67 (emphasis supplied)  See also, *K.H. v. J.R.,* 826 A.2d 863, 873-74 (Pa. 2003); and *L.C. v. Central Pa. Youth Ballet*, 2010 WL 2650640 at \*5 (M.D. Pa. July 2, 2010).

In the instant case, there are no factual allegations at all from which it can even be inferred that Cris and Kimberly Salancy were present or in close proximity to any supposed misconduct perpetrated by E.S.; that E.S. had ever previously been involved in making false reports of any kind to any authorities, or had ever engaged in any prior instances of similar misconduct; that any intention of E.S. to engage in any of the alleged misconduct was ever communicated to Kimberly and/or Cris Salancy; or that they ever received any notice whatsoever that their child, E.S., had engaged in, or was about to engage in, any of the alleged misconduct.  In fact, nowhere in the 46 paragraphs that precede the negligence claim against Cris and Kimberly Salancy are they even mentioned (except in Paragraph 6 where they are named as defendants and as the parents of E.S.).

s: sms/salancy/brief in support of motion to dismiss/11-8-18

And, without a factual background showing foreseeability of the necessity to act and the ability and opportunity to act at the relevant time, defendants Cris and Kimberly Salancy had no duty to plaintiffs. Which, in turn. means plaintiffs have failed to state a claim upon which relief can be granted.

Further, in Paragraph 48 of the Complaint that supposedly sets forth Kimberly and Cris Salancy's negligence (and contains a clearly erroneous legal conclusion that parents in Pennsylvania are "vicariously liable" for the torts of their children) only the following is alleged:

> 48.   The Defendant parents negligently failed to supervise their children; negligently failed to teach them to refrain from falsely accusing another person of sexual assault; negligently failed to teach them the difference between right and wrong; negligently failed to teach them the "Golden Rule" …

This claim completely overlooks the factual requirements for the creation of a duty set by the Pennsylvania Courts (*i.e.*, foreseeability of the necessity to control the child and an opportunity to exercise that control at the time of the misconduct). It is therefore patently insufficient, and also reminiscent of a similar claim advanced in a case decided by this Honorable Court in 2015.

That case is *Dorley v. South Fayette Township School District, et al.*, 129 F. Supp. 3d 220 (W.D. Pa. 2015)  In *Dorley*, this Court summarized plaintiff's conclusory allegations of negligence as follows:

> Mr. Dorley alleges that the Student Defendant was, at the relevant time, in the eleventh grade and a minor. He further alleges that the Parent Defendants "owed a duty to exercise reasonable care so as to control their (then) minor child as to prevent him from intentionally harming others or from conducting himself as to create an unreasonable risk of bodily harm to

7

> plaintiff, because they knew or had reason to know of their ability to control their child, and knew or should have known of the necessity and opportunity for exercising such control." More specifically, Mr. Dorley contends that the Parent Defendants, *inter alia*, failed to teach their son to "refrain from assaulting and battering people" and should be liable for "allowing their reckless, aggressive and violent son to participate in a contact sport."

*Id.* At pgs. 247-48 (citations omitted). In spite of the fact that these allegations are more specific than the allegations made by plaintiffs in the instant case, this Court dismissed the negligence claim against the parents, stating:

> The Court concludes that the claim as stated is legally insufficient. There are no facts alleged that would indicate the Parent Defendants had any reason to know that their son was so "reckless, aggressive and violent" that he should not be allowed to participate in a contact sport. None. The vast majority of the "claim" as pled consists of blanket legal conclusions which the Court must disregard, and the Parent Defendants are mentioned nowhere else in the Complaint's entire factual recitation. There is nothing in Mr. Dorley's Complaint from which the Court could plausibly infer that the Parent Defendants knew their son was overly aggressive in football drills and that he could not be trusted, in the context of a contact sport, to not exceed the scope of another student's consent to play the sport, or the coaches' express direction in such regards. There is no allegation that Mr. McElhinny [the son] had harmed the Plaintiff or others in the past and the parents knew about that, and certainly nothing from which to infer that the Parent Defendants knew or reasonably should have known that their child was impermissibly violent (at least in this setting). Moreover, there is nothing pled to indicate that the Parent Defendants had the "ability and opportunity to control" their child when he was under the supervision of his coaches at practice.

*Id.* at 248 (citations omitted). This Court did not, however, stop there, and in footnote 35 stated:

> Given the purely conclusory nature of what is pled as to the parents, and the complete dearth of any connection between them and the detailed factual recitation of what happened at practice on the day of the injury, the Court will deny leave to amend as to them, concluding that allowing amendment of the pleading in this regard would run directly contrary to the "wait and

see" rule of *Cureton [v. Nat'l Collegiate Athletic Assn,]* 252 F.3d [267] at 273-74 [3d Cir. 2001].

Mr. and Mrs. Salancy submit that the very same could be said with respect to this case. In spite of all the factual averments as to what happened at the various and sundry times and places where false allegations were supposedly made to authorities and others, there are simply no facts pleaded which indicate that Mr. or Mrs. Salancy had any knowledge or notice of the supposed falsity of any allegations made by E.S. or either of the other two girls about plaintiff T.F.; nor are any facts pleaded which indicate that either of the Salancys were present for the making of the allegations, or had any cause to attempt control, or ability to control, what was being said. Accordingly, the claim against the Salancys should suffer the same fate as the claim that Mr. Dorley lodged against Mr. McElhinny's parents. Dismissal.

## VI.  CONCLUSION

For the above reasons, the negligence claim submitted by plaintiffs in Count II against Kimberly and Cris Salancy should be dismissed, without leave to amend.

Respectfully Submitted,

CIPRIANI & WERNER, P.C.

| | |
|---|---|
| *s/Jennifer M. Swistak* | *s/S. Michael Streib* |
| Jennifer M. Swistak, Esquire | S. Michael Streib, Esquire |
| Pa. I.D. No. 75959 | Pa. I.D. No. 30376 |
| 650 Washington Road, Suite 700 | 300 Oxford Drive, Suite 75 |
| Pittsburgh, PA  15228 | Monroeville, PA  15146 |
| (412) 563-2500 | (412) 566-1090 |
| jswistak@c-wlaw.com | smstreiblawfirm@hmbn.com |

Counsel for Defendants Cris Salancy and Kimberly Salancy

s:  sms/salancy/brief in support of motion to dismiss/11-8-18

## CERTIFICATE OF SERVICE

Service was made upon the following persons who are parties to this action, but are not represented by counsel, by mailing a copy of the foregoing Brief and accompanying Motion to them by First Class U.S. Mail, postage pre-paid, on December 3, 2018:

>David Reina
>5A River Road
>Pittsburgh, PA  15238

>Lynn Reina
>103 Green Gables Manor
>Zelienople, PA  15063

>*s/S. Michael Streib*
>S. Michael Streib, Esquire
>Pa. I.D. No. 30376
>300 Oxford Drive, Suite 75
>Monroeville, PA  15146
>(412) 566-1090
>smstreiblawfirm@hmbn.com