s:  sms/salancy/motion to dismiss - es/11-20-18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor, | : Civil Action No.:  2:18-cv-1310 |
| Plaintiffs | : |
| vs. | : |
| GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA, | : |
| Defendants. | : |

## MOTION TO DISMISS PURSUANT TO FED.RCP 12(b)(6) OF DEFENDANT E.S., A MINOR

Defendant E.S., a minor ("Moving Defendant"), through her undersigned counsel, respectfully submits the following Motion to Dismiss the claims set forth against her in Counts III through X of Plaintiffs' Complaint in the above-captioned matter, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating the following:

1

1. Plaintiffs commenced this civil action on October 1, 2018, asserting ten Counts against five teenage girls or their ten parents and two Counts against the Seneca Valley School District, the Butler County District Attorney office, and/or Butler County.

**Factual Averments**

2. The Complaint describes two instances in which plaintiff T.F. was accused of committing a sexual assault.

3. The first incident occurred at the Zelienople Community Pool in July of 2017 and resulted in T.F. being fired from his job at the Pool and defendant K.S. reporting the alleged sexual assault to a Seneca Valley School District Guidance Counselor in October of 2017.  (Complaint ¶¶ 17-19)

4. The second incident occurred at the home of defendants David and Christine Seaman and their daughter, C.S., on March 23, 2018 and resulted in the alleged offense being reported to a Seneca Valley School District Guidance Counselor on March 26, 2018.  (Complaint, ¶¶ 22 and 23)

5. As a consequence of each of these reports, charges were brought against T.F. by the Butler County District Attorney's Office.  (¶¶ 20-21 and 24)

6. Plaintiff T.F. and his parents Michael and Alecia Flood claim that these reports of T.F. committing sexual assaults were false and that the alleged victims, K.S. and C.S. (who are not related and simply have last names beginning with the same letter), lied about T.F.'s conduct, as did also witnesses E.S. (also unrelated) and H.R. who were present at the Seaman residence on March 23, 2018.  (Complaint, ¶¶ 17-19, 23, and 27-30)

s:  sms/salancy/motion to dismiss - es/11-20-18

7. Finally, significant damages are claimed to have occurred as a result of these allegedly false accusations.  (¶¶ 25 and 36-42)

## The Allegations and Claims Directed at E.S., a Minor

8. In the first sentence of the Complaint, plaintiffs allege that the five teenage defendants conspired to falsely accuse plaintiff T.F. of sexual assault on two occasions. (Complaint, ¶1)

9. However, when describing the assault that took place at the Zelienople Community Pool in the summer of 2017, plaintiffs allege that only K.S. and Megan Villegas conspired to falsely accuse plaintiff T.F. (Complaint, ¶17)

10. E.S. is nowhere mentioned as having any involvement whatsoever in this incident. (*Id.*)  (Again, for purposes of clarity, K.S., C.S. and E.S. are unrelated and simply have last names beginning with the letter S.)

11. With respect to the March 23, 2018 incident, plaintiffs allege that C.S., with the assistance of K.S., falsely reported to a Seneca Valley School District Guidance Counselor that plaintiff T.F. had sexually assaulted her.  (Complaint, ¶23)

12. Childline was contacted, and E.S. (who was present in the residence of C.S. at the time of the alleged sexual assault) was interviewed by Butler County Alliance for Children as were also C.S. (the alleged victim) and H.R. (who allegedly observed a portion of the assault).  (Complaint, ¶¶22 and 23 and Exhibit 11)

13. The plaintiffs further allege that another student who was visiting E.S. at her residence overheard C.S., H.R. and E.S. conspiring about an allegedly false order of the events of March 23, 2018, agreeing not to tell anyone they had been drinking, and

s:  sms/salancy/motion to dismiss - es/11-20-18

acknowledging that H.R. had invited plaintiff T.F. to come to C.S.'s house on March 23rd using C.S.'s cellphone.  (Complaint, ¶27)

14.     Aside from this, it is alleged that E.S. stated to a fellow student in April of 2018 that C.S. "exaggerated and made things [up] about the events of 3/23/18", and alleged that E.S. later claimed in the presence of yet another student that "C.S. lied about 'everything' about T.F.".  (Complaint, ¶¶28 and 29 and Exhibits 9 and 10)

15.     Based on the above, plaintiffs have brought claims against E.S. (and the other four teenagers) for:  Negligence (Count I); Civil Conspiracy (Count III); Defamation (Count IV); Malicious Prosecution (Count V); Invasion of Privacy (Count VI); Intentional Infliction of Emotional Distress (Count VII); Abuse of Process (Count VIII); Injurious Falsehood/Disparagement (Count IX); and Fraudulent Misrepresentation (Count X).

