IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor, | : : : : | Civil Action No.: 2:18-cv-1310 |
| Plaintiffs | : : | Honorable Mark R. Hornak, J. |
| vs. | : : : | |
| GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGHAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA, | : : : : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF DEFENDANT MEGHAN VILLEGAS' MOTION TO DISMISS**

### I.   PROCEDURAL HISTORY

The Complaint in the above-captioned matter was filed on October 1, 2018. The Complaint contains ten Counts asserted against five teenage girls or their ten parents and

1

two Counts asserted against the Seneca Valley School District, the Butler County District Attorney's Office, and/or Butler County.

## II.     THE FACTUAL AVERMENTS

The Plaintiffs describe two separate instances in which Plaintiff T.F. was accused of committing a sexual assault.  The first incident occurred at the Zelienople Community Pool in July of 2017.  It is alleged that K.S. reported to Meghan Villegas, daughter of Defendants Pam and George Villegas, that she had been sexually assaulted by T.F.  Meghan Villegas then reported this information, as required, to her supervisor Brandon Coneby.  Ultimately, K.S., by her own decision, reported the assault to school and police personnel resulting in juvenile proceedings being initiated against T.F.  (Complaint, ¶¶ 17-19).  Meghan Villegas is averred, by Plaintiffs, to be an adult.  (Complaint, ¶ 3).

The second incident occurred at the home of defendants David and Christine Seaman and their daughter, C.S., on March 23, 2018 and resulted in the alleged offense being reported to a Seneca Valley School District Guidance Counselor on March 26, 2018.  (Complaint, ¶¶ 22 and 23).  George, Pam, and Meghan Villegas are not mentioned in relation to the second incident, nor are they claimed to be a part of the second instance of alleged misconduct.

Plaintiffs averments related to Meghan Villegas are outlined in paragraph 17 and 19 of Plaintiffs' Complaint as follows:

> Paragraph 17--During the summer of 2017, T.F. was employed as a lifeguard at the Zelienople Community Pool in Butler County, Pennsylvania.  Meghan Villegas and K.S. also worked at the pool.  In June of 2017, Meghan Villegas, a supervisor, advised others that she was going to get T.F. fired from his job at the pool.  After conspiring with Meghan Villegas, K.S. falsely accused T.F. of

2

committing a sexual assault at the pool on or about July 19, 2017.  Meghan Villegas was not at the pool at the time of the alleged assault, having departed the premises to run a personal errand without clocking out.  Nevertheless, Meghan Villegas advised Brandon Coneby, President of Aquatic Watch, Inc., which supplied lifeguards for the pool, that she had been present at the time of the assault, and that K.S. told her about the assault the next day after it occurred.  Upon information and belief, Meghan Villegas conspired with K.S., and assisted K.S. in preparing her statement, in an effort to cause T.F. to be terminated from his job at the pool.  T.F. was fired from his job at the pool on or about July 26, 2017.  K.S. advised Meghan Villegas and other pool employees of her (false) allegations regarding T.F., but she did not inform her parents.

Paragraph 19--…Villegas and K.S. repeated their lies about T.F. to other students and anyone else who would listen to them."

### III.     THE ALLEGATIONS AND CLAIMS DIRECTED AT MEGHAN VILLEGAS

Plaintiffs allege the following counts against Meghan Villegas:  Count I-Negligence, Count III-Civil Conspiracy, Count IV-Defamation, Count V-Malicious Prosecution, Count VI-Invasion of Privacy, Count VII-Intentional Infliction of Emotional Distress, Count VIII-Abuse of Process, Count IX-Injurious Falsehood (Disparagement), and Count X-Fraudulent Misrepresentation.

### IV.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted).  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). While the court must accept as true all of the factual allegations contained in the complaint, that requirement does not apply to legal conclusions. *Iqbal*, 129 S. Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, to not suffice." *Id.* At 1949 (citing *Twombly*, 550 U.S. at 555); *see* also, *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) and *Wilkerson v. New Media Tech. Charter Sch., Inc.,* 522 F.3d 315 (3d Cir. 2008). The determination of whether a complaint contains a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).

