IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA,<br><br>Defendants. | Civil Action No. 2:18-cv-01310-MRH<br><br>JUDGE MARK R. HORNAK<br><br><br><br><br><br>**ELECTRONICALLY FILED**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**MOTION TO DISMISS OF DEFENDANTS, BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE AND BUTLER COUNTY, PENNSYLVANIA**

AND NOW, come Defendants, BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE and BUTLER COUNTY, PENNSYLVANIA, by and through their undersigned counsel, JonesPassodelis, PLLC, and file the within Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter

{W0154190.1}

jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, as follows:

1.   This action was filed by the parents of a male high school student, individually and on behalf of their minor son, T.F., against various defendants, including the parents of female high school students, their school district, Butler County and the Butler County District Attorney's Office stemming from allegations of sexual assault made by the female high school students against T.F. and T.F.'s subsequent prosecution.

2.   The claims against the Butler County District Attorney's Office and Butler County (the "County Defendants") are included in only one count of Plaintiffs' twelve count Complaint in which Plaintiffs assert a municipal liability claim claiming that the County Defendants maintained a policy of not prosecuting females who make allegedly false accusations of sexual assault and that T.F. was singled out as a "class of one" by the Assistant District Attorney or probation officer handling that case.

3.   The relevant facts with respect to the County Defendants are set forth County Defendants' accompanying Brief in Support of Motion to Dismiss.

4.   Pursuant to the Court's Standing Order, (ECF No. 3), County Defendants attempted to confer with Plaintiffs regarding the extent to which these Defendants maintain Plaintiffs' claim is insufficient. *See* attached Ex. A (email chain). Plaintiffs would not agree to

amend their Complaint at this stage, and their position is set forth in the accompanying email chain.

5. As set forth in more detail in County Defendants' Brief in Support of Motion to Dismiss, Plaintiffs' municipal liability claim against the County Defendants is not appropriately or sufficiently pled, and therefore, requires dismissal.

6. As an initial matter, the parent Plaintiffs' individual claim for equal protection must fail as no allegations of individual harm to the parents exist and "a parent, not acting in a representative capacity, lacks standing to sue for the deprivation of the civil rights of his or her children." *Morel v. Smith*, 2017 WL 332 6975, at *2 (M.D. Pa June 27, 2017)(internal quotations omitted). While the Complaint provides that the claim is brought by all Plaintiffs, Plaintiffs indicated they are not seeking individual equal protection claims by the parent Plaintiffs, and therefore, this claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) with prejudice. In addition, counsel appears to acknowledge, in Exhibit A, that the parents do not pursue this claim.

7. Further, the District Attorney's Office is not a proper party to Plaintiffs' municipal liability claim.  The case law is clear that District Attorney's offices are not entities that have the capacity to be sued for purposes of § 1983 liability, and therefore, this party should be dismissed with prejudice. *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir.1997).

8. To the extent Plaintiffs' equal protection claim arises out of minor Plaintiff's charges as a result of the 2017 pool incident, Plaintiffs waived any complaints stemming therefrom. Indeed, the Complaint makes clear that Plaintiffs entered into a consent decree, agreeing to the disposition of these charges and the minor's subsequent probation. Plaintiffs cannot now complain of behavior or sanctions about which they voluntarily agreed.

9. Plaintiffs' Complaint fails to set forth a municipal liability claim on the basis of a County policy or on a theory that Plaintiff T.F.'s rights were violated as a class of one.

10. First, Plaintiff failed to set forth any official with final policy-making authority for the County so that the decision not to prosecute females who made allegedly false statements of sexual assault could satisfy the requirements of municipal liability.

11. To the extent Plaintiffs claim the attorneys in the District Attorney's Office implemented any alleged policy, the conduct of the ADA set forth in Plaintiffs' Complaint is purely prosecutorial in nature and cannot be deemed County policy for the purposes of Section 1983 liability. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

12. Further, Plaintiffs' Complaint fails to set forth any causation to the extent that parent Plaintiffs or T.F. were directly harmed by any alleged policy of failing to prosecute females who made allegedly false accusations of sexual assault. All of Plaintiff T.F.'s claimed

harm stems from his own prosecution, not the lack of prosecution of the minor female Defendants.

