# EXHIBIT A

| | |
|---|---|
| **From:** | Craig L. Fishman, Esq. <clf@ssf-lawfirm.com> |
| **Sent:** | Thursday, November 29, 2018 4:20 PM |
| **To:** | Marie Jones |
| **Cc:** | 'joe@charltonlawyers.com'; 'jillsinatra@yahoo.com'; 'sjm@omalleyandmagley.com'; 'jswistak@c-wlaw.com'; 'smstreiblawfirm@hmbn.com'; 'mhoffman@tuckerlaw.com'; Maria Pipak |
| **Subject:** | RE: Case 2:18-cv-01310-MRH FLOOD et al v. VILLEGAS et al |

I read the cases you cited and disagree with your legal conclusion about the DA's office not being a proper party. The County is not an attorney and cannot set legal policy or it would be guilty of the unauthorized practice of law, and the DA would be committing a violation of the Rules of Professional Conduct if the office was supervised by a non-attorney.



SHENDEROVICH SHENDEROVICH & FISHMAN

**CRAIG L. FISHMAN, ESQ.**

**ACCIDENT & INJURY LITIGATION**
**CIVIL TRIAL EXPERT**

SHENDEROVICH, SHENDEROVICH & FISHMAN, P.C.
429 4TH AVE, 11TH FLOOR, PITTSBURGH, PA 15219

PHONE: 412-391-7610  /  FAX: 412-391-1126

WWW.SSF-LAWFIRM.COM

---

**From:** Marie Jones <MJones@jonespassodelis.com>
**Sent:** Thursday, November 29, 2018 4:05 PM
**To:** Craig L. Fishman, Esq. <clf@ssf-lawfirm.com>
**Cc:** 'joe@charltonlawyers.com' <joe@charltonlawyers.com>; 'jillsinatra@yahoo.com' <jillsinatra@yahoo.com>; 'sjm@omalleyandmagley.com' <sjm@omalleyandmagley.com>; 'jswistak@c-wlaw.com' <jswistak@c-wlaw.com>; 'smstreiblawfirm@hmbn.com' <smstreiblawfirm@hmbn.com>; 'mhoffman@tuckerlaw.com' <mhoffman@tuckerlaw.com>; Maria Pipak <MPipak@jonespassodelis.com>
**Subject:** RE: Case 2:18-cv-01310-MRH FLOOD et al v. VILLEGAS et al

Craig,

I'd hoped we did not have to (at least ) include the argument on the DA's Office, as it is pretty straightforward. And that is the purpose of the court's order I think, so parties confer and then we do not have to include unnecessary arguments.

On the position of the parents in the equal protection claim, I would likely plan to use your note (with the motion) to show you will not be arguing against our position that they do not have this claim themselves. Let me know if I missed something there.

As for the extension, I have no objection.

Marie

Please visit our newly redesigned website at www.jonespassodelis.com



Gulf Tower, Suite 3410, 707 Grant Street, Pittsburgh, PA 15219
T. 412.315.7272 | www.jonespassodelis.com

**Marie Milie Jones**
Attorney at Law
Martindale-Hubbell® AV Peer Review Rated Preeminent™
www.jonespassodelis.com

This transmission is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone and permanently delete any electronic or printed version and attachments. Thank you.

**From:** Craig L. Fishman, Esq. [mailto:clf@ssf-lawfirm.com]
**Sent:** Thursday, November 29, 2018 3:32 PM
**To:** Marie Jones
**Cc:** 'joe@charltonlawyers.com'; 'jillsinatra@yahoo.com'; 'sjm@omalleyandmagley.com'; 'jswistak@c-wlaw.com'; 'smstreiblawfirm@hmbn.com'; 'mhoffman@tuckerlaw.com'; Maria Pipak
**Subject:** RE: Case 2:18-cv-01310-MRH FLOOD et al v. VILLEGAS et al

Marie,

I am unwilling to dismiss Butler County and the Butler County DA at the current time. I may amend the Complaint once I see the Rule 12 motions that are filed.

The parents are not bringing individual federal law claims (they are bringing those claims on behalf of their minor son). Their individual claims are limited to the state law causes of action in the Complaint.

To all counsel,

I am anticipating a multitude Rule 12(b)(6) and 12(b)(7) motions. The court's scheduling order requires a response in 14 days. I'm in Florida from December 8 -15, and we are off work for Christmas and New Year's Day so I am requesting an extension until January 11, 2019 to respond to the motions. Please let me know if you object and I will note it in the motion for extension of time that I intend to file with the court. Thanks.



