# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor, | CASE NO.: 2:18-cv-01310-MRH |
| Plaintiffs, | HONORABLE MARK R. HORNAK |
| v. | |
| GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA, | |
| Defendants. | |

## DEFENDANTS DAVID AND CHRISTY SHERK'S F.R.C.P. 12(b)(6) MOTION TO DISMISS

AND NOW, come Defendants, DAVID and CHRISTY SHERK, by and through their attorneys, Jill Sinatra, Esq., and Gilliland Vanasdale Sinatra Law Office, LLC, and file the following F.R.C.P. 12(b)(6) Motion to Dismiss:

1.      Plaintiffs filed this action for personal injuries on October 1, 2018 alleging ten (10) Counts of negligence, civil conspiracy, defamation, malicious prosecution, invasion of privacy,

intentional infliction of emotional distress, abuse of process, injurious falsehood and fraudulent misrepresentation by eight (8) parents and four (4) of their children and Megan Villegas.

2.     Plaintiffs' Complaint contains two (2) additional counts against The Seneca Valley School District, Butler County District Attorney's Office and Butler County, Pennsylvania.

3.     Defendants David and Christy Sherk (hereinafter Defendants Sherk), parents of minor defendant, K.S., were sued for negligence in failing to supervise their daughter, K.S., failing to teach her the difference between right and wrong and failing to teach the "Golden Rule." *Complaint, ¶48.*

### Factual Averments

4.     For the sake of judicial economy, Defendants Sherk hereby incorporate by reference the recitation of the factual averments in Defendants David and Christine Seaman's F.R.C.P. 12(b)(6) Motion and Brief in Support thereof (Documents 40 and 41) as if the same were set forth at length herein.

5.     The averments involving the Defendants Sherk are as follows:

   a)     ***K.S. advised Megan Villegas and other pool employees of her (false) allegations regarding T.F., but she did not inform her parents.*** *Complaint, ¶ 17;*

   b)     ***On or about October 3, 2017, after she was overheard by a teacher telling other students that she had been sexually assaulted (she had still not related her false accusations to her parents), K.S. was called to the office of a Seneca Valley Intermediate High School Guidance Counselor, where K.S. falsely accused T.F. of sexual assault;*** *Complaint, ¶19;*

   c)     ***The Defendant parents negligently failed to supervise their children; negligently failed to teach them to refrain from falsely accusing another person***

*of sexual assault; negligently failed to teach them the difference between right and wrong; negligently failed to teach them the "Golden Rule"; and David and Christine Seaman negligently failed to supervise the minors at their residence who consumed alcohol, became drunk and then lied about the conduct of T.F. The parents are also vicariously liable for the negligence of their children.* Paragraph ¶ 48.

### Standard of Review

6.     For the sake of judicial economy, Defendants Sherk hereby incorporate by reference the recitation of the factual averments in Defendants David and Christine Seaman's F.R.C.P. 12(b)(6) Motion and Brief in Support thereof (Documents 40 and 41) as if the same were set forth at length herein.

### Applicable Law

### <u>Count II:  Negligence</u>

7.     Count II is the only count involving the Defendants Sherk and alleges that "[t]he Defendant parents negligently failed to supervise their children; negligently failed to teach them to refrain from falsely accusing another person of sexual assault; negligently failed to teach them the difference between right and wrong; negligently failed to teach them the "Golden Rule". *Complaint, ¶ 48.*

8.     For the sake of judicial economy, Defendants Sherk hereby incorporate by reference the recitation of the factual averments in Defendants David and Christine Seaman's F.R.C.P. 12(b)(6) Motion and Brief in Support thereof (Documents 40 and 41) as if the same were set forth at length herein.

3

9.      Plaintiffs' Complaint contains no facts demonstrating Defendants Sherk had any knowledge of their minor daughter, K.S., ever engaging in in any misconduct involving false reports or allegations of any kind to authorities.

10.     Plaintiff's Complaint contains no facts demonstrating Defendants Sherk ever received notice their minor daughter, K.S. intended to engage in or was about to engage in any misconduct, false reports or the like or that Defendants Sherk had any ability to exercise control over their minor daughter, K.S. at the time the alleged misconduct was occurring.

11.     In fact, Plaintiff's Complaint acknowledges in two separate paragraphs that K.S. never informed her parents of the allegations she made against T.F.  Complaint, ¶¶ 17; 19.

12.     Plaintiffs fail to plead sufficient facts giving rise to a duty of Defendants Sherk to supervise or otherwise control their child and fail to state a claim upon which relief can be granted and all claims against Defendants Sherk should be dismissed.  Further, given the conclusory nature of Plaintiffs' claims against Defendants Sherk and the lack of any connection between the events described in the Complaint and Defendants Sherk, this Court should deny any request by Plaintiffs to amend their Complaint.

WHEREFORE these Defendants, David and Christy Sherk, respectfully request this Honorable Court enter an Order dismissing the negligence count against them and dismissing them as defendants in this action.

Respectfully submitted:

GILLILAND VANASDALE SINATRA
LAW OFFICE, LLC

Date: __12.4.18_____            By: */s/JILL SINATRA*_____
                                 JILL SINATRA, ESQUIRE
                                 PA I.D. No.: 95075
                                 1667 Route 228, Suite 300
                                 Cranberry Township, PA 16066
                                 Tel:  (724) 741-0536
                                 Fax:  (724) 741-0538
                                 jill@gvlawoffice.com

                                 *Counsel for Defendants,*
                                 *David and Christy Sherk, individually and as*
                                 *Parents and Natural Guardians of K.S., a minor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2018, I have filed electronically the foregoing Defendant's David and Christy Sherk's F.R.C.P. 12(b)(6) Motion to Dismiss of using the CM/ECF system, which will automatically send email notification to the following attorneys of record:

Craig L. Fishman, Esquire
*Counsel for Plaintiffs*

Marie Mille Jones, Esquire
*Counsel for Butler County*
*District Attorney's Office*
*and Butler County, Pennsylvania*

Stephen J. Magley, Esquire
*Counsel for David and*
*Christine Seamen, individually*
*and as parents and natural*
*guardians of C.S., a minor*

Matthew M. Hoffman, Esquire
*Counsel for Seneca Valley School District*

S. Michael Streib, Esquire
*Counsel for Chris and*
*Kimberly Salancy, individually*
*and as parents and natural*
*guardians of E.S., a minor*

The following person have been served via First Class U.S. Mail, postage pre-paid, this 4th day of December, 2018:

David Reina
5A River Road
Pittsburgh, Pennsylvania 15238
*Individually and as parent and*
*natural guardian of H.R., a minor*

Lynn Reina
103 Green Gables Manor
Zelienople, Pennsylvania 15063
*Individually and as parent and*
*natural guardian of H.R., a minor*

GILLILAND VANASDALE SINATRA
LAW OFFICE, LLC

By: /s/ Jill D. Sinatra
     Jill D. Sinatra, Esquire