## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL and ALECIA FLOOD, individually and as Parents and Natural Guardians of TYLER FLOOD, a minor, | Civil Action No.: 2:18-cv-01310-MRH |
| | HONORABLE MARK R. HORNAK |
| Plaintiffs, | |
| vs. | |
| GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA, | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO RULE 12(b)(6) MOTION OF <u>DEFENDANT SENECA VALLEY SCHOOL DISTRICT (DOCUMENT NO. 32)</u>**

AND NOW, come the Plaintiffs, Michael and Alecia Flood, individually and as

Parents and Natural Guardians of Tyler Flood, a minor, by and through their attorneys,

Craig L. Fishman, Esquire and Shenderovich, Shenderovich & Fishman, P.C. and file

the following Plaintiffs' Brief in Opposition to Rule 12(b)(6) Motion of Defendant Seneca Valley School District (Document No. 32):

I. **PERTINENT FACTS**

The following facts are pleaded in the Complaint and pertinent to the Court's disposition of Defendant's Motion, but are not referenced in Defendant's Brief:

Seneca Valley Intermediate High School permitted T.F. to be removed from class in handcuffs and leg irons. The School District prohibited him from playing baseball because of the false allegations lodged against him. He received homebound instruction through the end of the school year, because he was not permitted to attend school (Complaint ¶25).

Defendant Seneca Valley School District contends that it is not permitted to discipline the "mean girl" students, claiming that their misconduct did not occur at school, even though the girls lied to a guidance counselor at school, triggering two separate cases charging T.F. with sexual assault, and even though the "mean girls" lies resulted in harassment and bullying of T.F. by other students at school and at school-sponsored events, and even though the School District permitted, supported and aided the Jackson Township Police in handcuffing and shackling T.F. during the school day and parading him in a "perp walk" out of the school into a police car to embarrass and humiliate him. Seneca Valley School District did not discipline the girls or mark their academic records (Complaint ¶34). Although not noted in the Complaint, the failure of the School District to discipline the mean girl students means that they are free to

participate in extracurricular activities like cheerleading, or can attend school sporting events, while the minor Plaintiff was prohibited from doing so.

## II. ARGUMENT

### A. Plaintiff's Equal Protection Rights Were Violated

A constitutional right to freedom from sexual discrimination, including "sexual harassment perpetrated by government officials in a public school," is conferred by the equal protection clause of the 14th Amendment. **S.K v. North Allegheny School Dist.**, 168 F. Supp. 3d 786, 812 (W.D. Pa. 2016, J. Cercone). Plaintiffs must prove the existence of intentional or purposeful discrimination to bring a successful claim under 42 U.S.C. §1983. **Wilson v. Schillinger**, 761 F.2d 921 (3d Cir. 1985). To state a claim, Plaintiff must show that he was treated differently than other similarly situated individuals based upon his gender. **Andrews v. City of Philadelphia**, 895 F.2d 1469 (3d Cir. 1990).

The Complaint pleads that the minor Plaintiff and the four minor "mean girls" were students enrolled in the Seneca Valley School District. The equal protection clause is essentially a direction that all persons similarly situated should be treated alike. T.F., a student who was falsely accused of sexual assault, suffered severe repercussions including deprivation of the ability to participate in school sports and extracurricular activities and the inability to attend school. The mean girls, who actually engaged in criminal conduct (18 Pa.C.S. §4906, false reports to law enforcement authorities) suffered no repercussions; their ability to attend classes and extracurricular events has been unhindered. Very simply, the School District punished the victim of a

false sexual assault allegation, but not the individuals who made the false allegations in school to a guidance counselor.

Paragraph 34 of the Complaint states that the School District permitted, supported and aided the police in handcuffing and shackling T.F. during the school day and parading him out of school into a police car, but failed to discipline the girls or mark their academic records due to gender-based discrimination against males falsely accused of sexual assault.  Accordingly, the Complaint properly pleads an equal protection violation due to the right to be free from sexual harassment perpetrated by government officials in a public school.  Page 5 of the School District's Brief outrageously avers that bald assertions that others were treated in a dissimilar manner will not survive dismissal.  Plaintiffs' assertions are not bald.  T.F. committed no crime yet was removed from the school in handcuffs and leg irons.  The mean girls who falsely accused him never endured the shame of feeling cold steel on their wrists and ankles while being paraded through the school on a "perp walk".

