**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL and ALECIA FLOOD, individually and as Parents and Natural Guardians of TYLER FLOOD, a minor, | : : : : | Civil Action No.:  2:18-cv-01310-MRH |
| | : | HONORABLE MARK R. HORNAK |
| Plaintiffs, | : : | |
| vs. | : : : | |
| GEORGE VILLEGAS, JR. and  PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA, | : : : : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS OF
DEFENDANTS BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE
AND BUTLER COUNTY, PENNSYLVANIA (DOCUMENT NUMBER 52)**

AND NOW, come the Plaintiffs, Michael and Alecia Flood, individually and as

Parents and Natural Guardians of Tyler Flood, a minor, by and through their attorneys,

Craig L. Fishman, Esquire and Shenderovich, Shenderovich & Fishman, P.C. and file

the following Plaintiffs' Brief in Opposition to Motion to Dismiss of Defendants Butler

County District Attorney's Office and Butler County, Pennsylvania (Document Number

52):

## I.     PERTINENT FACTS

The following facts are pleaded in the Complaint at paragraphs 88-98 and pertinent to the Court's disposition of the Defendants' Motion, but are not referenced in Defendants' Brief:

Butler County, Pennsylvania has a policy, implemented by the attorneys of the Butler County District Attorney's Office, of prosecuting men who have been (falsely) accused of sexual assault, but not prosecuting women making false sexual assault allegations, resulting in reverse discrimination.  Defendants' policy creates a risk to males because they result in there being no deterrent against women who make false sexual assault claims against men.  Hence, the Complaint pleads that Defendants have implemented a policy favoring women over men, resulting in gender-based reverse discrimination (refer to Plaintiffs' Brief in Opposition to the Rule 12 Motion of Seneca Valley School District for a discussion of reverse discrimination in the "Me Too Movement" era).

## II.     ARGUMENT

### A.     The Minor Plaintiff's Parents Are Not Raising An Individual Claim For Equal Protection

As noted in the emails attached to Defendants' Motion, the minor's Plaintiff's parents are not bringing a claim individually against the Butler County District Attorney's Office or against Butler County.  The parents are pursuing an equal protection claim only as parents and natural guardians of T.F., a minor.  Plaintiffs will stipulate to this fact, or in the alternative, amend the Complaint to specifically indicate that the parents are not raising an equal protection claim on their own behalf.

### B. The District Attorney's Office Is A Proper Party To This Suit

Defendant cites **Reitz v. County of Bucks**, 125 F.3d 139 (3d Cir. 1997), where the Court opined, without any legal analysis whatsoever, that "the Bucks County District Attorney's Office is not an entity for purposes of Section 1983 Liability…." **Monell v. Department of Social Services of the City of New York**, 436 U.S. 658 (1970), provides that §1983 claims against municipal entities must be based on implementation of a policy or custom. If the holding in **Reitz** is correct, Butler County may be liable for implementing a policy or custom followed by the District Attorney's Office. The difficulty with conclusory opinion in **Reitz** is that the Third Circuit failed to recognize that the practice of law in Pennsylvania is a privilege, not a right, and the District Attorney's Office is subject to the Rules of Professional Conduct promulgated by the Supreme Court of Pennsylvania to control the conduct of those privileged to be admitted to the Pennsylvania bar. Comment 1 to Pennsylvania Rule of Professional Conduct 5.1 indicates that a law department of a government agency, such as the Butler County District Attorney's Office, must comply with Rule 5.1, and must comply with the requirement that a lawyer with direct supervisory authority (a policymaker) shall make reasonable efforts to ensure that subordinate attorneys conform their behavior to the Rules of Professional Conduct. Prosecutors have special responsibilities pursuant to Rule of Professional Conduct 3.8. 42 Pa. C.S. §2524 provides that the unauthorized practice of law is a misdemeanor. Hence, while Butler County may disseminate general policies to be followed by the District Attorney's Office, the county cannot be the ultimate policymaker because if the county instructs an attorney to do something which is illegal, unconstitutional, or in violation of the Rules of Professional Conduct, it is the responsibility of the District Attorney, pursuant to the Rules of Professional Conduct, to refuse to engage in that conduct. Hence the ultimate decision maker for the purposes

3

of **Monell** claims against a District Attorney's Office, is the District Attorney and not the county.  Any other conclusion vitiates the authority given to the Supreme Court of a state to control the practice of law by its attorneys.


