IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA,<br><br>Defendants. | Civil Action No. 2:18-cv-01310-MRH<br><br>JUDGE MARK R. HORNAK<br><br>ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |

**REPLY BRIEF OF DEFENDANTS, BUTLER COUNTY
DISTRICT ATTORNEY'S OFFICE AND BUTLER COUNTY, PENNSYLVANIA**

While the positions set forth in Defendants' initial Brief in Support of Motion to Dismiss demonstrate that Plaintiffs failed to set forth a viable claim against the County Defendants on the single claim of municipal liability for a violation of the minor-Plaintiffs' equal protection rights, following receipt of Plaintiffs' Brief in Opposition filled with conclusory and hyperbolic arguments and irrelevant analogies, it is necessary to point out the extent to which Plaintiffs' own arguments further establish that their claim against the County Defendants must fail.

{W0157357.1}

Plaintiffs set forth in their Brief that the District Attorneys' Office, as a policymaker, implemented a policy, which violated minor-Plaintiff's equal protection rights as a class of one, of not prosecuting females who make allegedly false allegations of sexual assault when he was prosecuted for sexual assault and subjected to terms of probation.  This is not a viable theory.

I.  **NO MUNICIPAL LIABILITY CLAIM CAN BE DEMONSTRATED.**

Though difficult to decipher from Plaintiffs' Brief, it appears that there is no disagreement that municipal liability requires proof that an existing policy caused a constitutional violation and that such a policy is created here by the actions of an individual with policymaking authority. (Pl's Brief in Opp. to County Defs.' Motion to Dismiss (ECF No. 77) at p. 4 (incorporating Pl.'s Brief in Opp. to Seneca Valley's Motion to Dismiss (ECF No. 75) at pp. 6-8)). With such a standard in mind, as set forth below, Plaintiffs' claims must fail.

A.  **A prosecutor's decision not to prosecute is not actionable.**

A prosecutor's decision not to prosecute is not actionable, as it does not give rise to a policy, and it is shielded by absolute prosecutorial immunity. Plaintiffs unequivocally maintain that they set forth a viable claim based on a policy not to prosecute females who make allegedly false allegations of sexual assault. However, their Brief fails to acknowledge or respond to the County Defendants' position that a prosecutor's decision to prosecute or not cannot form the basis of a policy giving rise to municipal liability. (*See* County Defs.' Brief (ECF No. 53) pp. 10-11.) This is a fatal flaw to the entirety of Plaintiffs' claim.

Instead, Plaintiffs merely argue that Defendants are not entitled to absolute immunity in this instance because the prosecutors' decision not to pursue charges against the minor female Defendants was allegedly done at a time (before charges were filed) that should characterize

the decision as administrative or investigative. This is contrary to the case law. Though Plaintiff attempts to narrow the scope of a prosecutor's immunity, the case law is explicit – the decision to prosecute or not prosecute is at the core of a prosecutor's duties and is entitled to absolute immunity. *Nedab v. Lidden*, 184 Fed App'x 261, 262 (3d Cir. 2006) (citing *Imbler v. Patchman,* 424 U.S. 409, 420 (1976); *Parker v. Stiles*, 2001 WL 87278, at *2 (E.D. Pa. June 29, 2001).

The County Defendants are perplexed by Plaintiffs' citation to *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993), to support their position that the County Defendants' actions were investigatory or administrative.  *Buckley* sets forth that certain activities can be investigative or administrative to defeat prosecutorial immunity, but no such activities are alleged in the Complaint here. Rather, it is clear the actions complained of are decisions to prosecute or not prosecute. Therefore, such actions are entitled to prosecutorial immunity. *Imbler*, 424 U.S. 420. As such, dismissal is appropriate.

      **B.**    **The District Attorney's Office is not a policymaker or the proper party.**

Despite the well-settled case law setting forth that a district attorneys' office is not the proper entity for § 1983 claims (see County Defs.' Brief at pp 7-8), Plaintiffs, without citing any case law to support their conclusory position, maintain that the District Attorneys' Office is somehow a policymaker based upon the Rules of Professional Conduct and, therefore, is the only proper party for their claim.  (Pl.'s Brief in Opp. to County Defs.' Motion to Dismiss at pp. 3-4). This argument lacks merit.

