IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor,<br><br>Plaintiffs<br><br>vs.<br><br>GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA,<br><br>Defendants. | Civil Action No.: 2:18-cv-1310 |

**REPLY BRIEF OF DEFENDANT E.S., A MINOR TO PLAINTIFFS' BRIEF IN OPPOSITION TO THE 12(b)(6) MOTIONS OF DEFENDANT E.S., A MINOR**

On page 6 of their Brief in Opposition to the Rule 12(b)(6) Motions of the Individual Defendants,[1] Plaintiffs state the following:

---

[1] Plaintiffs erroneously titled this document as their "Brief in Opposition to **Plaintiffs' Response to** the Rule 12(b)(6) Motions of the Individual Defendants."

> Despite its name, the Butler County Alliance for Children is not a government entity. Its website, ButlerCountyCAC.org, indicates that it "is an independent, 501c(3) non-profit organization located within Butler County, Pennsylvania.["]  It is arguable whether the Defendants' disclosures to the Butler County Alliance for Children and the school guidance counselor constitute discussions within the regular course of judicial proceedings to which judicial privilege attaches. However, as there is no allegation that Defendants intended their false allegations to lead to a quasi-judicial or judicial proceeding, privilege does not apply.

In fact, these statements belie what is contained in the Complaint.

Throughout their Complaint, and specifically in Paragraphs 1, 23, 24, 53, 56 and 63 plaintiffs allege that the juvenile defendants provided false statements to school and court officials and to prosecutors, and specifically state that it was "for the purpose of … causing [T.F.] to be expelled from school, as well as endure legal proceedings" (*Id.* at ¶53), and "to initiate criminal prosecution of T.F." (*Id.* at ¶63).  Plaintiffs' current assertion that "there is no allegation that Defendants intended their false allegations to lead to a quasi-judicial or judicial proceeding …." is, thus a bald misstatement of what they have averred in their own Complaint.[2]

In addition, as plaintiffs accurately note in Paragraphs 19 and 23 of the Complaint, upon receipt of a report of sexual misconduct, a Seneca Valley Intermediate High School

---

[2] Plaintiffs' claim that the juvenile defendants had to intend that their allegations lead to quasi-judicial or judicial proceedings for the absolute privilege to apply is also a misstatement of the law.  E.S. is but a witness, as are the other juvenile defendants, and the privilege extends to witnesses as well as parties.  See *Binder v. Triangle Publications, Inc.*, 275 A.2d 53, 56 (Pa. 1971), and *Pawlowski v. Smorto*, 588 A.2d 36, 42 (Pa.Super. 1991).  Further, the absolute privilege applies to information given to police or prosecutors, does not depend on the motive of the witness, and cannot be destroyed by abuse, even if false. *Id.*  The question is thus not whether the victim or witness intends for a proceeding to occur, but whether that person is providing information to the official in his or her official capacity.  (See, the discussion of *Shanner v. Addis*, 121 A.3d 942 (Pa. 2015) that is contained in footnote 1 on page 8 of the Brief in Support of Motion to Dismiss Filed on Behalf of E.S., a Minor, Document 39.)

Guidance Counselor notifies Childline, "a program operated by the Commonwealth of Pennsylvania for reporting child abuse and neglect." (*Id.* at ¶19) Those paragraphs also point out that following the Childline notification, the minor defendants in this case (both alleged victims and witnesses) were interviewed by Forensic Interviewers employed by the Butler County Alliance for Children. (*Id.*) Whether the Butler County Alliance for Children is a governmental agency or not is of no moment because, as is set forth in the Affidavits of Probable Cause that are part of the Written Police Allegations attached to plaintiffs' Complaint as Exhibits 1 and 4, the Zelienople Police attended the interviews conducted by the Butler County Alliance for Children.

