IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR. and ALECIA FLOOD, individually and as Parents and Natural Guardians of T.F., a minor,<br><br>Plaintiffs<br><br>vs.<br><br>GEORGE VILLEGAS, JR. and PAM VILLEGAS, individually and as Parents and Natural Guardians of MEGHAN VILLEGAS; DAVID and CHRISTY SHERK, individually and as Parents and Natural Guardians of K.S., a minor; DAVID and CHRISTINE SEAMAN, individually and as Parents and Natural Guardians of C.S., a minor; CRIS and KIMBERLY SALANCY, individually and as Parents and Natural Guardians of E.S., a minor; DAVID and LYNN REINA, individually and as Parents and Natural Guardians of H.R., a minor; SENECA VALLEY SCHOOL DISTRICT; BUTLER COUNTY DISTRICT ATTORNEY'S OFFICE; and BUTLER COUNTY, PENNSYLVANIA,<br><br>Defendants. | Civil Action No.: 2:18-cv-1310<br><br>Honorable Mark R. Hornak, J. |

**REPLY BRIEF OF DEFENDANTS GEORGE, PAM, AND MEGHAN VILLEGAS TO PLAINTIFFS' BRIEF IN OPPOSITION TO THE 12(b)(6) MOTIONS OF THE VILLEGAS' DEFENDANTS**

I. **ARGUMENT**

    a. **Defendant Meghan Villegas**

Plaintiffs admitted that the duty they seek to impose on Defendant Meghan Villegas has never been previously recognized by law because they cite the factors that

1

must be considered when newly imposing a duty.¹ After listing the relevant factors for determining if a duty should be imposed, Plaintiffs then once again fail to state facts or explain why a duty should be imposed on Defendant Meghan Villegas. Instead, Plaintiffs simply re-list the factors and say the duty should be imposed upon all of the "mean girls." As explained in Defendant Meghan Villegas' Brief in Support of her 12(b)(6) Motion, imposing a duty on Defendant Meghan Villegas would violate the factors outlined in *Althaus*.

Plaintiffs also claim that they can proceed with a defamation and negligence claim at the same time under *American Future Systems, Inc. v, Better Business Bureau of Eastern Pennsylvania*, 923 A.2d 389 (Pa. 2007). However, *American* is inapplicable to this case because it deals with the defamation standard when a private-figure plaintiff is seeking damages for the publication of defamatory statements. *Id.* at 400. There are no allegations that Defendant Meghan Villegas published any of her statements, so the case does not apply.

Plaintiffs admit that the statute of limitations for defamation related to Defendant Meghan Villegas has run.² (*See* Document 73, Section E). As such, the defamation claim against Defendant Meghan Villegas should be dismissed. Further, as previously argued, since Plaintiffs admit that they do not have a claim against Defendant Meghan Villegas for defamation, then they also do not have any claims that have been re-cast

---

¹ Plaintiffs cite the *Althaus* factors which are the same factors cited by Defendant Meghan Villegas in *Walters v. UPMC Presbyterian Shadyside*, 187 A.2d 214, 221 (Pa.Super. 2018) for imposing a new duty.
² Plaintiff also admits that the statute of limitations has run for Injurious Falsehood, so that count should also be dismissed.

2

from the underlying defamation claim, which would include the remaining counts against Defendant Meghan Villegas.

Plaintiffs state that Defendant Meghan Villegas did not contest Count VII, Intentional Infliction of Emotional Distress. However, this is untrue. Defendant Meghan Villegas' Motion to Dismiss contests IIED, and every other Count, under the theories of absolute privilege and the statute of limitations.

### b. Defendant George and Pam Villegas

Plaintiffs accused Defendant George and Pam Villegas of falsely attributing a quote to the Pennsylvania Superior Court and misquoting Pennsylvania law. (*See* Document, 73, p. 10). This is false. In *Maxwell v. Keas*, 433 Pa. 639 A.2d 1215, 1219 (Pa.Super. 1994), the Pennsylvania Superior Court was interpreting Section 315 of the Restatement (Second) of Torts and favorably quoted this Michigan case to explain why parents do not have a duty, absent a different special relationship, to supervise their adult children. The Pennsylvania Superior Court quoted and cited this Michigan case as an appropriate interpretation of the Restatement (Second) of Torts, which Pennsylvania has adopted. Further, Defendant George and Pam Villegas' Brief goes into great detail explaining the law in Pennsylvania as it relates to parents supervising their children. In each case, statute, and restatement cited, the term "minor children" is used. Defendant Meghan Villegas was not a minor, so absent a relationship in addition to being her parents, Defendant George and Pam Villegas cannot be liable for her acts.

