IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL FLOOD, JR. and ALECIA
FLOOD, individually and as Parents and
Natural Guardians of T.F., a minor

Plaintiffs,

v.

GEORGE VILLEGAS, JR. and PAM
VILLEGAS, individually and as Parents
and Natural Guardians of MEGAN
VILLEGAS, DAVID and CHRISTY
SHERK, individually and as Parents and
Natural Guardians of K.S., a minor;
DAVID and CHRISTINE SEAMAN,
individually and as Parents and Natural
Guardians of C.S., a minor; CRIS and
KIMBERLY SALANCY, individually and
as Parents and Natural Guardians of
E.S., a minor; DAVID and LYNN REINA,
individually and as Parents and Natural
Guardians of H.R., a minor; SENECA
VALLEY SCHOOL DISTRICT; BUTLER
COUNTY DISTRICT ATTORNEY'S
OFFICE; and BUTLER COUNTY,
PENNSYLVANIA

Defendants

CIVIL ACTION NO. 2:18-cv-1310

Honorable Mark R. Hornak, J.

## REPLY BRIEF OF DEFENDANT, SENECA VALLEY SCHOOL DISTRICT'S IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)

While Plaintiffs' Brief in Opposition to Defendant, Seneca Valley School District's Rule 12(b)(6) Motion to Dismiss weaves a captivating narrative, with ample embellishments for dramatic flair, it lacks legal analysis of substantive merit. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). In contrast, naked assertions that are merely consistent with a theory of liability are insufficient to sustain a claim. Id. Here, Plaintiffs' mere assertions of liability are insufficient, without the necessary predicate factual allegations, to state cognizable claims against the School District.

A. **Plaintiffs' Inadequate Equal Protection Claim**

As Plaintiffs acknowledge, to survive the School District's motion to dismiss, Plaintiffs' Equal Protection claim must be founded upon factual allegations that the School District intentionally discriminated against Plaintiff, T.F., because of his gender. To this end, Plaintiffs argue that T.F. and his female accusers are similarly situated in that all of the students were "accused of committing a crime" and that T.F. was punished by the School District due to such accusations while the female students were not punished for false accusations. The factual allegations set forth in the Complaint do not support such a characterization.

T.F. was the subject of juvenile proceedings as a result of the accusations of the female student defendants. It is those accusations and the ensuing juvenile proceedings that resulted in T.F.'s brief incarceration, his removal from school by law enforcement and his inability to attend school for a period of time. That the police and T.F.'s probation officer chose to remove T.F. from school is not punishment by the School District and does not even remotely constitute "sexual harassment perpetrated" by the School District as cavalierly argued by Plaintiffs. (See Plaintiffs' Brief at p. 4).

That the School District did not discipline the female students or "mark" their academic records likewise is unavailing to Plaintiffs' arguments of reverse gender discrimination or selective prosecution. The School District did not discipline T.F. or mark his academic record. In this regard, Plaintiffs' brief argues that the School District disciplined T.F. by refusing to permit him to attend baseball and extra-curricular activities. The Complaint, at Paragraph 25, states that T.F. was told by the Athletic Director "that she was not sure he could play baseball because every time he was wearing a Seneca Valley jersey, he was representing the school." This statement is not an allegation that T.F. was prohibited by the School District from playing baseball (indeed, Plaintiffs cannot truthfully make such an allegation). Instead, as otherwise explained by the Complaint, in April 2018, T.F. was briefly incarcerated and then sentenced to house arrest, unable to leave his home. Obviously, T.F. could not participate or attend extra-curricular activities under those circumstances - the result of the juvenile proceedings, not the result of any punishment imposed by the School District. In sum, the Complaint does not aver facts that the School District punished T.F. for alleged sexual assault.

Plaintiffs attempt to equate T.F. and his female accusers as similarly situated because T.F. characterizes the allegedly false accusations of the female defendants as criminal conduct. That portrayal fails to establish valid comparators for purposes of an equal protection claim. T.F. was accused by the female defendants of sexual harassment and, as a result, was the subject of juvenile proceedings. While T.F. accuses the female students of false reports to law enforcement authorities, those authorities did not determine to institute juvenile proceedings against those persons.

A person accused of sexual assault for which juvenile proceedings were initiated is not similarly situated to a person accused of false reports for which no juvenile proceedings were initiated. In short, T.F. and the female defendants were not similarly situated to T.F. See Spiker v. Whitaker, 553 F.App'x 775, 280-281 (3d Cir. 2014) (no class of one claim when plaintiff was prosecuted for different charges than the alleged comparators); Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995) ("Plaintiffs claiming an equal protection violation must first identify and relate specific instances where persons situated similarly 'in all relevant aspects' were treated differently . . ."). The Complaint fails to satisfy the basic requirement of an equal protection claim of factual allegations of purported disparate treatment involving similarly situated persons.

Attempting to justify an equal protection claim based upon official policy, Plaintiffs argue that the high school principal, assistant principal and guidance counselor established a policy of reverse gender discrimination. "Policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292 (1986)). Principals, assistant principals and guidance counselors do not possess final authority to establish School District policy. To the contrary, pursuant to the Pennsylvania Public School Code, such authority is vested in the elected board of school directors. See 24 P.S. §§ 3-301, 5-507 and 5-510. See S.K. v. North Allegheny School District, 168 F.Supp. 3d 786, 815 (W.D. Pa.

