IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FLOOD, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:18-cv-01310 |
| v. | ) |
| | ) |
| GEORGE VILLEGAS, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Now before the Court are Motions to Dismiss filed by Defendants C.S., E.S., K.S., and Meghan Villegas at ECF Nos. 38, 42, 49 and 56, a Motion for Joinder at ECF No. 54, a Motion to Dismiss by Butler County and the Butler County District Attorney's Office at ECF No. 52, a Motion to Dismiss by Seneca Valley School District at ECF No. 32, Motions to Dismiss by the Salancy, Seaman, Sherk, and Villegas "parent" Defendants at ECF Nos. 36, 40, 47, and 58, Motions to Strike at ECF Nos. 34, 44, 46, and 60, a Joint Motion of Defendants to Modify Protective Order at ECF No. 83, and Plaintiffs' Motion for Issuance of a Second Protective Order at ECF No. 86. The Court heard Oral Argument on all pending Motions in this matter on April 5, 2019. (ECF No. 93). For the reasons stated on the record and in open Court on that date, and as set forth below, the Court makes the following conclusions and rulings on the pending Motions.

Counsel for the Plaintiffs made an oral motion to amend the Complaint (ECF No. 1) during the Oral Argument, and the Court granted that motion on the record and in open Court. It

is hereby ORDERED that counsel for Plaintiffs shall transmit two copies of a proposed Amended Complaint to all counsel for the remaining active Defendants within fourteen (14) days after the date on which the official transcript of the April 5, 2019, Oral Argument is posted on the docket. One copy of the proposed Amended Complaint shall reflect all proposed changes from the original Complaint in a "redline" format. The other copy shall be a "clean" version of the proposed Amended Complaint. It is further ORDERED that the Amended Complaint shall be filed on the docket within thirty (30) days after the date on which the official transcript of the April 5, 2019, Oral Argument is posted on the docket. It is further ORDERED that, after all parties have had a reasonable time to review the proposed Amended Complaint, counsel for all parties shall promptly thereafter arrange to meet in-person to discuss the parties' positions as to the proposed Amended Complaint and the anticipated next steps in the litigation. This meeting must occur prior to the deadline for filing the Amended Complaint on the docket. It is strongly suggested that all counsel give due consideration to the observations of the Court at the April 5, 2019, Oral Argument and to the contents of this Order as to the issues in this case. Each Defendant shall file their response pursuant to Federal Rule of Civil Procedure 12(a) or 12(b) within thirty (30) days of the filing of the Amended Complaint. This process is without prejudice to Plaintiffs filing such Amended Complaint as they believe is reasonably and plausibly supported by law and fact, nor as to the nature and content of any Defendants' response thereto.

It is hereby ORDERED that the Motions to Dismiss at ECF Nos. 38, 42, 49, and 56 by Defendants C.S., E.S., K.S., and Meghan Villegas are GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE as follows. Minor Defendant E.S.'s Motion for Joinder at ECF No. 54 is hereby GRANTED. The Motion at ECF No. 42 is hereby GRANTED to the extent that

Defendant C.S. requests to join in the Motions and/or incorporate the arguments made by other Defendants.

Based on the stipulation and agreement of the Parties, confirmed on the record in open Court, each of the Motions at ECF Nos. 38, 42, 49, and 56 is GRANTED as to Counts VIII and X of the Complaint (ECF No. 1). For the reasons given on the record in open Court, the Court concludes that any amendment as to Counts VIII and X of the Complaint would be futile, *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008), and thus Counts VIII and X are hereby DISMISSED WITH PREJUDICE as to Defendants C.S., E.S., K.S., and Meghan Villegas. Based on further stipulation and agreement of the parties, confirmed on the record in open Court, it is ORDERED that the Motion to Dismiss for Failure to State a Claim by Meghan Villegas (ECF No. 49) is GRANTED as to Counts IV and IX of the Complaint (ECF No.1). For the reasons given on the record in open Court, the Court concludes that any amendment as to Counts IV and IX of the Complaint as to Meghan Villegas would be futile, *see Phillips*, 515 F.3d at 236, and thus Counts IV and IX of the Complaint are hereby DISMISSED WITH PREJUDICE as to Defendant Meghan Villegas.

The Court further concludes that the Complaint fails to allege that Plaintiffs suffered sufficient physical harm as required under the prevailing law of Pennsylvania to support a claim for the intentional infliction of emotional distress. *See, e.g., Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005); *see also Reedy v. Evanson*, 615 F.3d 197, 231–32 (3d Cir. 2010). Thus, Count VII of the Complaint is hereby DISMISSED WITHOUT PREJUDICE as to Defendants C.S., E.S., K.S., and Meghan Villegas.

