**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL FLOOD, JR. and ALECIA     :    Civil Action No.: 2:18-cv-01310-MRH
FLOOD, individually and as Parents and    :
Natural Guardians of T.F., a minor,        :    JURY TRIAL DEMANDED
                                       :
      Plaintiffs,                       :
                                       :
      vs.                               :
                                       :
DAVID and CHRISTY SHERK, as Parents    :
and Natural Guardians of K.S., a minor;    :
DAVID and CHRISTINE SEAMAN, as       :
Parents and Natural Guardians of C.S., a    :
minor; CRIS and KIMBERLY SALANCY,     :
as Parents and Natural Guardians of E.S.,   :
a minor; DAVID and LYNN REINA,        :
individually and as Parents and Natural     :
Guardians of H.R., a minor; and SENECA   :
VALLEY SCHOOL DISTRICT,            :
                                       :
      Defendants.                    :
                                       :
                                       :
                                       :
                                       :
                                       :
                                       :
                                       :
                                       :

## FIRST AMENDED COMPLAINT

AND NOW, come the Plaintiffs, Michael Flood, Jr. and Alecia Flood, individually and as Parents and Natural Guardians of T.F., a minor, by and through their attorneys, Craig L. Fishman, Esquire and Shenderovich, Shenderovich & Fishman, P.C. and file the following First Amended Complaint[1]:

## I. INTRODUCTION

1.     K.S., C.S., E.S., and H.R. falsely accused T.F. of criminal conduct including sexual assault.  T.F. was bullied at school and forced to endure multiple court appearances, detention in a juvenile facility, detention at home, loss of his liberty, psychological and physical injuries, and other damages until several of the female students reluctantly admitted that their accusations were false.  Even though the girls admitted their misconduct, Seneca Valley School District failed to discipline the girls.

## II. PARTIES

2.     The Plaintiffs, Michael Flood, Jr. and Alecia Flood, are adult individuals, who are the parents and natural guardians of their son, T.F., who currently is a minor. They reside at 437 East Beaver Street, Zelienople, Butler County, Pennsylvania.

3.     The Defendants, David Sherk and Christy Sherk, are adult individuals, who are the parents and natural guardians of their daughter, K.S., who currently is a minor.  They reside at 419 Isabella Court, Zelienople, Butler County, Pennsylvania 16063.

---

[1] Exhibits 1-14 were filed with the original Complaint at Document No. 1 and are incorporated by reference as fully as if they were attached to this document.

4.     The Defendants, David Seaman and Christine Seaman, are adult individuals, who are the parents and natural guardians of their daughter, C.S., who currently is a minor.  They reside at 231 Bluff Street, Zelienople, Butler County, Pennsylvania 16063.

5.     The Defendants, Cris Salancy and Kimberly Salancy, are adult individuals, who are the parents and natural guardians of their daughter, E.S., who currently is a minor.  They reside at 205 Old Hickory Road, Zelienople, Butler County, Pennsylvania 16063.

6.     The Defendants, Lynn Reina and David Reina, are adult individuals, who are the parents and natural guardians of their daughter, H.R., who currently is a minor. Lynn Reina resides with her daughter, H.R. at 103 Green Gable Manor, Zelienople, Butler County, Pennsylvania 16063.  David Reina resides at 5A River Road, Pittsburgh, Allegheny County, Pennsylvania 15238.

7.     The Defendant, Seneca Valley School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania located at 124 Seneca School Road, Harmony, Butler County, Pennsylvania 16037.  Seneca Valley School District provides public education to students attending its schools.

8.     At all times pertinent to this matter, the Seneca Valley School District employed Dr. Tracy Vitale as superintendent; Mark Korcinski and Dr. Matthew Delp as Principals; Erin Mazer as an Assistant Principal; and Heather Lewis as Athletic Director.

### III. JURISDICTION AND VENUE

9.      Plaintiffs bring these claims under 42 U.S.C. §1983 and state law.

10.     The Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

11.     Venue is appropriate in this Court under 28 U.S.C. §1391 because a substantial part of the events giving rise to this Complaint occurred in Butler County, Pennsylvania**.**

### IV. FACTUAL ALLEGATIONS

12.     At all times pertinent to this matter, Michael Flood, Jr. was employed as a teacher with the Seneca Valley School District, and T.F., K.S., C.S., E.S. and H.R. were students at Seneca Valley Intermediate High School.