**Standard of Review**

16.     As set forth in the Brief accompanying this Motion to Dismiss, to survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the instant Complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face", and the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged".  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)

s:  sms/salancy/motion to dismiss - es/11-20-18

## Applicable Law

17. The claims against the Moving Defendant are governed by Pennsylvania law and are before this Court pursuant to its supplemental jurisdiction as set forth in 28 U.S.C. §1367.

## Absolute Privilege (Counts III, IV, and VI – IX)

18. "All communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse. Thus, statements by a party [or] a witness, … cannot be the basis of a defamation action." *Binder v. Triangle Publications*, 275 A.2d 53, 56 (Pa 1971)

19. The reasons for the absolute privilege are well recognized. … The privilege is … extended to parties to afford freedom of access to the courts [and] to witnesses to encourage their complete and unintimidated testimony in court." *Id.*

20. The absolute privilege applies to not just testimony in court, but also to pre-trial communications, preliminary conferences and "information given and informal complaints made to a prosecuting attorney or other proper officer preliminary to a proposed criminal prosecution." *Pawlowski v. Smorto, supra.* at 41-42; and *Richmond v. McHale*, 35 A.3d 779 (Pa.Super. 2012).

21. The privilege "does not depend on the motive of the defendant in making the statement", even if the "statements may ultimately prove to be false or maliciously motivated." *Pawlowski, supra.* See, also, *Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015) ([T]he privilege is absolute, meaning that, where it attaches, the declarant's intent is immaterial even if the statement is false and made with malice.")

5

s:  sms/salancy/motion to dismiss - es/11-20-18

22. The absolute privilege applies not only to defamation actions, but also to plaintiffs' claims of conspiracy, invasion of privacy, intentional infliction of emotional distress, abuse of process, and injurious falsehood (disparagement).

23. The reason for the expansion of the scope of the absolute privilege is simple -- to allow immunity from defamation to be avoided by attacking the participant in adjudicative proceedings through other claims undermines the policy and purposes of the absolute privilege.  See, *Moses v. McWilliams*, 549 A.2d 950, 957-58 (Pa.Super. 1988).

24. Quoting from *Ranier's Dairies v. Raritan Valley Farms*, 117 A.2d 889, 895 (N.J. 1955), the Superior Court in *Moses* observed:

> [i]f the policy, which in defamation actions affords an absolute privilege or immunity to statements made in judicial and quasi-judicial proceedings is really to mean anything then we must not permit its circumvention by affording an almost equally unrestricted action under a different label.

*Moses*, at 957 (emphasis supplied).

## Application of the Law and the Standard of Review
## to the Averments in the Complaint

### Count IV – Defamation[1]

25. In this case, plaintiffs have alleged in their Complaint that E.S. conspired with the other four teenagers "to falsely accuse T.F. of sexual assault"; that C.S. (the alleged victim) communicated a sexual assault accusation to a Guidance Counselor who

---

[1] The first five counts addressed in this Motion are causes of action that have been held by Pennsylvania courts to be barred by the absolute privilege.

6

s:  sms/salancy/motion to dismiss - es/11-20-18

contacted Childline; that four days later E.S. was interviewed (as were also C.S. and H.R.) by Butler County Alliance for Children; and that ten days after that, the District Attorney of Butler County followed up by bringing charges against plaintiff T.F. (Complaint ¶¶ 1, 23, 24)

26. In paragraph 56 of Count IV, plaintiffs plead that E.S. and the other three alleged teen conspirators "falsely accused T.F. of sexual assault **to school and court personnel, as well as prosecutors** and other individuals."

27. Clearly, the communications to school personnel, court personnel and prosecutors identified in this claim involve communications that are absolutely privileged and that portion of the claim and all reputational and other damages alleged to result therefrom should be dismissed with prejudice.

28. As to the "other individuals" who supposedly received defamatory communications from E.S., such statements would appear to be beyond the scope of the absolute privilege. However, nowhere in the Complaint is there recited any statements made by E.S. which defame plaintiff T.F.  (*I.e.* In paragraph 23 of the Complaint plaintiffs make only the conclusory allegation that the teenage defendants "repeated their lies about T.F. to other students or anyone else who would listen.")