The Third Circuit has explained the three-step analysis involved in determining the sufficiency of a Complaint pursuant to the *Twombly/Iqbal* standard, as follows: "(1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## V. ARGUMENT

### A. All Counts-Absolute Privilege

All of Plaintiffs' claims against Meghan Villegas are barred by the doctrine of absolute privilege. Defendant E.S., a minor, in her Motion to Dismiss and supporting

Brief (Documents 38 and 39), sets out extensively the case law and application of that case law as it relates to absolute privilege.  So as not to waste judicial resources and for the sake of judicial economy, Defendant Meghan Villegas joins in the Motion to Dismiss filed by Defendant E.S., a minor, and joins the analysis, argument, and application of case law set out in Defendant E.S.' Brief.  (Document 39).

Further, as stated in paragraph 17 of Plaintiffs' Complaint, "Upon information and belief, Meghan Villegas conspired with K.S., and assisted K.S. in preparing her statement, in an effort to cause T.F. to be terminated by his job at the pool."  K.S.'s statement regarding the incident at the pool formed the foundation of the juvenile Complaint filed against T.F.  Further, Plaintiffs state in Paragraph 52 of their Complaint, "Meghan Villegas and K.S. conspired to falsely accuse T.F. of sexual assault, for the purpose of getting him fired, and their conduct ultimately resulted in charged being filed against him." (Complaint, ¶ 52). Plaintiffs allege that Meghan Villegas' conspiring with K.S. ultimately lead to criminal prosecution.  Thus, Defendant Meghan Villegas' communication to her supervisor about what K.S. said and her alleged "assistance" in helping K.S. prepare a statement are privileged and cannot form the basis for liability under any cause of action.

### B.  All Counts-Statute of Limitations

On the face of Plaintiffs' Complaint it is evident that Plaintiffs did not initiate/commence their claims within the applicable statute of limitations.  Plaintiffs allege that Meghan Villegas told her supervisor about the assault on July 19, 2017 and T.F. was fired from his job on July 26, 2017. (Complaint, ¶ 16-17).  The statute of

limitations for a defamation claim is one year. *See* 42 Pa.C.S. § 5523. The statute begins to run when "the plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury." *Giusto v. Ashland Chem. Co.*, 994 F. Supp. 587, 594 (E.D. Pa. 1998).

T.F. knew, or should have known, about Meghan Villegas' report when he was fired, meaning the statute of limitations would have started on July 26, 2017. Hence, the defamation suit had to be initiated by July 26, 2018. Plaintiffs initiated their suit on October 1, 2018. Plaintiffs were two months passed the applicable statute of limitations. As such, Count V-Defamation, should be dismissed with prejudice.

Further, when an underlying claim is based on defamation, a plaintiff cannot avoid the statute of limitations by re-framing the cause of action as a different cause of action. *See Evans v. Philadelphia Newspapers, Inc.*, 601 A.2d 330, 334 (Pa. Super. 1991). When determining whether the action is defamation, or a different tort, the Court needs to "…look to the gravamen of the action, not to the label applied to it by plaintiffs." *Id*. At 333. Here, each of Plaintiffs' claims against Meghan Villegas arise out of her report to her supervisor that T.F. assaulted K.S. It is the words spoken by Meghan Villegas that form the gravamen of Plaintiffs' claim, thus Plaintiffs claim is fundamentally one of defamation.

Plaintiffs are attempting to re-cast their defamation claim as negligence, civil conspiracy, invasion of privacy, malicious prosecution, intentional infliction of emotional distress, abuse of process, injurious falsehood, and/or fraudulent misrepresentation. As such, the statute of limitations for defamation applies to the remaining claims, and as a

result, they must also be dismissed because they were all filed outside of the one-year limitations period.

### C. Count IV - Defamation

#### 1. Failure to Plead Defamatory Communication

Defendant Meghan Villegas joins in the argument outlined by Defendant E.S. in her Brief in Support of Motion to Dismiss (Document 39) because Plaintiffs have also failed to plead that Meghan Villegas made any defamatory communications. "A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Franklin Prescriptions, Inc. v. The New York Times Co.*, 267 F. Supp. 2d 425, 434 (E.D. Pa. 2003) citing *Maier v. Maretti*, 448 671 A.2d 701, 704 (Pa.Super. 1995). The only statements attributed to Meghan Villegas in the Complaint are as follows: "In June 2017, Meghan Villegas, a supervisor, advised others that she was going to get T.F. fired from his job at the pool…Nevertheless, Meghan Villegas advised Brandon Coneby, President of Aquatic Watch, Inc., which supplied lifeguards for the pool, that she had been present at the time of the assault, and that K.S. told her about the assault the next day after it occurred." (Complaint, ¶ 17).