13. Similarly, Plaintiffs' Complaint fails to sufficiently allege that County Defendants were deliberately indifferent as Plaintiffs do not set forth any basis in which a County actor knew or should have known that his actions in failing to prosecute the minor female Defendants would harm Plaintiffs.

14. With respect to Plaintiff T.F.'s "class of one claim," Plaintiff fails to sufficiently set forth any of the elements required to state a claim.  In order to state an equal protection claim premised upon a "class of one" theory, plaintiff must allege 1) the defendant treated them differently from others similarly situated; 2) the defendant did so intentionally; and 3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006).

15. T.F. fails to set forth that he was treated differently than those similarly situated. While Plaintiff names the minor female Defendants as comparators, they cannot be found to be similarly situated to give rise to a class of one claim.

16. The Complaint also fails to sufficiently state that the County actors intentionally treated T.F. differently with ill-will.

17.     Finally, Plaintiffs cannot nor do they allege that the County acted without a reasonable basis.  Rather, from the face of the Complaint, based on the serious charges alleged, the prior consent decree and information available, the ADA acted reasonably.

18.     Plaintiffs' claim against the County Defendants is deficient a matter of law and cannot be cured.  Therefore, amendment would be futile and the County Defendants should be dismissed with prejudice.

WHEREFORE, Defendants, BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE and BUTLER COUNTY, PENNSYLVANIA, respectfully request that this Honorable Court dismiss Plaintiffs' Complaint against these Defendants with prejudice.

Respectfully submitted,

JONESPASSODELIS, PLLC

By: _s/Marie Milie Jones_____
MARIE MILIE JONES, Esquire
PA I.D. No. 49711
E-Mail: mjones@jonespassodelis.com

MARIA N. PIPAK, Esquire
PA I.D. No. 317450
E-Mail: mpipak@jonespassodelis.com

Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA  15219
Phone: (412) 315-7272
Fax: (412) 315-7273

Counsel for Defendants,
BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE
and BUTLER COUNTY, PENNSYLVANIA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

    \_\_\_\_\_  U.S. First Class Mail, Postage Paid
    \_\_\_\_\_  Hand Delivery
    \_\_\_\_\_  Certified Mail, Return Receipt Requested
    \_\_\_\_\_  Facsimile Transmittal
    \_\_\_\_\_  UPS Delivery
    __X__  Electronic Filing/Service

at the following address:

Craig L. Fishman, Esquire
Shenderovich, Shenderovich & Fishman, P.C.
11th Floor Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
*(Counsel for Plaintiffs)*

Stephen J. Magley, Esquire
O'Malley & Magley, L.L.P.
5280 Steubenville Pike
Pittsburgh, PA 15205
*(Counsel for Defendants, David and Christine Seaman)*

Joseph V. Charlton, Esquire
617 South Pike Road
Sarver, PA 16055
*(Counsel for Defendants, George, Pam and Meghan Villegas)*

Jennifer M. Swistak, Esquire
CIPRIANI & WERNER, P.C.
650 Washington Road – Suite 700
Pittsburgh, PA 15228
*(Counsel for Defendants, Cris and Kimberly Salancy)*

Jill D. Sinatra, Esquire
Gilliand Vanasdale Sinatra Law Office, LLC
1667 Route 228, Suite 300
Cranberry Township, PA 16066
*(Counsel for Defendants, David and Christy Sherk)*

S. Michael Streib, Esquire
300 Oxford Drive, Suite 75
Monroeville, PA 15146
*(Counsel for Defendants, Cris and Kimberly Salancy)*

JONESPASSODELIS, PLLC

Date:  December 4, 2018

s/Marie Milie Jones
MARIE MILIE JONES, Esquire
MARIA N. PIPAK, Esquire

Counsel for Defendants,
BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE
and BUTLER COUNTY, PENNSYLVANIA

{W0154190.1}