**SHENDEROVICH SHENDEROVICH & FISHMAN**

## CRAIG L. FISHMAN, ESQ.

**ACCIDENT & INJURY LITIGATION**
**CIVIL TRIAL EXPERT**

SHENDEROVICH, SHENDEROVICH & FISHMAN, P.C.
429 4TH AVE, 11TH FLOOR, PITTSBURGH, PA 15219

PHONE: 412-391-7610  /  FAX: 412-391-1126

WWW.SSF-LAWFIRM.COM

---

**From:** Marie Jones <MJones@jonespassodelis.com>
**Sent:** Thursday, November 29, 2018 3:09 PM
**To:** Craig L. Fishman, Esq. <clf@ssf-lawfirm.com>
**Cc:** 'joe@charltonlawyers.com' <joe@charltonlawyers.com>; 'jillsinatra@yahoo.com' <jillsinatra@yahoo.com>; 'sjm@omalleyandmagley.com' <sjm@omalleyandmagley.com>; 'jswistak@c-wlaw.com' <jswistak@c-wlaw.com>; 'smstreiblawfirm@hmbn.com' <smstreiblawfirm@hmbn.com>; 'mhoffman@tuckerlaw.com' <mhoffman@tuckerlaw.com>; Maria Pipak <MPipak@jonespassodelis.com>
**Subject:** Case 2:18-cv-01310-MRH FLOOD et al v. VILLEGAS et al

As required by Judge Hornak's Standing Order and Procedures on Civil Motion Practice, I write to inform you that we plan on filing a Motion to Dismiss with respect to the County Defendants next week. I am copying all defense counsel to give notice as well.

With respect to the County Defendants, the Complaint appears to allege a claim by all Plaintiffs against the District Attorney's Office and the County for a violation of Plaintiffs' equal protection rights. It is our position that the Complaint is deficient in its entirety with respect to this claim.

Relative to the County parties sued, to the extent Plaintiffs bring this claim against the District Attorneys' Office, this party is improper. The District Attorney's Office is not a separate legal entity for the purposes of Section 1983 liability and, therefore, should be dismissed. *Reitz v. County of Bucks*, 125 F. 3d 139, 144 (3d Cir. 1997); *Tavenner v. Shaffer*, 2008, WL 4861982, at *4 (Nov. 6 2008).

Further, the claim as brought by the parents individually is also improper. There are no allegations that the parents suffered any violation of their own equal protection rights. Though it is alleged that the parents suffered incidental monetary damages stemming from the alleged violation of T.F.'s constitutional rights, it is well established that such incidental damages do not give rise to constitutional violations and that parents lack standing to bring individual claims under Section 1983 based solely upon deprivation of a child's constitutional rights. *Morel v. Smith*, 2017 WL 332 6975, at *2 (M.D. Pa June 27, 2017); *Franklin v. Borough of Carteret Police Dep't*, 2010 WL 4746740, at *4 (D.N.J. Nov. 15, 2010).

Turning to the substantive merits, the Complaint does not set forth a municipal liability claim. It appears Plaintiffs premise this claim on a County policy; however, the Complaint fails to identify a specific policy nor demonstrates any ongoing behavior or knowledge to give rise to an actionable policy. *Williams v. Velez*, CV 16-1593, 2017 WL 2002015 at *4 (E.D. Pa. May 12, 2017). Further, the Complaint fails to identify any County policymaker who could satisfy the

requirement of municipal liability. To the extent Plaintiffs attempt to claim that the DA or an ADA had final policymaking authority, this position would also fail as the case law makes clear the actions alleged by prosecutors are prosecutorial in nature (and subject to prosecutorial immunity) and, therefore, cannot represent a policy of the County to give rise to municipal liability. Connick v. Thompson, 563 U.S. 51, 62 (2011).

Additionally, to the extent Plaintiffs frame the claim as a "class of one" equal protection claim, that claim must also fail. While Plaintiffs allege T.F. was treated differently than the girls who made the complaints, as he was prosecuted but they were not, on the face of the Complaint, it is obvious that the girls and T.F. are not comparators/similarly situated as required to state a claim. Plaintiffs do not and, frankly, cannot allege that T.F. was treated differently than another person about whom the police received complaints of alleged sexual assault. Nor does Plaintiffs' Complaint sufficiently state that the ADA's actions were intentional with ill-will or that he acted without a rational basis as required.

We may also raise that relative to any claim related to the first incident described, plaintiffs waive that claim or are otherwise barred from raising it due to their agreement/consent on the disposition of charges related to that incident.

In accordance with the Court's Standing Order, please let me know your position with respect to our planned motion.
Thank you,
Marie

Please visit our newly redesigned website at www.jonespassodelis.com



Gulf Tower, Suite 3410, 707 Grant Street, Pittsburgh, PA 15219

T. 412.315.7272 | www.jonespassodelis.com

**Marie Milie Jones**
Attorney-at-Law
Martindale-Hubbell® AV Peer Review Rated Preeminent™
www.jonespassodelis.com

This transmission is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone and permanently delete any electronic or printed version and attachments. Thank you.