Plaintiff and the mean girls are similarly situated in that all were accused of committing a crime by another student (the mean girls accused T.F. of sexual assault; he accused them false reporting), but they were treated in a disparate manner based solely upon gender.

### B.     Class-Of-One Equal Protection Claim

An individual Plaintiff may bring an equal protection claim against a state actor for irrational and wholly arbitrary treatment under the "class-of-one" theory.  A person is a "class-of-one" when he alleges that the government subjected him to differing and

4

unique treatment compared to others similarly situated.  This differs from a traditional equal protection claim, in which a person alleges discriminatory acts against an entire group of people treated differently because of a protected characteristic like gender. **Engquist v. Oregon Dept. of Agriculture**, 553 U.S. 591 (2008); **Village of Willowbrook v. Olech**, 528 U.S. 562 (2000).

      The Complaint pleads a class-of-one equal protection claim because the Defendant arbitrarily discriminated against him due to his gender.  Defendant has not and cannot justify the disparate treatment that the minor Plaintiff received.  Defendant fails to recognize that T.F. was punished for (false) allegations of criminal conduct made by fellow students, but those same fellow students were not punished due to his allegations of criminal activity against them.  T.F. and the mean girl students are similarly situated but were treated differently by Seneca Valley School District.

      To state a claim under the "class-of-one" theory, Plaintiff must allege that:

      (1)    the Defendant treated him differently from others similarly situated;

      (2)    the Defendant did so intentionally; and

      (3)    there was no rational basis for the difference in treatment.

**Phillips v. County of Allegheny**, 515 F.3d 224 (3d Cir. 2008).

      Paragraph 89 of the Complaint pleads that the School District's policy is intentional, and paragraph 98 pleads that the Plaintiff suffered irrational and wholly arbitrary treatment by the Defendant.

      Hence, the Complaint properly pleads a class-of-one equal protection claim.

Contrary to the allegation at page 7 of Defendant's Brief, Seneca Valley disciplined T.F. by refusing to permit him to attend baseball and extracurricular activities, including sporting events.  Defendant's reliance upon **Colombo v. Board of Education**, 2017 W.L. 4882485 (D.N.J. 2017) is misplaced because Plaintiff alleges that the "mean girl" students were similarly situated but treated differently based upon their gender, whereas Colombo did not allege the existence of any similarly-situated students.

C. **Defendants Engaged In Reverse Gender Discrimination**

**Monell v. Department of Social Services of the City of New York**, 436 U.S. 658 (1978), provides that §1983 claims against municipal entities must be based on implementation of a policy or custom.

Proof of a single incident of unconstitutional activity is sufficient to impose liability under **Monell** if Plaintiff proves that the incident was caused by an existing, unconstitutional municipal policy.  **City of Oklahoma City v. Tuttle**, 471 U.S. 808 (1985) (plurality opinion).

Paragraph 91 of the Complaint pleads that the discriminatory policy was implemented by the School District's administration and by the High School's administration, including, but not limited to, its principal, assistant principal and guidance counselors.  Plaintiffs generally agree with the case law cited at page 8 of Defendant's Brief, but disagree with its conclusion at page 9 that the Complaint does not state facts supporting the essential elements of a claim under **Monell**.

Contrary to Defendant's argument at page 9 of its Brief, the Complaint pleads that the school's policy permitted public humiliation of a boy accused of a crime, but not of the similarly situated mean girl students, and this is a disparity in discipline which would not have occurred had the school protected T.F.'s right to equal protection.

Defendant correctly asserts at page 9 of its Brief that to pursue a §1983 claim under **Monell**, the Plaintiff must demonstrate that, through its deliberate conduct, the local government entity was the "moving force" behind Plaintiff's injury, meaning that the municipal action was taken with the requisite degree of culpability and a casual link between the municipal action and deprivation of federal rights must be demonstrated. As previously noted, the Complaint pleads that the School District's discriminatory policy caused harm to the Plaintiff, which at the least resulted in his inability to participate in extracurricular activities and sports. Contrary to the argument at page 10 of Defendant's Brief, Plaintiff's claim is not based upon an allegation that the School District failed to act. Plaintiffs contend that the minor Plaintiff was punished as a result of a criminal accusation because he is a boy, but the female students were not punished because they are girls. The School District was the "moving force" behind the deprivation of the minor Plaintiff's rights.