### C.     Plaintiffs Are Not Asserting A Civil Rights Claim Arising From The Pool Incident

The pool incident is pleaded as an essential set of facts necessary to support the claims against the Sherks, and the Villegas family members, as well as the claim that K.S. conspired with the mean girls, and other state law claims.  Plaintiffs have not raised any claims against Butler County or the Butler County District Attorney's Office arising from the pool incident.


### D.     Plaintiff Pleads A Valid Equal Protection Claim

Plaintiffs' Brief in Opposition to Seneca Valley School District's Rule 12(b)(6) Motion is incorporated by reference with respect to its discussion of municipal liability under **Monell**.

Contrary to the allegation at page 10 of Defendant's Brief, paragraphs 88-98 of the Complaint plead a policy where men falsely accused of sexual assault are prosecuted, while women making false sexual assault allegations are not prosecuted.  Although not pleaded in the Complaint, Plaintiffs' counsel believes that elected government officials are reluctant to prosecute women who make false sexual assault allegations as a by-product of the "Me Too Movement" because government officials do not want to risk losing an election because of being perceived as anti-female.

Paragraph 92 pleads that the aforedescribed policies or customs exist as a result of the failure of decision makers to act at all, pursuant to **Connick v. Thompson**, 563

U.S. 51 (2011).  Defendants rely upon **Connick** and **Munchinski v. Solomon**, 2007

WL 3121331 (3d Cir. 2007), *cert. denied*, 555 U.S. 817 (2008), in support of the

proposition that no municipal liability attaches to a prosecutor's actions that are purely

prosecutorial in nature.  However, Defendants use **Connick** to paint with a broad brush,

rather than realizing that its holding is limited to cases where a prosecutor is alleged to

have engaged in misconduct by acting improperly when prosecuting an individual, and

not to cases where a policy has been established to avoid prosecuting certain

individuals (e.g. females who made false sexual assault allegations).  It is not a matter

of prosecutorial discretion if a policy has been promulgated administratively to prohibit

prosecution of certain individuals due to an improper purpose.

Although Defendants cite **Imbler v. Pachtman**, 424 U.S. 409 (1976), Defendants

fail to recognize the Supreme Court's caveat in **Imbler**.  **Imbler** was convicted of first-

degree felony murder, but a writ of habeas corpus was granted due to prosecutorial

misconduct, and the state of California choose not to retry him.  **Imbler** filed a §1983

action alleging a conspiracy between the prosecutor and police officers to unlawfully

charge and convict him.  The Supreme Court held that the prosecutor's conduct during

the judicial phase of the criminal process was shielded from liability by absolute

immunity.  However, the Court opined: "We have no occasion to consider whether like

or similar reasons require immunity for those aspects of the prosecutor's responsibility

that cast him in the role of administrator or investigative officer rather than that of

advocate.  We hold only that in initiating a prosecution and in presenting the state's

case, the prosecutor is immune from civil suit for damages under §1983."  The Plaintiffs

allege that the Defendants, Butler County and Butler County District Attorney's Office,

decided, as administrators, to not pursue cases of false sexual assault allegations made

by women due to a discriminatory motive.  That allegation does not fall within the immunity compelled by **Imbler**.

The Supreme Court addressed the lingering issue in **Burns v. Reed**, 500 U.S. 478 (1991), holding that a prosecutor enjoys absolute immunity when appearing as a lawyer for the state in court.  However, absolute immunity does not apply to a prosecutor advising the police in the investigative phase of a criminal case.  The Supreme Court in **Buckley v. Fitzsimmons**, 509 U.S. 259 (1993) held that a prosecutor who fabricated evidence prior to commencement of judicial proceedings at a time when his actions were purely investigatory was not entitled to absolute immunity.  Similarly, in this case, the prosecutor's decisions to not charge the mean girls were investigatory and/or administrative, and accordingly, not entitled to immunity.

Page 11 of Defendants' Brief pleads that the Complaint fails to set forth causation of harm as a result of Defendants' policy.  However, Paragraph 93 of the Complaint pleads that the policy or custom of the Defendants created a risk to males like T.F. because there is no deterrent against women who make false sexual assault claims against men, thereby increasing the likelihood of such claims.  The mean girls would have been less likely to make false accusations against the minor Plaintiff if they knew that a substantial risk of criminal repercussions would result from their treachery.