The well-established case law provides that municipal liability arises when acts of certain <u>officials</u> with "final policy-making authority" may fairly be said to represent official policy. *McMillian v. Monroe County*, 520 U.S. 781 (1997) (emphasis added). However, the

District Attorney's <u>Office</u> is not an <u>official</u> or <u>individual</u> who has final policymaking authority. *Joobeen v. City of Philadelphia*, 2010 WL 844587, at *5, n. 3 (E.D. Pa. Mar. 4, 2010). Given that the District Attorney's Office is not a policymaker, and not a separate entity for Section 1983 claims, it should be dismissed as a party.

### C. Plaintiffs fail to identify a policymaker regarding an alleged policy not to prosecute females who make allegedly false accusations of sexual assault.

In maintaining their incorrect position that the District Attorney's Office is the policymaker, Plaintiffs fail to identify a proper policymaker to set forth their claim for municipal liability.

As an initial matter, Plaintiffs admit that the County cannot be a policymaker for municipal liability purposes. (Pl.'s Brief. In Opp. to County Defs.' Motion to Dismiss at p. 3.) Following Plaintiffs' argument, no basis exists for which the County can be liable. As such, the County should be dismissed as a party.

Further, the acts of the Assistant District Attorney charged with handling the minor-Plaintiffs' underlying case cannot be deemed to a create policy, as an ADA does not have final policymaking authority. *Joobeen v* 2010 WL 844587, at *5 n. 3. Plaintiffs seem to try to attach some sort of liability by arguing that the District Attorney is responsible for those he supervised, and any alleged improper conduct of someone in the office is imputed to the District Attorney through a violation of the Rules of Professional Conduct. This sort of supervisory liability is not actionable under *Monell (Connick*, 563 U.S. at 62), nor can any violation of the Pennsylvania Rules of Professional Conduct give rise to a legal cause of action. *Deitrick v. Costa*, 2015 WL 1605770, at *17 (E.D. Pa. Apr. 15, 2015) (citing *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 529 Pa. 241 (1992).

Finally, at the risk of doing the work for the Plaintiffs, it seems as if Plaintiffs fail to understand that the proper policymaker could be the District Attorney. Indeed, there are circumstances in which a District Attorney has policymaking authority to give rise to municipal liability. *Joobeen v* 2010 WL 844587, at *5 n. 3. However, no such allegations regarding the District Attorney's policymaking authority with respect to a policy not to prosecute females who make allegedly false accusations of sexual assault are alleged here. On this basis, Plaintiffs' municipal liability claim must be dismissed. Dismissal with prejudice is appropriate, as amendment of this claim to name a policymaker would be futile given that Defendants are entitled to absolute prosecutorial immunity with respect to any alleged policy regarding a decision to prosecute. (S*ee* supra at pp. 2-3; see also County Defs.' Brief at pp. 10-11).

### D. Plaintiffs fail to set forth a policy regarding minor-Plaintiff's conditions of probation.

While Plaintiffs complain that a probation officer showed bias toward minor-Plaintiff in violation of his rights, Plaintiffs do not argue or allege that any policy existed with respect to the conditions of his probation that violated his rights. These allegations do not stem from Defendants alleged "policy" not to prosecute the minor female Defendants. Importantly, Plaintiffs' allegations stem from the acts of one probation officer. This actor is not a final policymaker for purposes of municipal liability for which County Defendants can be liable. *Perez v. Borough of Berwick*, 2012 WL 129 73526, at *2-3 (M.D. Pa Feb. 10, 2012); *Wallace v. Powell*, 2009 WL 685 0318, at * 7-9 (M.D. Pa. Nov. 20, 2009). Therefore, Plaintiffs' claims stemming from these allegations must be dismissed.

II. **PLAINTIFFS FAIL TO SET FORTH A CLAIM FOR EQUAL PROTECTION AS A CLASS OF ONE.**

   A. **Defendants applied the correct "class of one" standard.**

Plaintiffs attempt to attack the County Defendants' position that Plaintiffs failed to plead a "class of one" claim by arguing that Defendants applied the incorrect standard; Plaintiffs are hung up on County Defendants use of the term "ill-will" and citation to *Montayne v. Wissahickon School District*, 399 F. Supp.2d 615, 620 (E.D. Pa. 2005), to support their proposition. Plaintiffs' argument about the County Defendants' analysis on this issue is misplaced.