Accordingly, as has been noted by plaintiffs in their own Complaint, upon receiving information from the defendant children: a) the Guidance Counselors called Childline, a program operated by the Commonwealth of Pennsylvania; b) arrangements were made for Forensic Interviewers (employed by Butler County Alliance for Children) to take statements from the minor victims and witnesses (which statements were attended by the Zelienople Police); and c) the police officers who attended the interviews then filed Written Allegations containing Affidavits of Probable Cause which, in turn, were used by Butler County Juvenile Probation to file a Petition Alleging Delinquency against plaintiff T.F. (Complaint, ¶¶ 19 and 23 and Exhibits 1, 2, 4 and 5)

Plaintiffs' suggestion that the statements made by the minor defendants to the Guidance Counselors and the CAC Forensic Interviewers (with the police present) are not

part of the juvenile proceedings that ensued are thus contrary to the averments made in the Complaint and the contents of the attached Exhibits. And, the same is also true of the claims plaintiffs make on pages 15 and 17. There plaintiffs assert that the juvenile defendants instituted the proceedings against T.F. and wrongfully used process against T.F. Plaintiffs' own Exhibits 1, 2, 4 and 5 undeniably demonstrate that the proceedings were instituted by the Zelienople Police Department and Butler County Juvenile Probation, and that all process in those proceedings was procured by them, and not by the juvenile victims and witnesses.[3]

In fact, as disclosed in plaintiffs' Complaint itself, the minor defendants' role in the juvenile proceedings consisted only of the giving of statements to the authorities, and all of the claims that plaintiffs assert on account of those statements, including defamation, conspiracy, invasion of privacy, intentional infliction of emotional distress, malicious prosecution and abuse of process, should be dismissed on account of the absolute privilege afforded the juvenile defendants that is described in the Brief in Support of Motion to Dismiss Filed on Behalf of Defendant E.S., a Minor, at pages 5-8 and 10-17. (See, Document #39)

---

[3] Plaintiffs attempt to obscure the requirements of abuse of process and malicious prosecution by asserting that the juvenile defendants should be liable because their statements caused the police and juvenile probation to institute proceedings and issue process. Not only is this contrary to the requirements of those torts (which are that the defendant himself or herself institute the proceedings and direct the issuance of the process), it is also irrational and would cause anyone who spoke with, or reported anything to, the appropriate authorities to be subject to potential liability for having provided the information. The chilling effect of that on the administration of justice is obvious. And, as has been fully briefed on the pages cited above, that is not the policy in this Commonwealth, nor is it the law of this Commonwealth.

## **Conclusion**

For the foregoing reasons, the reasons set forth in the Brief in Support of Motion to Dismiss of Defendant E.S., a Minor, and the reasons set forth in the Briefs and Motions in which defendant E.S. has joined, plaintiffs' claims in Counts I and III through X should be dismissed with prejudice as to defendant E.S., a minor.

Respectfully Submitted,

CIPRIANI & WERNER, P.C.

| | |
|---|---|
| *s/Jennifer M. Swistak* | *s/S. Michael Streib* |
| Jennifer M. Swistak, Esquire | S. Michael Streib, Esquire |
| Pa. I.D. No. 75959 | Pa. I.D. No. 30376 |
| 650 Washington Road, Suite 700 | 300 Oxford Drive, Suite 75 |
| Pittsburgh, PA 15228 | Monroeville, PA 15146 |
| (412) 563-2500 | (412) 566-1090 |
| jswistak@c-wlaw.com | smstreiblawfirm@hmbn.com |

Counsel for Defendant E.S., a minor

## CERTIFICATE OF SERVICE

All parties represented by counsel have been served by the Court's CM/ECF system.  David Reina and Lynn Reina are unrepresented, and have been served with this document via e-mail at the e-mail addresses listed on their Waiver of the Service of Summons forms as follows:

Lynn Reina (shields148@hotmail.com)

David Reina (pghsteelers74@hotmail.com)

*s/S. Michael Streib*
S. Michael Streib, Esquire
Pa. I.D. No. 30376
300 Oxford Drive, Suite 75
Monroeville, PA  15146
(412) 566-1090
smstreiblawfirm@hmbn.com