Plaintiffs cite *Donegal Mutual Ins. Co. v. Baumhammers*, 938 A.2d 286 (Pa. 2007) to support their position that Defendant George and Pam Villegas could be liable

3

for the acts of Defendant Meghan Villegas. However, as explained by Plaintiffs, the court in *Donegal*, never addresses the issue of parental liability, it only discusses whether the insurance company should provide a defense to the parents for the acts of the adult child, so it has no application in the case *sub judice*.

Plaintiffs also state that their negligence claim against Defendant George and Pam Villegas is supported by the *Althaus* factors. However, Plaintiffs fail to do an analysis using the factors or explain why the factors support their position. The factors do not support their position. Plaintiffs want to impose a duty on Defendant George and Pam Villegas to supervise their adult child to the point of monitoring her statements at her place of employment. The consequences of imposing such a duty upon the parents of an adult would be extremely negative. To avoid liability, Defendants George and Pam Villegas would have to go to Defendant Meghan Villegas' work and monitor her or send someone else to monitor her. The public would not be served by such a solution, but instead would be extremely inconvenienced.

## II. CONCLUSION

WHEREFORE, Defendants George, Pam, and Meghan Villegas respectfully request that this Court grant their Motions to Dismiss filed under Fed.R.C.P. 12(b)(6).

Respectfully Submitted,

*/s/ Joseph V. Charlton*
Joseph V. Charlton, Esq.
D. Robert Marion, Esq.
Charlton Law
617 South Pike Road
Sarver, PA 16055

Counsel for Defendants
Pam, George, and Meghan
Villegas

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2019, I have filed electronically the foregoing Reply to Plaintiffs Brief in Opposition with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record:

Craig L. Fishman, Esq.
Shenderovich, Shenderovich & Fishman, P.C.
429 Fourth Ave.
1100 Law & Finance Building
Pittsburgh, PA 15219
clf@ssf-lawfirm.com
*Counsel for Plaintiffs*

Stephen J. Magley, Esq.
O'Malley & Magley, LLP
5280 Steubenville Pike
Pittsburgh, PA 15205
sjm@omalleyandmagley.com
*Counsel for David and Christine Seaman, individually and as Parents and Natural Guardians of C.S., a minor*

Jill D. Sinatra, Esq.
Gilliand Vanasdale Sinatra Law Office, LLC
1667 Route 228, Suite 300
Cranberry Township, PA 16066
jill@gvlawoffice.com
*Counsel for David and Christy Sherk, individually and as Parents and Natural Guardians of K.C., a minor*

Marie Mille Jones, Esq.
Maria N. Pipak, Esq.
JonesPasaodelis, PLLC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA 15219
mjones@jonespassodelis.com
mpipak@jonespassodelis.com
*Counsel for Butler County District Attorney's Office and Butler County, Pennsylvania*

Matthew M. Hoffman, Esq.
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
mhoffman@tuckerlaw.com
*Counsel for Seneca Valley School District*

S. Michael Streib, Esq.
300 Oxford Drive, Suite 75
Monroeville, A 15146
smstreiblawfirm@hmbn.com
Jennifer Swistak, Esq.
650 Washington Rd., Suite 700
Pittsburgh, PA 15228
jswistak@c-wlaw.com
*Counsel for Chris and Kimberly Salancy and as Parents and Natural Guardians of E.S., a minor*

The following individuals have been served via first class mail, postage pre-paid, this 19th day of January, 2019.

| | |
|---|---|
| David Reina<br>5A River Road<br>Pittsburgh, PA 15238<br>*Individually and as parent of H.R.* | Lynn Reina<br>103 Green Gables Manor<br>Zelienople, PA 15063<br>*Individually and as parent of H.R.* |

Respectfully Submitted,

/s/ *Joseph V. Charlton*
Joseph V. Charlton, Esq.
D. Robert Marion Jr., Esq.
Charlton Law
617 South Pike Road
Sarver, PA 16055

Counsel for Defendants George, Pam, and Meghan Villegas