2016) ("an act adopting or setting forth an official policy by the [school] board has not been identified").

Plaintiffs further argue that the School District "permitted public humiliation of a boy accused of a crime, but not of the similarly situated [defendant] students," constituting a "disparity in discipline." It appears that Plaintiffs contend that the School District had an affirmative responsibility to publically humiliate the female students because T.F. suffered embarrassment on account of those persons' allegedly false accusations. The argument is pure nonsense - there is simply no legal basis for such a medieval demand.

The gravamen of Plaintiffs' complaint is that T.F. suffered repercussions that were the direct result of juvenile proceedings based upon accusations of the female student defendants. Those circumstances are not a foundation for Plaintiffs to construct an equal protection claim against the School District. The Complaint does not contain factual allegations that, if proven, would demonstrate that similarly situated persons received disparate treatment by the School District. Consequently, Plaintiffs' equal protection claim must be dismissed.

### B. Plaintiffs' Inadequate Title IX Claim

Plaintiffs' brief breezily states that the only issue as to whether their Title IX claim should survive is whether the School District was deliberately indifferent to alleged sexual harassment of T.F. by his female student accusers. However, as explained in the School District's principal brief, Plaintiffs' Complaint lacks several requisite elements of a Title IX claim. Plaintiffs offer no factual or legal analysis to support their contention that the female students' accusations themselves constituted

sexual harassment. Plaintiffs offer no support for their conclusion that the School District exercised substantial control over the female defendants and the context in which they made their allegations. To the contrary, the School District related the female defendants' accusations to Childline as they were required by law to do and had no further involvement with any investigation or prosecution of T.F. Plaintiffs' brief states that the School District had actual knowledge of the alleged harassment "when it was proven that the [female defendants] lied." Notably, the Complaint does not allege that the School District knew or had any reason to know that any of the female defendants' accusations were false at the time the Childline reports were made to school officials.

As to the element of deliberate indifference, Plaintiffs complain only that, after the second set of charges were dismissed and the initial juvenile proceeding closed, the School District should have punished the female students and its failure to do so constitutes deliberate indifference. However, for liability under Title IX, the school district's inaction must, "at a minimum, cause students to undergo harassment or make them liable to or vulnerable to it." Davis v. Monroe County Board of Education, 526 U.S. 629, 645 (internal quotation and alteration omitted). Plaintiffs have not alleged that T.F. suffered any sexual harassment *after* the sexual assault allegations purportedly were "proven" false as would support a finding of deliberate indifference.

Consequently, Plaintiffs' Complaint fails to state a cognizable Title IX claim against the School District.

Respectfully submitted,

/s/ Matthew M. Hoffman
Matthew M. Hoffman
PA. I.D. # 43949
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mhoffman@tuckerlaw.com

Dated: January 18, 2019

Attorneys for Defendant,
Seneca Valley School District

# CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of January 2019, I have filed electronically the foregoing Reply Brief in Support of Defendant, Seneca Valley School District's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorney(s) of record as follows:

Craig L. Fishman, Esquire
Shenderovich, Shenderovich &
  Fishman, P.C.
429 Fourth Avenue
1100 Law & Finance Building
Pittsburgh, PA 15219
clf@ssf-lawfirm.com
*Counsel for Plaintiffs*

Marie Millie Jones, Esquire
Maria N. Pipak, Esquire
JonesPassodelis, PLLC
Gulf Tower, Suite 3410
707 Grant Street
Pittsburgh, PA 15219
mjones@jonespassodelis.com
mpipak@jonespassodelis.com
*Counsel for Butler County District Attorney's Office and Butler County, Pennsylvania*

Stephen J. Magley, Esquire
O'Malley & Magley, LLP
5280 Steubenville Pike
Pittsburgh, PA 15205
sjm@omalleyandmagley.com
*Counsel for David and Christine Seaman, individually and as Parents and Natural Guardians of C.S., a minor*

Joseph V. Charlton, Esquire
617 South Pike Road
Sarver, PA 16055
joe@charltonlawyers.com
*Counsel for George Villegas, Jr., Pam Villegas and Meghan Villegas*

Jill D. Sinatra, Esquire
Gilliand Vanasdale Sinatra Law
  Office, LLC
1667 Route 228, Suite 300
Cranberry Township, PA 16066
jill@gvlawoffice.com
*Counsel for David and Christy Sherk, indikvidually and as Parents and Natural Guardians of K.C., a minor*

S. Michael Streib, Esquire
300 Oxford Drive, Suite 75
Monroeville, PA 15146
smstreiblawfirm@hmbn.com
*Counsel for Cris and Kimberly Salancy and as Parents and Natural Guardians of E.S., a minor*

The following individuals have been served via first class mail, postage pre-paid, this 18th day of January 2019.

David Reina
5A River Road
Pittsburgh, PA 15238
*Individually and as parent of H.R.*

Lynn Reina
103 Green Gables Manor
Zelienople, PA 15063
*Individually and as parent of H.R.*

/s/ Matthew M. Hoffman
Matthew M. Hoffman
PA. I.D. # 43949
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
mhoffman@tuckerlaw.com

Attorneys for Defendant,
Seneca Valley School District