The Court also concludes that there are insufficient facts pled in the Complaint to plausibly infer that any defendant physically intruded upon the private affairs of the Plaintiffs so

-4-

as to support a claim of invasion of privacy based on an alleged intrusion upon seclusion. *See Tagouma v. Investigative Consultant Servs., Inc.*, 4 A.3d 170, 174 (Pa. Super. Ct. 2010). Thus, Count VI is hereby DISMISSED WITHOUT PREJUDICE as to Defendants C.S., E.S., K.S., and Meghan Villegas to the extent that the claim is premised on a theory of intrusion upon seclusion. (*See* Compl. ¶ 66, ECF No. 1). The balance of the relief requested in the Motions at ECF Nos. 38, 42, 49, and 56 is DENIED WITHOUT PREJUDICE AS MOOT in light of the Plaintiffs' intention to amend their Complaint.

The Motion to Dismiss by the Butler County District Attorney's Office and Butler County (ECF No. 52) is hereby GRANTED. The Court concludes that the Butler County District Attorney's Office does not have an independent juridical existence with the capacity to be sued "as an office" for alleged violations of Plaintiffs' constitutional rights. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997). Thus, Count XI against the Butler County District Attorney's Office is hereby DISMISSED WITHOUT PREJUDICE, subject to its reassertion against a proper party. The Court further concludes that there are insufficient facts pled in the Complaint to plausibly allege the existence of a custom or policy, made or adopted by a final policy maker, so as to subject Butler County to liability under *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 694–95 (1978), for an alleged intentional deprivation of Plaintiffs' right to equal protection under the law. Thus, Count XI against Butler County is also hereby DISMISSED WITHOUT PREJUDICE.

The Motion to Dismiss by Seneca Valley School District (ECF No. 32) is hereby GRANTED. The Court concludes that there are insufficient facts pled in the Complaint to assert a plausible claim that the Plaintiffs were discriminated against on the basis of sex and actually harmed by alleged differential treatment so as to support a private right of action under Title IX,

20 U.S.C. § 1681. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 681 (1979). Thus, Count XII of the Complaint against Seneca Valley School District is hereby DISMISSED WITHOUT PREJUDICE. The Court further concludes that there are insufficient facts pled in the Complaint to plausibly allege the existence of a custom or policy, made or adopted by a final policy maker, so as to subject Seneca Valley School District to liability under *Monell* for an alleged intentional deprivation of Plaintiffs' right to equal protection under the law. Thus, Count XI of the Complaint against Seneca Valley School District is hereby DISMISSED WITHOUT PREJUDICE.

The Motions to Dismiss at ECF Nos. 36, 40, 47, and 58 by the Salancy, Seaman, Sherk, and Villegas "parent" Defendants are hereby GRANTED. The Court concludes that there are insufficient facts pled in the Complaint to plausibly support a theory of "parental liability" under the prevailing law of Pennsylvania. *See Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 247–48 (W.D. Pa. 2015). The Court further concludes that there are insufficient facts pled in the Complaint against the Seaman Defendants to plausibly plead a claim of "social host" liability under Pennsylvania law due to the alleged presence of alcohol in the Seaman home on March 23, 2018. *See Alumni Ass'n v. Sullivan*, 572 A.2d 1209 (Pa. 1990). Thus, Claim II will be DISMISSED WITHOUT PREJUDICE as to the Salancy, Seaman, Sherk, and Villegas "parent" Defendants.

The Motions to Strike at ECF Nos. 34, 44, 46, and 60 are hereby GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. The Motions at ECF Nos. 44 and 60 are GRANTED to the extent that the moving parties seek to join in the Motions of other Defendants and/or incorporate the arguments made by other Defendants. The Motions are further GRANTED to the extent that the Amended Complaint shall not refer to any Defendant or group

of Defendants as "mean girls" or "tormentors" unless it is plausibly pled that some or all of the individual Defendants referred to themselves collectively as "mean girls" or "tormentors" or were commonly referred to as such in common parlance in the school or relevant community. The balance of the relief requested in the Motions at ECF Nos. 34, 44, 46, and 60 is hereby DENIED WITHOUT PREJUDICE, subject to the reassertion of said Motions in whole or in part following the filing of the Amended Complaint.

The Joint Motion of Defendants to Modify Protective Order (ECF No. 83) and Plaintiffs' Motion for Issuance of a Second Protective Order (ECF No. 86) are hereby DENIED WITHOUT PREJUDICE, subject to reassertion by counsel after consultation among counsel and the submission of a Proposed Stipulated Order.

_____
Mark R. Hornak
United States District Judge

Dated:  April 8, 2019

cc:     All counsel of record