13.     During the summer of 2017, T.F. was employed as a lifeguard at the Zelienople Community Pool in Butler County, Pennsylvania.  K.S. also worked at the pool.  On or about July 19, 2017, K.S. advised Brandon Coneby, President of Aquatic Watch, Inc., which supplied lifeguards for the pool, that she had been sexually assaulted by T.F. at the pool.  The accusation was false. T.F.'s reputation was harmed, and he was fired from his job at the pool on or about July 26, 2017 due to the false accusation.

14.     On or about October 2, 2017, students at Seneca Valley Intermediate High School advised T.F. that K.S. informed others that she would do anything to get T.F. expelled from school.  On that date, Alecia Flood spoke with Erin Mazer, Assistant Principal at Seneca Valley Intermediate High School ("Seneca Valley"), where T.F. and

K.S. were enrolled, and advised her of K.S.'s threat that she would do anything to get T.F. expelled.

15.     On or about October 3, 2017, after she was overheard by a teacher telling other students that she had been sexually assaulted, K.S. was called to the office of a Seneca Valley Intermediate High School Guidance Counselor where K.S. falsely accused T.F. of sexual assault.  The Guidance Counselor reported T.F. to Childline, a program operated by the Commonwealth of Pennsylvania for reporting of child abuse and neglect.  Sue Counts, a Forensic Interviewer employed by the Butler County Alliance for Children conducted an interview of K.S. on October 4, 2017, and K.S. continued to falsely accuse T.F. of sexual assault. Her version of events changed just prior to the end of the interview. At 20:57 of the interview, she proclaimed: "I just don't like to hear him [T.F.] talk. I don't like to look at him. I just don't like him." Ms. Counts did not ask K.S. whether this animosity predated the alleged sexual assault and Ms. Counts did not follow-up on inconsistent statements in K.S.'s recorded interview.

16.     On October 8, 2017, T.F. was charged with the offenses of indecent assault and two (2) counts of harassment **(Exhibit 1)**.

17.     On or about October 10, 2017, K.S. complained to Seneca Valley administrative personnel that T.F. made her feel uncomfortable when they attended the same class together because he sexually assaulted her at the pool.  On that date, Principal Matt Delp told T.F. that his schedule would be changed immediately by moving him to a different history class with a different teacher during a different school period. Dr. Delp advised T.F. that the schedule change, based upon K.S.'s complaint, was consistent with Seneca Valley policies. Dr. Delp denied T.F.'s request to place a

telephone call to his mother and discuss the issue via speaker phone. T.F. was informed that he needed to be his own advocate. Dr. Delp stated that he did not want Mrs. Flood to email him regarding the issue.

18.     A Petition Alleging Delinquency was filed on November 1, 2018 **(Exhibit 2)**. Michael and Alecia Flood retained legal counsel on behalf of T.F. to defend against the false allegations of K.S. The Butler County District Attorney's Office offered a plea deal of a consent decree in which T.F. did not admit the (false) sexual assault allegations of K.S. but would be under the jurisdiction of the Butler County Juvenile Probation Department for 6 months and would be required to stay out of trouble for 6 months, failing which the consent decree would be withdrawn and the underlying criminal charges reinstated. The Floods accepted the consent decree **(Exhibit 3)**.

19.     On March 23, 2018, T.F. received a Snapchat message sent from C.S.'s mobile telephone inviting T.F. to "hang out" with her and her friends. T.F. was advised that C.S.'s parents, David and Christine Seaman, were at home. T.F. arrived at the Seaman residence, knocked and was let by in by H.R. through the front door, removed his shoes at the door, and entered the home where C.S., E.S. and H.R. were consuming alcoholic beverages. C.S. was drunk; her parents were not present. The female students discussed purchasing marijuana. T.F. did not partake of any alcohol that was offered, visited briefly and departed the residence.