29. As to these "other individuals, plaintiffs have, thus, failed to plead a claim of defamation upon which relief can be granted.  See, 42 Pa.C.S.A. §8343(a)(1)-(5).

## Count III – Civil Conspiracy

30. In paragraph 53 of the four-paragraph Count for civil conspiracy, plaintiffs allege that:

7

s: sms/salancy/motion to dismiss - es/11-20-18

K.S. conspired with C.S., E.S. and H.R. to accuse T.F. of sexual assault, for the purpose of bullying and harassing him and causing him to be expelled from school, as well as endure legal proceedings. Their conduct was motivated by malice toward T.F.

31. As noted previously, the application and existence of the absolute privilege "does not depend on the motive of the defendant in making the statement", and "cannot be destroyed by abuse", even if the "statements may ultimately prove to be false or maliciously motivated". *Pawlowski, supra.* at 41-42 and *Binder, supra.* at 56.

32. As also noted previously, casting the claim as conspiracy instead of defamation does not avoid the bar of the absolute privilege. See, *Morely v.* Gory, 814 A.2d 762 (Pa.Super. 2002) (wherein the Court held that the absolute privilege accorded to witnesses in Pennsylvania barred a civil conspiracy claim arising out of an alleged conspiracy to commit perjury); and *Passon v. Spritzer*, 419 A.2d 1258 (Pa.Super. 1980) (affirming the granting of a demurrer to, *inter alia*, libel and conspiracy claims on the grounds of absolute privilege).

33. Accordingly, plaintiffs have failed to state a claim against E.S. for civil conspiracy, as it is barred by the absolute privilege afforded witnesses.

## Count VI – Invasion of Privacy

34. In paragraphs 66 and 67 of their Complaint, plaintiffs assert a claim for the branch of privacy known as unreasonable intrusion upon seclusion (¶66) and the branch of privacy known as false light publicity (¶67).

35. Both of these claims supposedly arise out of the facts pleaded in the Complaint, which involve two of the teenage defendants (K.S. and C.S.) reporting two

s:  sms/salancy/motion to dismiss - es/11-20-18

sexual assaults by plaintiff T.F. to a guidance counselor, who as a mandatory reporter passed them on to Childline.

36.     According to the Complaint, what happened after that, including any intrusion into plaintiff T.F.'s seclusion, was done by the Alliance for Children, the District Attorney's Office, law enforcement personnel, Butler County personnel and the judiciary and its personnel.  (Complaint, ¶¶ 19-22, 23-25, and 31-33)

37.     Intrusion upon seclusion requires an intrusion by the defendant, or at least the defendant's agent.  Restatement (Second Torts §652B.  In this case, no intrusion whatsoever is alleged in the Complaint to have been performed by any of the teenagers, including E.S., who is but a witness, not an alleged victim, and not even someone who claimed to observe a sexual assault.

38.     Further, the police, the District Attorney's Office, the Alliance for Children, court personnel, Butler County personnel and the judiciary are clearly not the agents of the teenage defendants.

39.     Plaintiffs have thus failed to plead a claim against E.S., a witness, for intrusion upon plaintiff T.F.'s seclusion.

40.     With respect to the false light publicity claim, the elements of that claim are set forth in §652E ("Publicity Placing Person In False Light") of the Restatement (Second) of Torts, which provides in pertinent part:

> One who gives **publicity** to a matter concerning another that places the other before the public in a false light is subject to liability to the other….

9

s: sms/salancy/motion to dismiss - es/11-20-18

This Section embodies the law of Pennsylvania. *Krajewski v. Gusoff*, 53 A.3d 793, 805 (Pa.Super. 2012).

41. In the instant Complaint, there are no factual averments whatsoever that E.S. or any of the other teenage defendants gave the sexual assaults "publicity", which means "the matter is made public by communicating it to the public at large or to so many persons that the matter [becomes] … one of public knowledge." Restatement (Second) Torts §652E, Comment A.