These statements are not defamatory. First, Meghan Villegas allegedly told "others" that she was going to get T.F. fired. There is no indication that this hurt or injured T.F's reputation. Second, Meghan Villegas said she was present at the facility when the assault occurred. Note that there is no allegation that Meghan Villegas witnessed the assault, only that she was present at the pool when it occurred. There is

7

nothing about this statement that would harm T.F.'s reputation or deter people from associating with him. Next, she reported that K.S. had told her that T.F. had assaulted her. Meghan Villegas simply repeated what K.S. told her to a supervisor. There are no alleged facts that Meghan Villegas repeated to a supervisor what K.S. said in an effort defame T.F. She was doing what any reasonable supervisor would do who had received a report of sexual misconduct in the work place.

### D.  Count I– Negligence

1. **Failure to State A Claim**

Plaintiffs have failed to state a claim upon which relief may be granted for Negligence. Negligence, as defined in the Restatement Second on Torts, "…is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. It does not include conduct recklessly disregardful of an interest of others." Restatement (Second) of Torts § 282 (1965). In the Comments, conduct is further defined as "…either of an act (see § 2), or an omission to act when there is a duty to do so (see § 284)." Negligence requires an act or conduct. Speech is not conduct for purposes of negligence. Negligence requires the liable party to do something, not just say something. Hence, defamation, instead of negligence, is the appropriate cause of action in relation to speech. Plaintiffs' negligence claims against Meghan Villegas are based solely on her statements, not on her conduct. Thus, Plaintiffs' allegations do not meet the definition of negligence, so they have failed to state a claim for negligence.

Further, the pleaded facts of Plaintiffs' Complaint fail to meet the elements of negligence. The elements of a negligence claim in Pennsylvania are as follows: "A plaintiff must prove four elements to establish negligence by a defendant: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Toro v. Fitness Int'l LLC.*, 150 A.3d 968, 976–77 (Pa. Super. 2016). Further, "[t]o establish a *prima facie* case of negligence, a plaintiff must plead that 'the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage.'" *Walters v. UPMC Presbyterian Shadyside*, 187 A.3d 214, 221 (Pa.Super. 2018).

Plaintiffs have failed to plead facts that allege that Meghan Villegas had a legal duty towards K.F. Instead, they state a legal conclusion that Meghan Villegas caused damage by "negligently failing to tell the truth, that T.F. never sexually assaulted anyone." (Complaint, ¶ 45). Further, they state that Meghan Villegas "owed Plaintiffs a duty to tell the truth and not lie about the conduct of T.F." (Complaint, ¶ 46) However, Plaintiffs have not explained what legal obligation Meghan Villegas had to tell the truth. There was no allegation that she was under oath at the time of her statements. *See Commonwealth v. Koehler*, 737 A.2d 225, 239 (Pa. 1999) (one element of witness competency is their understanding of their obligation to tell the truth). There was no allegation that she was in a fiduciary relationship with T.F. that would require her to tell the truth. If anything, Meghan Villegas, as a supervisor, or master, had a duty to ensure that T.F. did not cause harm to anyone while being an employee at the community pool.

9

*See* Restatement (Second) of Torts § 317 (1965). There is simply no legal duty placed upon Meghan Villegas to "tell the truth" in relation to T.F., so the Plaintiffs have failed to plead the first element of a negligence claim.

Further, Plaintiffs have failed to allege that Meghan Villegas did not tell the truth with regard to T.F.'s assault of K.S. The only allegation is that Meghan Villegas told Brandon Coneby that K.S. told her about the assault. Plaintiffs do not dispute that K.S. did in fact tell Meghan Villegas about the assault, so this statement cannot be the basis of a negligent lie. The only "lie" that Meghan Villegas allegedly told was with regard to her presence at the pool during the assault. This is not a lie that related to T.F.'s assault on K.S., so it also could not be the basis for negligence as it pertains to T.F.