The Defendant's conduct constitutes deliberate indifference to T.F., rendering the School District's conduct actionable under **Monell**. **City of Canton, Ohio v. Harris**, 489 U.S. 378 (1989).

There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under §1983. The first is where the

7

entity or an officer promotes a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.  The second occurs where no rule has been announced as policy, but federal law has been violated by an act of the policymaker itself.  Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, although the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.  **Natale v. Camden County Correctional Facility**, 318 F.3d 575 (3d Cir. 2003).

The Complaint pleads, at the least, that the School District was deliberately indifferent to the need for a policy regarding punishing male and female students alleged to have committed a crime or sexual harassment, that its conduct was deliberately indifferent to the need.

Page 7 of Defendant's Brief cites **S.K. v. North Allegheny School Dist.**, 168 F. Supp. 3d 786 (W.D. Pa. 2016, J. Cercone), where the court rejected Plaintiff's equal protection claim, holding that the Plaintiff failed to identify any disparate application of a rule to her and another individual.  Contrary to the treatment received by T.F., the Plaintiff in **S.K.** was not subject to discipline or punishment pursuant to the school's anti-discrimination/bullying policies, hence the holding in **S.K.** maybe be distinguished from our case.

Plaintiff must allege that a state actor intentionally discriminated against the Plaintiff because of membership in a protected class to state a §1983 claim for equal protection.  The equal protection clause essentially is a directive that all persons

similarly situated be treated alike. **Shuman ex. rel. Shertzer v. Penn Manor School Dist.**, 422 F.3d 141 (3d Cir. 2005).  As the court in **S.K.** noted, "in other words, a Plaintiff must demonstrate that he or she received different treatment from that received by other individuals similarly situated.  And to prove sexual discrimination, a Plaintiff must show that the identified disparate treatment was based upon his or her gender [citations omitted]."  The court in **S.K.** dismissed Plaintiff's equal protection claim because she pleaded that rules were not enforced, subjecting her to bullying, rather than pleading that a rule was applied in a disparate manner based upon the protected class of gender, citing **Rubinovitz v. Rogato**, 60 F.3d 906 (1st Cir. 1995).

      Contrary to Defendant's assertion, the Complaint pleads a claim of selective prosecution (and persecution) of the minor Plaintiff by Seneca Valley School District.  To establish a claim as selective prosecution, Plaintiff must (1) provide evidence that persons similarly situated have not been prosecuted; and (2) that the decision to prosecute him was made on the basis of an unjustifiable standard, such as gender.  **United States v. Schoolcraft**, 879 F.2d 64, 68 (3d Cir. 1989), **cert. denied**, 493 U.S. 995 (1989).  The Complaint pleads that the school enforced a policy whereby individuals accused of sexual harassment cannot attend extracurricular activities and sports events.  The rule was enforced against the Plaintiff, a male accused of sexually harassing females based upon his gender, while the females who sexually harassed Plaintiff by falsely accusing him of sexual assault, were not subject to any discipline whatsoever.  Effectively, and solely based upon gender, Defendant treated Plaintiff as guilty until proven innocent, while the female students were innocent until proven guilty.  Accordingly, Plaintiff has pleaded a valid claim of selective enforcement due to gender-

based discrimination, favoring girls over boys in reverse gender discrimination. The discrimination is reverse because the School District is engaging in a policy of favoring individuals belonging to a group, i.e., females, known to have been discriminated against previously.

### D. Seneca Valley School District Violated Title IX

At pages 11-12 of its Brief, Defendant contends that Plaintiff is comparing apples and oranges with respect to the alleged conduct of the Plaintiff and the conduct of the Defendant. Defendant's argument fails upon closer analysis. Plaintiff was punished by the School District due to the (false) allegations of sexual harassment raised against him. Defendant fails to recognize that a female sexually harasses a male when she falsely accuses him of sexual assault. In the basest sense, there is no difference between the conduct of a man who gropes a woman, and a woman who falsely accuses a man of groping her. Both situations constitute unacceptable sexual harassment. By enforcing its sexual harassment policy against the minor Plaintiff, a boy, but not against the "mean girls" students, the Defendant Seneca Valley School District engaged in gender-based reverse discrimination. Very simply, in the era of the "Me Too Movement", the Bill Cosby sexual assault prosecution, and the charges against Harvey Weinstein and many other celebrities, Seneca Valley School District, and the Butler County District Attorney's Office made a conscious decision to prosecute and persecute men who sexually harass women, but not women who sexually harass men because they do not wish to appear to be anti-women.