Defendants also argue that the Complaint does not plead deliberate indifference, which requires proof that a municipal actor disregarded a known or obvious consequence of his action.  That argument flies in the face of common sense.  Criminal prosecution is a deterrent to criminal behavior.  Failure to prosecute a particular crime undoubtedly results in more instances of that crime occurring.  One can surely conclude that if a District Attorney's Office establishes a policy that women are not to be

6

prosecuted for murder, there would be a lot more dead husbands.  Plaintiff has pleaded a valid claim for municipal liability.

       E.       **Plaintiffs Plead A Valid Class-Of-One Claim**

Defendants contend that the minor Plaintiff fails to plead that he was treated differently than similarly situated individuals.  Defendants fail to concede that the minor Plaintiff was charged with multiple counts arising from alleged sexual harassment, and the mean girls' false allegations are simply another form of sexual harassment for which they were not prosecuted.

Page 13 of Defendants' Brief contends that the Complaint does not sufficiently plead that Butler County or the District Attorney "intentionally treated T.F. differently with ill-will nor does Plaintiff allege that the County actor's actions were without a rational basis", relying upon **Montayne v. Wissahickon School Dist.**, 399 F. Supp. 2d 615 (E.D. Pa. 2005).  However, the "ill-will" requirement is noted only in footnote 1 of **Montayne**, and only in the context of commenting on the standards articulated by other Circuit Courts (the ill-will requirement was adopted by the 6th Circuit).  Defendant fails to acknowledge that the Third Circuit did not adopt an "ill-will" requirement for a class-of-one theory in **Phillips v. County of Allegheny**, 515 F.3d 224 (3d Cir. 2008), where the court articulated that to state a claim under the "class-of-one" theory, Plaintiff must allege that (1) the Defendant treated him differently from others similarly situated; (2) the Defendant did so intentionally; and (3) there was no rational basis for the difference in treatment.  Contrary to the assertion, of Defendants, the Complaint pleads that (1) Defendants treated T.F. differently from women based solely upon his gender; (2) the difference in treatment was intentional, and due to policy or pervasive custom; and (3) there was no rational basis for the difference in treatment.

Plaintiffs do not contest the manner in which the criminal prosecution of T.F. was litigated, other than to note that the investigation of the mean girls' allegations was less than competent, the District Attorney's Office still has not expunged his record, and as noted in the Complaint, Juvenile Probation Officer Trego was biased against T.F.

Page 13 of Defendants' Brief states that "additional conditions of detention were reasonably required" due to the second false allegation of sexual abuse raised against T.F. Apparently, Defendants believe that telling the minor that he could not wear short pants during the hottest days of summer and could not tell people about his ankle bracelet was "reasonably required". Those restrictions were neither reasonable, nor required, and tellingly illustrate that the foundation supporting Defendants' argument is reinforced with fallacies which crumble under the weight of judicial scrutiny.

Page 14 of Defendants' Brief applauds the District Attorney's Office for removing T.F.'s ankle monitor "a few days" after realizing that the mean girls had lied about the charges. Every minute that the ankle bracelet remained on T.F. was a minute of his Constitutionally-guaranteed freedom unfairly deprived, including during those "few days". While patting themselves on the back, Defendants also fail to recognize that the District Attorney's Office made a promise to expunge T.F.'s record in September 2018, but still have failed to do so, resulting in yet another miscarriage of justice.

III.   **CONCLUSION**

WHEREFORE, the Plaintiffs respectfully request this Court deny Defendants' Rule 12 Motion in its entirety, except as noted in this Brief.

Respectfully submitted,

Shenderovich, Shenderovich & Fishman, P.C.

By:  /s/ Craig L. Fishman
        Craig L. Fishman, Esquire
        PA I.D. #58753

        429 Fourth Avenue
        1100 Law & Finance Building
        Pittsburgh, PA  15219

        (412) 391-7610 – telephone
        (412) 391-1126 – facsimile
        clf@ssf-lawfirm.com

        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

All parties represented by counsel have been served by the Court's CM/ECF system.  David Reina and Lynn Reina are unrepresented, and have been served with this document via email at the email addresses listed on their Waiver of the Service of Summons forms as follows:

Lynn Reina (shields148@hotmail.com)

David Reina (pghsteelers74@hotmail.com)

  /s/ Craig L. Fishman_____
Craig L. Fishman, Esquire
Attorney for Plaintiffs