Plaintiffs cite to *Phillips v. County of Allegheny,* 515 F.3d 224 (3d. Cir 2008), to argue that the Third Circuit overturned a requirement of ill-will. However, the text of *Phillips* does not provide the same. (Pl.'s Brief in Opp. to County Defs.' at 7-8). Instead, both *Phillips* and *Montayne* provide that the elements of a class of one claim require a plaintiff to demonstrate that defendants "intentionally" treated Plaintiff different. *Montayne* merely provides that the "intentional" element can be met through a showing of "ill-will." 399 F. Supp.2d at 620. Notwithstanding Plaintiffs' quibbling, the point remains that Plaintiffs' Complaint fails to set forth the critical element that Defendants intentionally treated the minor-Plaintiff different. As such, dismissal is appropriate.

   B. **T.F. and the female student Defendants are not similarly situated.**

Without any case law to support their position, Plaintiffs attempt to characterize the female student Defendants' actions in making allegedly false accusations as comparable to minor-Plaintiff's in that they are "simply another form of sexual harassment." This characterization is disingenuous. Plaintiffs complain that the minor female Defendants were not

charged with making false statements, a wholly different crime then the assault and sexual harassment charges brought against minor-Plaintiff. (Complaint at ¶ 33). Given the differences in the underlying conduct and charges, minor-Plaintiff and the minor female Defendants are not comparators for purposes of a "class of one" claim. *See Spiker v. Whitaker*, 553 F. App'x 775, 280-81 (3d Cir. 2014) (no class of one claim when plaintiff was prosecuted for different charges of sexual assault then the alleged comparators).

### III. CONCLUSION

Plaintiffs' Brief concedes that no equal protection claim by the parent-Plaintiffs exists. As such, this claim should be dismissed. Similarly, Plaintiffs' Brief further admits that they have no viable claim against the County Defendants stemming from the 2017 Zelienople Community Pool incident. As such, these allegations should be dismissed. Finally, for the reasons stated in the County Defendants' Brief in Support of Motion to Dismiss and as set forth above, Plaintiffs' claim against the County Defendants should be dismissed in its entirety.

    Respectfully submitted,

    JONESPASSODELIS, PLLC

    By:  s/Marie Milie Jones
        MARIE MILIE JONES, Esquire
        PA I.D. No. 49711
        E-Mail: mjones@jonespassodelis.com

        MARIA N. PIPAK, Esquire
        PA I.D. No. 317450
        E-Mail: mpipak@jonespassodelis.com

        Gulf Tower, Suite 3410
        707 Grant Street
        Pittsburgh, PA  15219
        Phone: (412) 315-7272 / Fax: (412) 315-7273

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

|        |                                          |
|--------|------------------------------------------|
| \_\_\_\_ | U.S. First Class Mail, Postage Paid      |
| \_\_\_\_ | Hand Delivery                            |
| \_\_\_\_ | Certified Mail, Return Receipt Requested |
| \_\_\_\_ | Facsimile Transmittal                    |
| \_\_\_\_ | UPS Delivery                             |
| __X__  | Electronic Filing/Service                |

at the following address:

Craig L. Fishman, Esquire
Shenderovich, Shenderovich & Fishman, P.C.
11th Floor Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
*(Counsel for Plaintiffs)*

Stephen J. Magley, Esquire
O'Malley & Magley, L.L.P.
5280 Steubenville Pike
Pittsburgh, PA 15205
*(Counsel for Defendants, David and Christine Seaman)*

Joseph V. Charlton, Esquire
617 South Pike Road
Sarver, PA 16055
*(Counsel for Defendants, George, Pam and Meghan Villegas)*

Jennifer M. Swistak, Esquire
CIPRIANI & WERNER, P.C.
650 Washington Road – Suite 700
Pittsburgh, PA 15228
*(Counsel for Defendants, Cris and Kimberly Salancy)*

Jill D. Sinatra, Esquire
Gilliand Vanasdale Sinatra Law Office, LLC
1667 Route 228, Suite 300
Cranberry Township, PA 16066
*(Counsel for Defendants, David and Christy Sherk)*

S. Michael Streib, Esquire
300 Oxford Drive, Suite 75
Monroeville, PA 15146
*(Counsel for Defendants, Cris and Kimberly Salancy)*

JONESPASSODELIS, PLLC

Date:  January 17, 2019

s/Marie Milie Jones
MARIE MILIE JONES, Esquire
MARIA N. PIPAK, Esquire

Counsel for Defendants,
BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE
and BUTLER COUNTY, PENNSYLVANIA