20.     K.S. and C.S. attended class together at Seneca Valley Intermediate High School. On March 26, 2018, other students overheard K.S. preparing C.S. for a false statement C.S. would be providing to a Guidance Counselor regarding T.F. K.S. walked C.S. to the office of the Guidance Counselor. C.S. (falsely) reported to a Guidance

Counselor that T.F. had entered her home uninvited and that he had sexually assaulted her. Childline was contacted. C.S., E.S. and H.R. were interviewed by the Butler County Alliance for Children. H.R. provided conflicting accounts of the events of the evening.

21. On or about March 26, 2018 C.S. told Seneca Valley students including T.R. that T.F. touched C.S. in a sexually inappropriate manner.

22. On or about March 26, 2018, C.S. stated to Seneca Valley student J.N. that T.F. entered her home on March 23, 2018 without permission. C.S. told J.N. that T.F. followed her to her bedroom where T.F. violently struck C.S., H.R. and E.S. with a mobile phone charging cable, then he forced C.S. to touch his penis and held her down until she did so.

23. On or about March 26, 2018, E.S. and H.R. told Seneca Valley student K.M. that T.F. raped C.S. This (false) information was transmitted by K.M. to Seneca Valley athletic trainer Tara Bayer.

24. Between March 26, 2018 and April 10, 2018, E.S. and C.S. entered the Seneca Valley library and stated in front of students including J.B. that T.F. struck them with a mobile phone charging cable and touched them inappropriately.

25. Between March 26, 2018 and April 10, 2018, C.S. told Seneca Valley student C.M. that T.F. touched her in a sexually inappropriate manner.

26. Between March 26, 2018 and March 30, 2018, C.S. told Seneca Valley student C.H. that T.F. had touched C.S. inappropriately.

27.     Between March 26, 2018 and March 30, 2018, C.S. and E.S. told Seneca Valley student A.K. that T.F. put his hands down C.S.'s pants without permission and struck C.S. with a mobile phone charging cable.

28.     Seneca Valley student A.K. visited E.S.'s house on March 30, 2018. During that visit, she overheard a conversation wherein C.S., E.S. and H.R. disclosed that H.R. used C.S.'s phone to invite T.F. to the Seaman residence; he did not enter the residence uninvited.  C.S. had already given a (false) statement to investigating authorities and was conspiring with E.S. and H.R. regarding their false statements.

29.     On April 9, 2018 T.F. was charged with the offenses of indecent assault forcible compulsion; criminal trespass; and simple assault **(Exhibit 4)**. On April 10, 2018, a Petition Alleging Delinquency was filed against T.F. alleging indecent assault forcible compulsion; felony criminal trespass; and simple assault **(Exhibit 5)**.

30.     On April 10, 2018, T.F. was removed from class and placed in leg and wrist shackles.  T.F. was transported to Keystone Education Center (a juvenile detention facility).  A hearing was held on April 11, 2018 **(Exhibit 6)** at which time Juvenile Probation Officer Michael Trego argued that T.F. was a threat to the community. T.F. denied the allegations of the Petition and was incarcerated at Keystone Education Center for 9 days and 8 nights.  He had minimal contact with his parents, who retained legal counsel on behalf of T.F. to defend against the false allegations.

31.     On or about April 12, 2018, E.S. told Seneca Valley student L.R. that T.F. violently struck C.S. with a mobile phone charging cable then T.F. tried to force C.S. to have sex with him.

32.     T.F. was released on house arrest on April 18, 2018, with an ankle monitor **(Exhibit 7)**, and specific instructions from Michael Trego that he could not tell people about the ankle device, and he could not wear shorts or other clothing that revealed the ankle device, even though it was during some of the hottest days of summer.  He was not permitted to have any visitors, phone, or internet access, and could not leave the house except for therapy, which he requires to deal with the psychological trauma he suffered, and to attend church.  After 28 days, he was allowed outside the house only to mow his lawn, which he had to do in long pants regardless of the temperature. Michael Flood, Jr. and Alicia Flood were informed by Butler County probation personnel that T.F. would be permitted by the probation office to play baseball if Seneca Valley allowed him to play.  However, Seneca Valley athletic director Heather Lewis advised Plaintiff Michael Flood, Jr. that T.F. could not play baseball because it is a privilege to wear a Seneca Valley baseball uniform, and Seneca Valley did not want an individual with allegations of the type raised against T.F. representing Seneca Valley at baseball practice or baseball games.  T.F. was unable to play baseball or work at his summer jobs for part of the summer.  T.F. received homebound instruction through the end of the school year and was deprived of his liberty for a total of 50 days.