42. The plaintiffs have, as a result, also failed to plead a claim for false light publicity against defendant E.S.

43. More importantly though, these invasion of privacy claims also flow out of the same allegations of false reporting of sexual abuse as do the defamation and conspiracy claims and are subject to the same absolute privilege as those claims. See, *Ganassi v. Buchanan Ingersoll, P.C.*, 540 A.2d 272 (Pa.Super 1988) (affirming preliminary objections granted as to claims for defamation and false light on account of absolute privilege); *Passon v. Spritzer, supra.* (affirming grant of demurer to, *inter alia*, claims of libel and invasion of privacy on account of absolute privilege); and *Strader v. U.S. National Bank Association, supra.* at pg. 15, Slip Opinion at pg. 19 ("[T]he privilege does apply to state law claims such as invasion of privacy.")

44. The invasion of privacy claims pleaded by plaintiffs against defendant E.S. are thus barred by absolute privilege and should be dismissed with prejudice.

### Count VII – Intentional Infliction of Emotional Distress

45. In this 3-paragraph Count, plaintiffs incorporate the same factual background that they did in the defamation, conspiracy and privacy Counts, and then plead in conclusory fashion in paragraphs 70 and 71 that what was done by the teenage defendants satisfies the various elements of intentional infliction of emotional distress.

46. Plaintiffs cannot, however, circumvent the immunity afforded the teenage defendants by the absolute privilege through a recasting of their defamation claim into one of intentional infliction of emotional distress,. See, *Tompson v. Sikov*, 490 A.2d 472 (Pa.Super. 1985) (affirming the grant of a demurer entered on the grounds of absolute privilege to intentional infliction of emotional distress claim brought against attorney)

47. For this reason (and for the reason that E.S. is not alleged to have reported either of the sexual assaults), plaintiffs have failed to state a claim against E.S. for intentional infliction of emotional distress, and Count VII should be dismissed with prejudice as to defendant E.S.

### Count VIII – Abuse of Process

48. Abuse of process is another tort to which the absolute privilege has been applied. See, *Passon v. Spritzer, supra.*

49. It is defined as the use of legal process primarily to accomplish a purpose for which it was not designed. *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa.Super. 1998), appeal denied 729 A.2d 1130 (1998); and *Triester v. 191 Tenants Ass'n., supra.* at 702-703.

s: sms/salancy/motion to dismiss - es/11-20-18

50. Not only is the claim barred by absolute privilege, but plaintiffs have again failed to plead facts that support the alleged cause of action. For, it is nowhere pleaded that any of the teenage defendants had any process issued against T.F. or his parents.

51. To the contrary, it is pleaded that the police, the District Attorney's Office, juvenile probation office and/or the court caused the issuance of the process in the two matters involving T.F. and then used it for its intended purpose -- to bring and prosecute juvenile proceedings against T.F. for alleged sexual assaults. (Complaint, ¶¶20-24, and Exhibits 1-5).

52. Accordingly, plaintiffs have not, and cannot, state a claim against E.S. (who was but a witness in one of those juvenile proceedings) for abuse of process.

### Count IX – Injurious Falsehood (Disparagement)

53. Disparagement, also called disparagement of title, slander of title, defamation of title, slander of goods, trade libel or injurious falsehood is a cause of action that arises in "the commercial business arena". *Triester v. 191 Tenants Ass'n.,* 415 A.2d 698, 701; and *Maverick Steel Co., L.L.C. v. Dick Corporation/Barton Malow*, 54 A.3d 352, 354 (Pa.Super. 2012)

54. Disparagement involves a publication intended to cause a pecuniary loss that is made by a defendant knowing the same to be false or with reckless disregard for the truth (*Id.*), but nowhere in the Complaint is there any recitation of any statement published by E.S. evidencing an intent to cause plaintiffs pecuniary harm.

55. Moreover, this claim, like the defamation claim, is barred by the absolute privilege afforded E.S. as a witness, as that privilege also applies to the "injurious

falsehood" claim asserted by plaintiffs in this Count. *Triester v. 191 Tenants Ass'n., supra.*, at 701-702. See, also, *F.B. Leopold Co., Inc. v. Roberts Filter Mfg. Co., Inc.* 882 F.Supp. 433 (W.D.Pa. 1995)

56. Plaintiffs have, accordingly, failed to plead a claim against E.S. for "injurious falsehood", and in addition, the same is barred by the absolute privilege afforded E.S. as a witness.