In order for the Court to impose a duty that has yet to be recognized under the law, it must consider five factors: "(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." *Walters*, at 222. The duty Plaintiffs seek to impose on Meghan Villegas is that she evaluate reports of sexual assault for truthfulness prior to reporting them to her supervisor. Such a duty is not tenable under the five factors. The relationship between T.S. and Meghan Villegas, as plead, is one of supervisor and employee. The social utility of Meghan Villegas' conduct is extremely positive. She received a report of sexual assault from someone she supervised and then she gave that report to her supervisor. Society demands that supervisors act on reports of sexual assault and failing to do so can have dire negative consequences for society and

10

the individuals involved. Further, imposing a duty on Meghan Villegas to first evaluate if the report she received was true before reporting it to her supervisor has negative consequences and the public interest would be harmed by imposing such a duty. The public has decided that reports of sexual assault need to be addressed. That is the reason for mandatory reporting laws. Imposing this duty on Meghan Villegas (as supervisor) would undermine those laws by slowing down the process because lower level supervisors would be required to first evaluate reports. Further, it could lead to less reports being addressed if lower level supervisors determine, based on erroneous reasons, that the person reporting the assault is not telling the truth. Lower level supervisors would essentially be cutting the claim off before it could be properly vetted. This would be detrimental to society and not an appropriate duty to be imposed on persons like Meghan Villegas who are in similar situations (i.e. supervisors).

### 2. Duplicative Claims

The same verbal statement by Meghan Villegas forms the basis of the claim for defamation and negligence, so the negligence claim should be dismissed as duplicative. *See Shadle v. Nexstar Broad. Grp., Inc.,* No. 3:13-CV-02169, 2014 WL 3590003, at 12 (M.D. Pa. July 21, 2014)(**unpublished decision**). Federal courts have held that allowing defamation claims to be transformed into negligence claims chills First Amendment rights that are considered in defamation claims. *Shadle* at 11.

### E.  Count V – Malicious Prosecution

Plaintiffs have failed to state a claim upon which relief may be granted for malicious prosecution.  Plaintiffs specifically name Meghan Villegas in the count heading, but not in the Complaint itself (i.e. in the paragraphed averments).  Plaintiffs state, "K.S., C.S., E.S., and H.R. knowingly provided false statements to school and court officials and to prosecutors to initiate criminal prosecution of T.F."  (Complaint, ¶ 63).  Plaintiffs specifically list the other teenage Defendants, but exclude Meghan Villegas because she did not speak directly to school, police, or court officials.  Such vague statements violate the pleading required under Rule 12(b)(6) and Count V should be dismissed.

Further, since Meghan Villegas never spoke to police or prosecutors, she could not possibly be held liable for malicious prosecution.  As argued by Defendant E.S. in her Motion to Dismiss and Brief in Support thereof (Documents 38 and 39), and adopted by Defendant Meghan Villegas, Plaintiffs allege that T.F. was prosecuted by the juvenile probation office and the Butler County District Attorney's Office, not Meghan Villegas.  There is simply no factual basis upon which relief could be granted and Count V should be dismissed.

### F.  Count VI-Invasion of Privacy.

Plaintiffs have failed to state a claim upon which relief may be granted for invasion of privacy.  As argued by Defendant E.S. in her Motion to Dismiss and Brief in Support thereof (Documents 38 and 39), and adopted by Defendant Meghan Villegas,

intrusion upon seclusion requires an actual intrusion by Meghan Villegas. Plaintiffs have failed to state any facts that Meghan Villegas intruded upon T.F. The only intrusion alleged by Plaintiffs as done by the Butler County District Attorney's Office, Butler County Alliance for Children, court personnel and the judiciary. As such, there is no factual basis upon which relief may be granted and Count VI should be dismissed.

### G. Count VII—Abuse of Process

Plaintiffs have failed to state a claim upon which relief may be granted for abuse of process. As argued the Defendant E.S. in her Motion to Dismiss and Brief in Support thereof (Documents 38 and 39), and adopted by Meghan Villegas, Plaintiffs have failed to allege that Meghan Villegas initiated any process against T.F. It is not even alleged that she spoke to police or any other law enforcement personnel, nor that she testified in Court. As such, there is no factual basis to support a claim for abuse of process and Count VII should be dismissed.