For a School District to be held liable for a claim of student-on-student sexual harassment under Title IX, a Plaintiff must establish that (1) the Defendant receives federal funds; (2) sexual harassment occurred; (3) the harassment occurred under circumstances where the recipient exercised substantial control over both the harasser and the context in which the known harassment occurred; (4) the funding recipient had actual knowledge of the harassment; (5) the funding recipient was deliberately indifferent to the harassment; and (6) the harassment was so severe and offensive that it deprived the victim of access to the educational opportunities provided by the school. **Davis v. Monroe County Board of Education**, 526 U.S. 629 (1999).  Seneca Valley School District receives federal funds; sexual harassment occurred at the school when the mean girls students lied to school personnel that T.F. had sexually harassed them; the school exercised substantial control over the harasser and the context in which the harassment occurred in the guidance counselor's office; the School District had actual knowledge of the harassment when it was proven that the mean girls students lied; and the harassment, falsely accusing T.F. of sexual assault, was so severe and offensive that he was deprived of access to an education (he was removed from the school in handcuffs and shackles) and could not participate in extracurricular activities.  The only question, then, is whether the School District was deliberately indifferent to the harassment.  A finding of deliberate indifference depends on the adequacy of a School District's response to the harassment.  **Zeno v. Pine Plains Cent. School Dist.**, 702 F.3d 655 (2nd Cir. 2012); **Doe v. Bellefonte Area School Dist.**, 106 Fed. Appx. 798 (3d Cir. 2004).  The School District's response to the harassment must be clearly unreasonable in light of the known circumstances to constitute deliberate indifference.

**Davis**, 526 U.S. at 648.  By failing to punish the mean girls students in any manner whatsoever, the School District acted unreasonably in light of the circumstances and in a manner that permits a finding of deliberate indifference.  A School District's deliberate indifference to a student's harassment of another student is an intentional act of sexual discrimination that falls within the scope of liability under Title IX.  **Jackson v. Birmingham Board of Education**, 544 U.S. 167 (2005).

Pages 13-14 of the Defendant's Brief contend that harassment based on personal dislikes, rather than gender, does not support a Title IX claim.  However, Defendant admits that Plaintiff must demonstrate more the name calling and spreading rumors; he has to show that the harassment was undertaken on the basis of sex.  Defendant fails to recognize that the Complaint pleads that the mean girls targeted the minor Plaintiff with a false sexual assault allegation because he is a male, and based upon the conduct of Seneca Valley School District in failing to prosecute or discipline the mean girls, it is reasonable to infer that its reaction would have been much different had the mean girls students accused another female student of groping, rather than a male student.  Plaintiffs have demonstrated harassment undertaken on the basis of sex.

Defendant is correct that although it is implied in the Complaint that the School District was informed that the mean girls' students admitted to lying about their false sexual assault allegations, it is not specifically pleaded (the School District indeed was advised prior to suit of the mean girls' lies).  Nevertheless, Seneca Valley School District certainly learned about the false sexual assault allegations made in school through the Complaint and the exhibits attached to it, but it still has refused to discipline the girls involved, thereby permitting Plaintiff to proceed with a Title IX claim.

### III.     **CONCLUSION**

Plaintiffs respectfully request that Defendant's Rule 12(b)(6) Motion be denied in its entirety, or in the alternative, that Plaintiffs be permitted to amend their Complaint consistent with the legal arguments raised in this Brief.

Respectfully submitted,

Shenderovich, Shenderovich & Fishman, P.C.

By: /s/ Craig L. Fishman
     Craig L. Fishman, Esquire
     PA I.D. #58753

     429 Fourth Avenue
     1100 Law & Finance Building
     Pittsburgh, PA  15219

     (412) 391-7610 – telephone
     (412) 391-1126 – facsimile
     clf@ssf-lawfirm.com

     Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

All parties represented by counsel have been served by the Court's CM/ECF system. David Reina and Lynn Reina are unrepresented, and have been served with this document via email at the email addresses listed on their Waiver of the Service of Summons forms as follows:

Lynn Reina (shields148@hotmail.com)

David Reina (pghsteelers74@hotmail.com)

    /s/ Craig L. Fishman
Craig L. Fishman, Esquire
Attorney for Plaintiffs