33.     Within 24 hours after T.F. had been arrested, his parents started digging into the facts.  They found a male student who had also been invited to the Seaman residence on the evening of March 23, and uncovered Snapchat messages from H.R. and E.S. indicating that they and C.S. had lied.  Within a week, Mr. and Mrs. Flood had obtained several written statements to support the fact that the girls invited T.F. to the Seaman residence and fabricated lies about him.

34.     Seneca Valley student A.K. provided a statement on April 15, 2018 that H.R. admitted that H.R. used C.S.'s phone to invite T.F. to the Seaman residence March 23, 2018; he did not enter the residence uninvited **(Exhibit 8)**.  A.K. overheard E.S., H.R. and C.S. conspire regarding the false order of events that would be presented to others (C.S. had already provided her statement), and their decision to omit their consumption of alcohol at the time of the (falsely) alleged sexual assault.

35.     On April 15, 2018, Seneca Valley High School female student M.M. provided a statement that C.S. lied to authorities about T.F.'s conduct and was passed out drunk on March 23, 2018 **(Exhibit 9)**.

36.     Seneca Valley High School male student C.H. spoke with E.S. on April 21, 2018.  E.S. advised him that C.S. lied about "everything" regarding T.F.  A video recording of the conversation was preserved, with the permission of E.S.  The statement of C.H. is attached as **Exhibit 10**.

37.     H.R. provided a 4-page statement **(Exhibit 11)** that T.F. was invited to the Seaman residence, did not consume alcohol, C.S. was intoxicated, and T.F. did not sexually assault anyone.

38.     On or about May 21, 2018, Butler County Assistant District Attorney Russ Karl was provided some of the information gathered by Mr. and Mrs. Flood.  On May 25, he interviewed E.S. and H.R. who admitted to lying, and they stated that T.F. never committed a sexual assault.  T.F.'s ankle monitor was removed on or about May 29, 2018.  On May 31, 2018, Assistant District Attorney Carl interviewed C.S. who admitted that she also lied, and that she does not remember what happened at her house, because she was drunk.

39.     On August 30, 2018, 3 months after exculpatory evidence conclusively proving T.F.'s innocence was provided to the Butler County District Attorney's Office, an Order of Court was entered dismissing all charges against T.F. arising from the false allegations related to his visit at the Seaman residence **(Exhibit 12)**. The case arising from the false allegations of K.S. was also closed by Order of Court on August 30, 2018 **(Exhibit 13)**. T.F. was not released from Court supervision due to the false K.S. allegations until an Order of Court was entered on September 10, 2018 **(Exhibit 14)**.

40.     K.S., C.S., E.S., and H.R. suffered no academic or personal consequences for their misconduct which critically damaged T.F. physically and psychologically and will impact his young life indefinitely.

41.     As a direct and proximate result of the conduct of the female student Defendants as described in this Complaint, T.F. suffered the loss of his liberty; their lies about T.F. were passed on by other students orally and electronically causing harm to his reputation; T.F. suffered harassment in and out of school, including being called a predator and a rapist by other students; when applying for colleges, he may be required to state that he opted to be schooled at home to avoid harassment and bullying at school, and to mitigate the impending anxiety of being taken from the school again simply based upon a false accusation; psychological harm requiring medical treatment; harm to his reputation; and other damages and injuries which may become apparent during the pendency of this matter. He suffered trichotillomania as a physical symptom of his psychological injuries.  He continues to endure psychological and emotional distress because he was punished by Seneca Valley School District as described aforesaid, even though he did not sexually assault anyone, while the female students

who bullied, unlawfully harassed and sexually harassed him, in violation of the Seneca Valley School District's policies #218, 248, 248.1 and 249 (*infra*), were not subjected to investigation and appropriate discipline.

42.     As a further proximate result of the conduct of the Defendants as described in this Complaint, T.F. has been forced to undergo medical and psychological treatment with the pain and suffering attendant to such treatment and may require further treatment in the future.