### Count V – Malicious Prosecution

57. The fundamental prerequisite for any claim of malicious prosecution is that, "**[t]he defendant must have instituted proceedings against the plaintiff….**" *Kelley v. Local Union 249*, 544 A.2d 940, 941 (Pa. 1988) (emphasis supplied). See also, *e.g., Wright v. Schreffler*, 618 A.2d 412, 414 (Pa.Super. 1992) ("plaintiff must show that the defendant maliciously instituted proceedings against the plaintiff"); and *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995) ("a plaintiff must show that the defendants instituted proceedings").

58. Reporting a matter to a school official or other public officer is not instituting proceedings, and in this case, plaintiffs do not plead in their Complaint that defendant teenagers filed any private complaints or otherwise instituted the juvenile proceedings brought against plaintiff T.F.

59. In fact, plaintiffs cannot satisfy this requirement because attached to the Complaint as Exhibits 1 and 4 are two Written Allegations filed with respect to plaintiff T.F. by Zelienople Borough Police Officers, and two Petitions Alleging Delinquency (Exhibits 2 and 5) filed by Butler County Juvenile Probation. This is thus a case where

13

s:  sms/salancy/motion to dismiss - es/11-20-18

the police and the probation office, not any of the teenage defendants, decided to initiate the proceedings and in fact initiated them.

60.     Plaintiffs have therefore failed to state a claim against defendant E.S. for malicious prosecution, and that deficiency cannot be remedied because, as plaintiffs themselves have pleaded, the Zelienople Police and Juvenile Probation instituted the proceedings against plaintiff T.F.

### Count X – Fraudulent Misrepresentation

61.     The elements of fraudulent misrepresentation were described in 1992 as, "(1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker to **induce the recipient** thereby; (4) justifiable reliance **by the recipient** on the misrepresentation; and (5) **damage to the recipient** as a proximate result of the misrepresentation." *Bash v. Bell Telephone Co. of Pa.*, 601 A.2d 825 (Pa.Super. 1992) (emphasis supplied).

62.     Plaintiffs do not plead that they were the recipients of any misrepresentations made by the teenage defendants.  Rather, plaintiffs plead that the school and public authorities (*i.e.*, the Alliance for Children, the police, the District Attorney's Office and the judiciary) were the recipients of the representations, and the persons who relied upon them.  (See, Complaint, ¶¶19, 20, 23 and 24 and Exhibits 1-7)

63.     Further, fraudulent misrepresentation is a business tort, like "disparagement"/"injurious falsehood", and the first two elements have also been described as, "(1) a representation; (2) which is **material to the transaction at hand** …"

14

*David Pflumm Paving & Excavating, Inc. v. Foundation Services, Co.,* 816 A.2d 1164, 1171 (Pa.Super. 2003).

64.     In addition, Pennsylvania generally follows the Restatement (Second) of Torts in this area.  *Id.*  Section 549 of that Restatement describes the damages to be awarded for fraudulent misrepresentation, stating that those damages are paid to "[t]he recipient of a fraudulent representation" and are pecuniary losses measured by "the difference between the value of what he has received **in the transaction** and its purchase price…."  *Id.* (emphasis supplied).

65.     Plaintiffs do not, however, base this claim on a transaction, nor do they plead any transaction in their Complaint which could form the basis of this fraudulent misrepresentation claim.

66.     Plaintiffs have thus failed to state a claim against E.S. for fraudulent misrepresentation, and Count X should be dismissed with prejudice as to defendant E.S.

**Relief Requested**

WHEREFORE, for the above reasons, and most particularly on account of the immunity afforded Moving Defendant by the absolute privilege accorded her as a witness in adjudicatory proceedings, Moving Defendant requests that this Honorable Court enter the attached Order dismissing with prejudice Counts III through X pursuant to Rule 12(b(6) of the Federal Rules of Civil Procedure.

s:  sms/salancy/motion to dismiss - es/11-20-18

                                          Respectfully Submitted,

CIPRIANI & WERNER, P.C.

| *s/Jennifer M. Swistak* | *s/S. Michael Streib* |
|---|---|
| Jennifer M. Swistak, Esquire | S. Michael Streib, Esquire |
| Pa. I.D. No. 75959 | Pa. I.D. No. 30376 |
| 650 Washington Road, Suite 700 | 300 Oxford Drive, Suite 75 |
| Pittsburgh, PA  15228 | Monroeville, PA  15146 |
| (412) 563-2500 | (412) 566-1090 |
| jswistak@c-wlaw.com | smstreiblawfirm@hmbn.com |

                            Counsel for Defendant
                                  E.S., a minor