### H. Count IX-Injurious Falsehood

Plaintiffs have failed to state a claim upon which relief may be granted for injurious falsehood. As argued by Defendant E.S. in her Motion to Dismiss and Brief in Support thereof (Documents 38 and 39), and adopted by Meghan Villegas, Plaintiffs have failed to allege that Meghan Villegas made any statements with the intent to cause pecuniary harm to T.F. Instead, Plaintiffs make the conclusory statement that "Meghan Villegas, a supervisor, advised others that she was going to get T.F. fired from his job at the pool." (Complaint, ¶ 17). The Complaint fails to connect any of Meghan Villegas'

statements with this stated goal. Such conclusory statements cannot form the basis of a claim for injurious falsehood and Count IX should be dismissed.

## I. Count X—Fraudulent Misrepresentations

Plaintiffs have failed to state a claim upon which relief may be granted. As argued by Defendant E.S. in her Motion to Dismiss and Brief in Support thereof (Documents 38 and 39), and adopted by Defendant Meghan Villegas, Plaintiffs have failed to allege that either of the two incidents central to their case involved a business transaction. Without such a transaction, Plaintiffs have failed to state a claim for fraudulent misrepresentation and Count X should be dismissed.

## VI. CONCLUSION

All claims against Defendant Meghan Villegas should be dismissed because Plaintiffs are in violation of the applicable statute of limitations, the absolute privilege applies and bars all claims in this case and Plaintiffs have failed to state claims upon which relief can be granted.

Respectfully Submitted,

/s/ Joseph V. Charlton
Joseph V. Charlton, Esq.
D. Robert Marion, Esq.
Charlton Law
617 South Pike Road
Sarver, PA 16055

Counsel for Meghan Villegas

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2018, I have filed electronically the foregoing Brief in Support of Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record:

Craig L. Fishman, Esq.
Shenderovich, Shenderovich & Fishman, P.C.
429 Fourth Ave.
1100 Law & Finance Building
Pittsburgh, PA  15219
clf@ssf-lawfirm.com
*Counsel for Plaintiffs*

Marie Mille Jones, Esq.
Maria N. Pipak, Esq.
JonesPasaodelis, PLLC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA  15219
mjones@jonespassodelis.com
mpipak@jonespassodelis.com
*Counsel for Butler County District Attorney's Office and Butler County, Pennsylvania*

Stephen J. Magley, Esq.
O'Malley & Magley, LLP
5280 Steubenville Pike
Pittsburgh, PA  15205
sjm@omalleyandmagley.com
*Counsel for David and Christine Seaman, individually and as Parents and Natural Guardians of C.S., a minor*

Matthew M. Hoffman, Esq.
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA  15222
mhoffman@tuckerlaw.com
*Counsel for Seneca Valley School District*

Jill D. Sinatra, Esq.
Gilliand Vanasdale Sinatra Law Office, LLC
1667 Route 228, Suite 300
Cranberry Township, PA  16066
jill@gvlawoffice.com
*Counsel for David and Christy Sherk, individually and as Parents and Natural Guardians of K.C., a minor*

S. Michael Streib, Esq.
300 Oxford Drive, Suite 75
Monroeville, A  15146
smstreiblawfirm@hmbn.com
Jennifer Swistak, Esq.
650 Washington Rd., Suite 700
Pittsburgh, PA  15228
jswistak@c-wlaw.com
*Counsel for Chris and Kimberly Salancy and as Parents and Natural Guardians of E.S., a minor*

The following individuals have been served via first class mail, postage pre-paid, this 4th day of December 2018.

| | |
|---|---|
| David Reina<br>5A River Road<br>Pittsburgh, PA  15238<br>*Individually and as parent of H.R.* | Lynn Reina<br>103 Green Gables Manor<br>Zelienople, PA  15063<br>*Individually and as parent of H.R.* |

                                              Respectfully Submitted,

                                              */s/  Joseph V. Charlton*
                                              Joseph V. Charlton, Esq.
                                              D. Robert Marion Jr., Esq.

                                              Charlton Law
                                              617 South Pike Road
                                              Sarver, PA  16055

                                              Counsel for Meghan Villegas