43.     As a further proximate result of the conduct of the Defendants as described in this Complaint, Michael and Alecia Flood have been forced to spend considerable sums of money for medical treatment for T.F., and they or T.F. may be required to expend considerable sums in the future.  Michael and Alecia Flood are not pursuing causes of action in this matter on their own behalf, other than to recover the amounts paid for medical treatment of T.F.

44.     As a further direct and proximate result of the conduct of the Defendants as described in this Complaint, T.F. has endured and will in the future experience great pain, suffering, humiliation, embarrassment, inconvenience and mental anguish.

45.     As a further proximate result of the conduct of the Defendants as described in this Complaint, T.F. was unable to enjoy the ordinary pleasures of life.

## COUNT I – DEFAMATION
## PLAINTIFFS V. K.S.

46.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

47.     K.S. falsely accused T.F. of sexual assault to Mr. Coneby, for the purpose of getting T.F. fired.  Her statement harmed the reputation of T.F., was understood by Mr. Coneby who fired T.F. due to the statement which was made negligently or with actual malice.  Her statement was published without any privilege whatsoever.

48.     Plaintiffs are entitled to recover damages pursuant to Pennsylvania common law and/or 42 Pa. C.S. §8344, as well as for slander *per se*.

49.     T.F. is a private figure under Pennsylvania law.

50.     T.F. suffered actual damage to his reputation due to Defendant's false, defamatory communication.

51.     As a direct and proximate result of the defamatory statement published by K.S., Plaintiffs suffered those damages and injuries which have been incorporated by reference.

WHEREFORE, the Plaintiffs demand judgment against the Defendant in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit and any other relief determined to be appropriate by the Court.


## COUNT II– DEFAMATION
## PLAINTIFFS V. C.S., E.S. AND H.R.

52.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

53.     C.S., E.S. and H.R. falsely accused T.F. of illegally entering the Seaman residence and committing a sexual assault, as described aforesaid.  The statements harmed the reputation of T.F., were understood by the recipients of the statements,

caused T.F. to be bullied and harassed at school, and were made negligently or with actual malice. The statements were published without any privilege whatsoever.

54. Plaintiffs are entitled to recover damages pursuant to Pennsylvania common law and/or 42 Pa. C.S. §8344.

55. T.F. is a private figure under Pennsylvania law.

56. T.F. suffered actual damage to his reputation due to Defendants' false, defamatory communications.

57. In addition to the aforedescribed statutory remedy, Plaintiff is entitled to recover for slander *per se* pursuant to Pennsylvania common law.

58. As a direct and proximate result of the defamatory statements published by the Defendants, Plaintiffs suffered those damages and injuries which have been incorporated by reference.

59. The conduct of the Defendants C.S., E.S. and H.R. was willful and wanton, in reckless disregard to the rights of the Plaintiffs, such that an award of punitive damages is warranted.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus punitive damages, costs of suit and any other relief determined to be appropriate by the Court.

**COUNT III – VIOLATION OF THE 14ᵀᴴ AMENDMENT OF THE CONSTITUTION
BROUGHT PURSUANT TO 42 U.S.C. §1983
PLAINTIFFS VS. SENECA VALLEY SCHOOL DISTRICT**

60.     The preceding paragraphs are incorporated by reference, as fully as if they were set forth at length herein.

61.     At all times pertinent to this matter, Seneca Valley School District had in effect student conduct policies **(Exhibit 15)** regarding Student Discipline (Policy #218), Sexual Harassment (Policy #248); Unlawful Harassment (Policy #248.1); and Bullying (Policy #249).  The policies were promulgated and approved by the Seneca Valley School Board of Directors pursuant to the powers granted to its members by state law, and provide that, in addition to any mandatory reporting, alleged misconduct must be investigated administratively, and disciplinary action initiated if warranted.  Pages from the Seneca Valley High School Student Handbook regarding "Student Conduct" which reference Policy #248, 248.1 and 249 are attached as **Exhibit 16**.

62.     The conduct of K.S., C.S., E.S. and H.R., as described aforesaid, violated the Seneca Valley Sexual Harassment, Unlawful Harassment and/or Bullying Policies. Policy #248, Sexual Harassment **(Exhibit 15)**, adopted May 10, 1999, provides that "false accusations [of sexual harassment] will result in severe disciplinary action comparable to the discipline which could be imposed upon an individual found guilty of harassment…Given the nature of the type of discrimination, the district also recognizes that false allegations of sexual harassment can have serious effects on the innocent men and women. Therefore, false accusations by students shall result in severe disciplinary action." Policy #248.1, Unlawful Harassment **(Exhibit 15)**, adopted October 13, 1997 and last revised January 23, 2017, provides: "Given the nature of the type of

discrimination, the district also recognizes that false allegations of harassment can have serious effects on innocent persons. Therefore, false accusations will result in severe disciplinary action comparable to the discipline which could be imposed upon an individual found guilty of intimidation." Policy # 249, Bullying, defines bullying to include intentional electronic, written, or verbal acts directed to another student interfering with a student's education and creating a threatening environment. Policy #218 **(Exhibit 15)** states that the Seneca Valley School Board "has the authority to make reasonable and necessary rules governing the conduct of students during the time they are under the supervision of the school". Policy #218 classifies violations of Policy # 248 and 248.1 as Level III offenses, with appropriate discipline including suspension, revocation of privileges, and expulsion. "Intentionally providing false reports to school personnel for the purpose of adversely affecting the academic or disciplinary status of another student" is specifically identified as a Level III offense under Policy #218. Policy #218 also provides: "The building principal shall have the authority to assign discipline to students, subject to the policies, rules and regulations of the district and to the student's due process right to notice, hearing, and appeal."

63.     Pursuant to Policy #218, 248, 248.1, and 249, the principal is charged with investigating valid and false sexual harassment allegations and doling out disciplinary action. While an appeal process exists for those subjected to discipline, there is no appeal available to a victim of false sexual harassment claims if a school's principal determines that discipline of the person making the false allegation is not warranted. Hence the school's principal is the *de facto* policy maker in cases such as this one, where the principal determines that student misconduct (false allegations of sexual

- 15 -

harassment) is not subject to investigation and discipline, or where the discipline is inadequate.

64.     In December 2016, a male Seneca Valley Intermediate High School student was accused by two girls of touching them inappropriately.  One girl admitted that she put the boy's cell phone down her shirt, precipitating his attempt to retrieve it. The principal failed to interview witnesses supporting the boy's claim that he had done nothing wrong to the second girl. The boy was suspended for ten days but the girl who admitted that her accusation was false received no discipline and the boy's claim that the second girl's allegations were false was not investigated.

65.     In 2017, multiple Seneca Valley Intermediate High School female students (who upon information and belief were cheerleaders) sexted male students. "The display or distribution of pornography to others, including the use of a cellular telephone" is a Level III Offense pursuant to Policy #218.  The female students were not disciplined while male students sexting girls were subjected to discipline.

66.     In 2018, Seneca Valley Intermediate High School male student D.H. was accused via an anonymous online complaint of snapping a girl's bra and touching her thigh.  He was suspended from school even though there were no witnesses and no proof whatsoever.

67.     In 2018, a Seneca Valley High School male student was suspended due to a false sexual harassment allegation made by a female student.  The principal failed to investigate the boy's claim that the allegation was false.

68.     In 2019, a Seneca Valley Middle School male student was falsely accused of sexually harassing a female student. The girl later admitted that she lied, but she was not disciplined.

69.     While Defendant disciplines males accused of sexually harassing females (including those who have been falsely accused), Plaintiffs are unaware of any females who have been disciplined for false reports of sexual harassment or for violating the anti-sexting policy, and upon information and belief, aver that there are none.  The Seneca Valley School District and/or the Seneca Valley Intermediate High School principal have established a policy or practice of failing to investigate or discipline females alleged to have made false claims of sexual harassment and failing to discipline female students who have engaged in sexting, while it investigates and disciplines males alleged to have committed sexual assault, sexual harassment or sexting.  This policy is biased in favor of female students and against male students and is so permanent and well-settled as to virtually constitute law.

70.     Seneca Valley School District, its School Board of Directors, and the Seneca Valley Intermediate High School principal possess actual knowledge of the aforedescribed conduct of K.S., C.S., E.S. and H.R., but the Seneca Valley Intermediate High School principal refused to investigate the alleged misconduct and/or initiate disciplinary action against those female students, claiming that the misconduct occurred outside of school and is not subject to investigation and discipline. That position is contradicted by the fact that Seneca Valley disciplined T.F. for conduct which allegedly occurred outside of school by changing his class schedule due to the pool incident and prohibiting him from playing baseball due to the incident at the residence of C.S. The

Seneca Valley School District presented an anti-bullying program and panel discussion on January 29, 2019. During the program, a panelist stated that the School District should deal with bullying that occurs outside of school. Nevertheless, the Seneca Valley Intermediate High School principal continues to refuse to investigate the alleged misconduct and assign appropriate discipline to the female students who falsely accused T.F. of entering a residence without permission and committing a sexual assault.

71.     Seneca Valley School District policy #218, 248, 248.1 and 249 are gender-neutral on their face. However, they were enforced in a gender-biased manner by the Intermediate High School principal pursuant to policy he established an/or longstanding and pervasive Seneca Valley School District policy: T.F., a male student accused of sexually harassing female students was subjected to discipline, while the female students accused of sexually harassing a male student (via their false claims) were not. Seneca Valley School District's policy #218, 248 and 248.1 establish that T.F. and the female students are similarly situated. Despite receiving multiple complaints from T.F., and Mr. and Mrs. Flood, as well as possessing actual knowledge of the disparate treatment alleged in this lawsuit, Seneca Valley School District and the Seneca Valley Intermediate High School principal enforced policy #218, 248, 248.1 and 248 against T.F. but have refused to enforce those policies against the female student defendants.

72.     Seneca Valley School District and principal Dr. Delp have attempted to explain why they did not investigate and discipline the female students, indicating that the decision was intentional. The decision is irrational and arbitrary. T.F. was treated

differently than others similarly situated. Seneca Valley School District and its principal, Dr. Delp, did so intentionally, and there was no rational basis for the difference in treatment.

73.     Seneca Valley School District selectively enforced its sexual harassment policies against a male student but not against the female students. The rules applied to all students, but were only applied and enforced as to T.F. It is deliberately indifferent to the need for its principals and administrators to enforce its sexual harassment policies in a gender-neutral manner. Seneca Valley School District has failed to act affirmatively to investigate and discipline the female students who are defendants in this case, although the need to take some action to control its principals and administrators is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that its School Board of Directors can reasonably be said to have been deliberately indifferent to the need, resulting in the deprivation of T.F.'s constitutional rights.  Dr. Delp, as the *de facto* policy maker for the Seneca Valley Intermediate High School, was also deliberately indifferent to this need.

74.     The 14th Amendment to the United States Constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the law.

75.     A male student's right to be free from gender-based discrimination is a clearly defined constitutional right.  Defendant's bias in favor of females and against males, resulting in its failure to investigate and discipline the females who sexually harassed T.F. by making false allegations against him, violated T.F.'s equal protection rights guaranteed by the 14th Amendment to the United States Constitution.

76.     As a direct and proximate result of the conduct of the Defendant, in addition to those damages and injuries which have been incorporated by reference, T.F. suffered psychological harm and trichotillomania caused by enduring the injustice of suffering discipline when he did not sexually assault anyone, while the female students who violated Seneca Valley School District policies #248, 248.1 and 249, were not subjected to investigation and appropriate discipline.  Enduring this injustice contributed to cause T.F.'s psychological injuries, as well as the physical injuries resulting from psychological harm.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in excess of the requisite amount for this Court to exercise jurisdiction, plus costs of suit, attorney fees and any other relief determined to be appropriate by the Court.

**Plaintiffs demand a trial by jury on all counts in this Complaint.**

Respectfully submitted,

Shenderovich, Shenderovich & Fishman, P.C.

By:  /s/ Craig L. Fishman
          Craig L. Fishman, Esquire
          PA I.D. #58753

          429 Fourth Avenue
          1100 Law & Finance Building
          Pittsburgh, PA  15219

          (412) 391-7610 – telephone
          (412) 391-1126 – facsimile
          clf@ssf-lawfirm.com
          Attorney for Plaintiffs